UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLINE ANGULO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PROVIDENCE HEALTH & SERVICES WASHINGTON, et al., <br><br> Defendants. | CASE NO. C22-0915JLR <br><br> ORDER |

## I. INTRODUCTION

Before the court is Plaintiffs Caroline Angulo, Eric Keller, Isabel Lindsey, and Charles Lindsey's (collectively, "Plaintiffs") motion to remand, or in the alternative, for leave to conduct discovery. (Mot. (Dkt. # 32); Am. Reply (Dkt. # 46).) Defendant Providence Health & Services ("Providence") opposes the motion. (Resp. (Dkt. # 42).) The following motions are also pending before the court: Providence's motion to transfer venue (Dkt. # 4) and Plaintiffs' motions for a protective order (Dkt. # 8) and for leave to

ORDER - 1

conduct discovery (Dkt. # 54).  The court has reviewed the parties' submissions, the balance of the record, and relevant law.  Being fully advised,[1] the court DENIES Plaintiffs' motion to remand without prejudice, ORDERS the parties to conduct jurisdictional discovery, and ORDERS supplemental briefing from Plaintiffs.  The court further DENIES the parties' remaining motions without prejudice.

## II.   BACKGROUND

This case arises from allegations that Providence, a large hospital, used a compensation structure that encouraged two neurosurgeons, Defendants Dr. Jason Dreyer, DO, and Dr. Daniel Elskens, DO (the "Doctor Defendants"), to perform medically unnecessary spinal surgeries on patients and, in many cases, file false claims for reimbursement with government health insurance programs.  (*See* Am. Compl. (Dkt. # 31) ¶ 1.6, Ex. 1 ("*Qui Tam* Complaint") ¶¶ 12-17; *id.* ¶ 1.8, Ex. 2 ("Settlement Agreement") ¶¶ C-D.)  In January 2020, one of the Doctor Defendants' colleagues filed a *qui tam* action against Providence under the False Claims Act, 31 U.S.C. § 3732 (*see Qui Tam* Complaint), and the United States intervened in the action in January 2022 (*see* Settlement Agreement ¶ G).  The United States, the State of Washington, and the Relator in the *qui tam* action ultimately reached a settlement with Providence for more than $22 million, in which the United States and the State of Washington released Providence from civil liability for filing false insurance claims between July 1, 2013 and November 13, 2018.  (Settlement Agreement ¶¶ A, 1-3.)

---

[1] Plaintiffs request oral argument (*see* Mot. at 1), but the court finds oral argument unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

According to Plaintiffs, Providence employed Dr. Dreyer from July 1, 2013 to November 13, 2018 and Dr. Elskens between November 2015 and May 2017 as neurosurgeons its hospital in Walla Walla, Washington. (Am. Compl. ¶¶ 4.2-4.3.) Plaintiffs also assert that after resigning from Providence, Dr. Dreyer performed more medically unnecessary spinal surgeries at Spokane, Washington hospital, MultiCare, until March 2021.[2] (*See* Am. Compl. ¶ 4.12.) Neither the Doctor Defendants nor MultiCare were named in the *qui tam* action or parties to the Settlement Agreement. (*See Qui Tam* Complaint at 1; Settlement Agreement at 2.[3])

On May 13, 2022, Plaintiffs filed a proposed class action in King County Superior Court, seeking damages on behalf of three proposed classes of patients who allegedly received medically unnecessary treatments by the Doctor Defendants. (*See* Compl. (Dkt. # 1-4).) Plaintiffs define the proposed classes as follows:

> (1) Settlement Class: All patients whose treatments informed the basis of the settlement between Providence and DOJ . . . who, by definition, suffered special and/or general damages from medical procedures that were medically unnecessary or otherwise improper for said treatments.
>
> (2) Non-Settlement Class/Providence: All patients who suffered damages as a result of medical procedures at Providence, performed by [the Doctor Defendants] that were medically unnecessary or otherwise improper but whose treatments were not included in the settlement either because DOJ offered to settle for less than full restitution or because their treatment was paid for by private health insurers such as Regence Blue Shield, or was paid privately, for treatments during the relevant time periods.

---

[2] Plaintiffs do not bring claims against MultiCare in this lawsuit and do not allege MultiCare adopted the same compensation structure as Providence. (*See* Am. Compl.; Dkt.)

[3] The court cites to the CM/ECF page numbers in the document headers when referring to the parties' exhibits unless otherwise indicated.

      (3) Non-Settlement Class/MultiCare: All patients who suffered damages as a result of medical procedures at MultiCare performed by Dr. Dreyer that were medically unnecessary or otherwise improper but whose treatments were not included in the restitution settlement because DOJ sought reimbursement for payments to Providence only, for treatments during the relevant time periods.

(Am. Compl. ¶¶ 6.2.1-.3.) Plaintiffs allege a wide variety of claims against Defendants under Washington State law. (*See id*. ¶¶ 7.1-20.3.) On June 30, 2022, Providence timely removed the action to this court. (*See* NOR (Dkt. # 1) ¶ 1; *id*., Ex. A at 2 (demonstrating service of summons and complaint on May 31, 2022)); *see also* 28 U.S.C. § 1446(b)(1) (requiring removal within 30 days after defendant's receipt of complaint and summons). Providence asserts federal subject matter jurisdiction is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (NOR ¶ 4.)

      There has been a flurry of litigation activity since Providence removed the case to this court. Upon removal, Providence filed a motion to transfer venue (Venue Mot. (Dkt. # 4); Venue Reply (Dkt. # 26)), which Plaintiffs oppose (Venue Resp. (Dkt. # 19)). Plaintiffs filed a motion for a protective order or for a restraining order (Mot. for Prot. Order (Dkt. # 8); Prot. Order Reply (Dkt. # 27)), which Providence opposes (Prot. Order Resp. (Dkt. # 21)). Plaintiffs then filed the instant motion to remand on July 28, 2022. (*See* Mot.) The court issued a minute entry indicating its intention to defer entry of a case scheduling order until after it could rule on the pending motions. (*See* 8/30/22 Notice (Dkt. # 50)); *see also* Fed. R. Civ. P. 26(f). While each of these motions were pending, Plaintiffs also filed a motion for leave to conduct discovery (Disc. Mot. (Dkt. # 54); Disc.

Reply (Dkt. # 59)), which Providence opposes (Disc. Resp. (Dkt. # 57)). On March 9, 2023, this case was reassigned from Judge Tana Lin to the undersigned. (*See* Dkt.)

### III.   ANALYSIS

Plaintiffs move to remand this case to King County Superior Court, arguing that removal was improper because (1) Providence has failed to adequately allege that this matter satisfies the requirements of CAFA or (2) at least one exception to CAFA applies. (*See generally* Mot.) In the alternative, Plaintiffs seek leave to conduct discovery necessary to determine whether the action satisfies the requirements of CAFA or if an exception applies. (*Id.* at 12-13.) Providence opposes each of Plaintiffs' arguments. (*See generally* Resp.) The court first reviews the relevant legal standards before turning to Plaintiffs' arguments, the need for jurisdictional discovery, and the need for supplemental briefing.

**A.    Legal Standard for a Motion to Remand**

A civil action brought in a state court may be removed to a federal district court if the federal district court could have exercised original jurisdiction over the action. 28 U.S.C. § 1441. Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first instance. *Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, Congress enacted CAFA "to facilitate adjudication of certain class actions in federal court," such that a defendant who invokes CAFA jurisdiction does not face the usual "strong presumption" against removal. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

B.  **Federal Subject Matter Jurisdiction Under CAFA**

CAFA authorizes federal subject matter jurisdiction over class actions in which the amount in controversy exceeds $5,000,000, there are at least 100 members of the proposed class, and minimal diversity exists between any plaintiff and any defendant. 28 U.S.C. § 1332(d)(1), (2), (5). Each of these requirements is jurisdictional and, on removal, the removing party (usually the defendant) need only allege in good faith that jurisdiction exists. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (citing *Dart Cherokee*, 574 U.S. at 84).

If, however, the opposing party (usually the plaintiff) challenges the allegations of jurisdictional fact, the defendant must prove the allegations. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016). The defendant's burden of proof depends on whether the plaintiff's challenge to jurisdiction is a facial or a factual attack. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). "A 'facial' attack accepts the truth of the [defendant's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id*. (internal quotation marks omitted) (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)); *Ehrman*, 932 F.3d at 1228 (determining that a party's "challenge to the legal adequacy of [the defendant's] notice of removal" was facial, not factual). The court resolves a facial attack by accepting the defendant's allegations as true, drawing reasonable inferences in the defendant's favor, and determining whether "the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite*, 749 F.3d at 1121. By contrast, a factual attack "contests the truth of the [defendant's] factual allegations, usually by introducing evidence outside the

pleadings." *Id*. To counter a factual attack, the defendant "must support [its] jurisdictional allegations with competent proof under the same evidentiary standard that governs in the summary judgment context." *Id*. (internal quotation marks and citation omitted) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)).

In its notice of removal Providence asserts, in relevant part, that "the number of members of the proposed class is not less than 100," because "Plaintiffs allege that there are 'hundreds' of putative class members based on purported estimates from the Department of Justice" in the underlying *qui tam* action and settlement. (NOR ¶ 11 (citing Compl. ¶¶ 1.10, 4.34, 6.3, 6.4.2, 6.5, 6.5.1).) Plaintiffs assert that Providence "has not proven this numerosity requirement," because Providence has denied that "hundreds" of patients were affected by the practices described above in its answer and other pleadings. (Mot. at 3-4 (first citing Ans. (Dkt. # 11); and then citing Prot. Order Resp. (Dkt. # 21)).[4])

Plaintiffs bring a facial, not factual, challenge to Providence's allegation regarding numerosity, because Plaintiffs challenge the "legal adequacy" of Providence's pleadings, but do not assert that the proposed class in fact comprises fewer than 100 members. (*See* Mot. at 3-4 ("Providence has not proven this numerosity requirement")); *Ehrman*, 932 F.3d at 1228; *Leite*, 749 F.3d at 1121. Therefore, the court must accept Providence's allegations as true and, drawing all reasonable inferences in its favor, determine whether the allegations are sufficient to invoke CAFA jurisdiction. *See, e.g., Leite*, 749 F.3d at

---

[4] Plaintiffs do not challenge Providence's other jurisdictional allegations. (*See* Mot.)

ORDER - 7

1121. The court determines that Providence's numerosity allegation in its notice of removal is plausible and sufficient to establish CAFA jurisdiction because it cites to Plaintiffs' allegations that Defendants' practices harmed "hundreds" of patients. (NOR ¶ 11); *see Ehrman*, 932 F.3d at 1228. Plaintiffs' arguments that Providence's various denials of these allegations preclude it from asserting CAFA jurisdiction are unavailing: Providence's denial that "hundreds" were affected is not the same as an admission that there are fewer than 100 proposed class members. Both can be true. Accordingly, the court DENIES Plaintiffs' motion to remand with respect to its assertion that Providence failed to establish CAFA's numerosity requirement.[5]

## C. CAFA's Exceptions

If a matter meets the threshold jurisdictional requirements for CAFA, remand to state court is nevertheless appropriate if the matter meets the requirements of one of three bases for abstention: (1) the local controversy exception; (2) the home state controversy exception; or (3) the discretionary exception. *See* 28 U.S.C. § 1332(d)(3), (4); *see also Adams v. West Marine Prods, Inc.*, 958 F.3d 1216, 1223 (9th Cir. 2020) (noting the exceptions are "not jurisdictional" but are instead "form[s] of abstention"). If CAFA jurisdiction is established, the party seeking remand bears the burden to establish that one of the exceptions applies by a preponderance of the evidence. *Singh v. Am. Honda Fin.*

---

[5] Because the court concludes that Providence's denials in its answer are not inconsistent with its factual allegations in its notice of removal, the court need not resolve Plaintiffs' argument that these denials are "binding admissions" on which the court may rely in assessing jurisdiction. (Mot. at 6-7 (first citing *Am. Title Ins. Co. v. Lacelaw Corp.* 681 F.2d 224, 226 (9th Cir. 1988); and then citing *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)).)

*Corp.*, 925 F.3d 1053, 1067 (9th Cir. 2019); *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) ("A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard."). Plaintiffs argue that all three of the CAFA exceptions apply here. (Mot at 9-12.) The court reviews the requirements of each.

First, the local controversy exception to CAFA requires courts to decline to exercise jurisdiction where (1) more than two-thirds of the members of all proposed classes in the aggregate are citizens of the forum state; (2) a significant defendant is from the forum state; (3) the principal injuries occurred in the forum state; and (4) no other class action on the issue has been filed in the preceding three years. 28 U.S.C. § 1332(d)(4)(A). Second, under the home-state exception, the court may not exercise jurisdiction if (1) at least two-thirds of the members of all proposed classes in the aggregate are citizens of the forum state and (2) the primary defendants are also citizens of the forum state. 28 U.S.C. § 1332(d)(4)(B). Third, CAFA's discretionary exception provides that if "greater than one-third but less than two-thirds of the members of all proposed classes in the aggregate and the primary defendants" are all citizens of the forum State, the court may decline to exercise jurisdiction based on consideration of six discretionary factors. *See* 28 U.S.C. § 1332(d)(3); *see also id.* § 1332(d)(3)(A)-(F) (listing factors).

//

//

//

Each of Plaintiffs' proffered grounds for remand require the court to determine the citizenship of members of the proposed class.[6]  Under CAFA, "citizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of filing the complaint or amended complaint."  28 U.S.C. § 1332(7).  For the purposes of the statute, "citizenship" means "domicile," or residence with intent to remain.  *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).  To be a citizen of a state, a person must also be a citizen of the United States.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Accordingly, Plaintiffs must, as a threshold matter, establish by a preponderance of the evidence that more than one-third of the proposed class members of all proposed classes in the aggregate are citizens of Washington to invoke CAFA's discretionary exception, or that more than two-thirds of the proposed class members of all proposed classes in the aggregate are citizens of Washington to invoke either of the remaining exceptions.  *See* § 1332(d)(3), (4).  A court's "jurisdictional finding of fact should be based on more than guesswork."  *Mondragon*, 736 F.3d at 884.  Therefore, "there must ordinarily be at least some facts in evidence from which the district court may make findings regarding class members' citizenship" for the purposes of CAFA's exceptions.  *Id.* ("By failing to produce evidence regarding citizenship in the face of Capitol One's challenge to his jurisdictional allegations, Mondragon has failed to satisfy his burden of proof.").

---

[6] The court draws no conclusion regarding the remaining elements of any of the CAFA exceptions at this time.

1    Plaintiffs assert that they "estimate that more than two-thirds of the proposed class
2    members are Washington citizens" (Mot. at 9), but acknowledge they do not know the
3    identities or citizenship of proposed class members (*see id.* at 7; Am. Reply at 11).
4    Providence asserts that more than half of the members of the proposed class have
5    last-known addresses in Oregon, citing an analysis of its records for patients who
6    received surgeries with the Doctor Defendants between March 2014 and May 2018.
7    (Resp. at 14 (citing Crawford Decl. (Dkt. # 43) ¶ 5, Ex. A (the "Spreadsheet")); *see also*
8    Crawford Decl. ¶¶ 2-4 (describing methodology).)

9    Both parties acknowledge that Providence's analysis is inadequate for the task of
10    identifying the citizenship of the proposed class members. For instance, Providence
11    acknowledges that patients' last-known addresses from 2014 are insufficient to establish
12    domiciles in 2022, when the amended complaint was filed (*id*. at 15), and that its records
13    cannot be used to establish United States citizenship (*id*. at 16-17 (stating that Providence
14    does not ask its patients whether they are United States citizens); Crawford Decl. ¶ 7
15    (same)). Plaintiffs assert that the Spreadsheet is inadmissible hearsay,[7] and argue that the
16    data is likely underinclusive because although Dr. Dreyer may have performed surgeries
17    at Providence as early as December 2012, Providence only reviewed patient records
18    beginning March 2014. (Am. Reply at 6.[8]) Moreover, it is not clear from Providence's

---

[7] The court need not rely on the Spreadsheet to resolve the instant motion and therefore declines to rule on the admissibility of the Spreadsheet.

[8] Plaintiffs' amended reply includes mischaracterizations of Providence's arguments and melodramatic musings about the underlying facts of the case. (*See, e.g.,* Am. Reply at 2,4.) This

records whether all of the patients represented in the Spreadsheet would qualify as members of one of the proposed classes. (*Compare* Crawford Decl. ¶¶ 2, 3, 5 (describing analysis of records of patients who received surgeries from the Doctor Defendants between March 2014 and May 2018), *with* Am. Compl. ¶ 6.2.1, 6.2.2 (defining the first class as "patients whose treatments informed the basis of the [Settlement Agreement]"), *and* ¶ 6.2.2 (defining the second class as patients who received "medically unnecessary" treatments from the Doctor Defendants but were not part of the Settlement Agreement).)

Additionally, Providence's patients comprise only two out of the three proposed classes; the third proposed class comprises patients who allegedly received medically unnecessary treatments from Dr. Dreyer at MultiCare. (*See* Am. Compl. ¶ 6.2.3 (the "Proposed MultiCare Class").) As previously noted, MultiCare is not a party to this lawsuit. (*See supra* n.2; Dkt.; Am. Compl. at 1.) But CAFA and its exceptions require this court to assess the citizenship of "the members of all proposed plaintiff classes in the aggregate." 28 U.S.C. § 1332(d)(3), (4)(A)-(B). Therefore, to discharge their burden of proving that an exception to CAFA applies, Plaintiffs must present evidence of the citizenship of the members of the Proposed MultiCare Class as well. *See id*. No such evidence is currently before the court.

For each of these reasons, the record before the court is insufficient to determine whether this court must or should abstain from exercising CAFA jurisdiction. *See Mondragon*, 736 F.3d at 884 (requiring more than "guesswork").

---

inflammatory prose is entirely irrelevant to the issues before the court; going forward, the court will strike briefs from any party with similar content.

ORDER - 12

**D.      Whether Jurisdictional Discovery is Necessary**

"Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *Harris Rutsky v. & Co. Ins. Servs. V. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) ("Further discovery on the issue might well demonstrate facts sufficient to constitute a basis for jurisdiction."). In particular, jurisdictional discovery may be ordered to determine whether a proposed class meets CAFA's jurisdictional numerosity requirement and the citizenship of proposed class members for the purposes of determining whether a CAFA exception applies. *See Mondragon*, 736 F.3d at 885 (permitting jurisdictional discovery to determine citizenship of proposed class members); *Brinkley v. Monterey Fin. Servs., Inc.*, Case No. 16cv1103-WQH-WVG, 2016 WL 4886934, at *6 (S.D. Cal. Sept. 15, 2016) (ordering jurisdictional discovery regarding citizenship of proposed class members, without which the court could not determine whether CAFA's local or home-state exceptions applied). Jurisdictional discovery is not permitted, however, where it would amount to a mere "fishing expedition." *Johnson v. Mitchell*, No. CIV S-10-1968 GEB GGH PS, 2012 WL 1657643, *7 (E.D. Cal. May 10, 2012).

The parties have not conducted any discovery. (*See, e.g.*, Disc. Mot. ¶¶ 5-6, 10, 16-17.[9]) Plaintiffs argue that discovery is necessary in order to ascertain federal

---

[9] Although Plaintiffs propounded Providence with two sets of discovery on July 22, 2022 and August 24, 2022, Providence objected that discovery was premature in light of the court's August 30, 2022 notice that it would defer entry of a Rule 26(f) scheduling order. (11/3/22 Bollinger Decl. (Dkt. # 55) ¶ 9, Ex. B (Providence's Obj. to Plaintiffs' 2d Disc. Requests) at 3);

ORDER - 13

jurisdiction. (Mot. at 12-13.) Providence opposes this request, arguing that discovery would be futile because it does not maintain citizenship and domicile information for its patients and patients' last-known addresses are insufficient to establish domicile. (*See* Resp. at 17.) The court agrees with Plaintiffs and concludes that limited discovery is necessary for the purposes of determining whether the proposed classes satisfy CAFA's numerosity requirement and whether any of the CAFA exceptions apply. Plaintiffs may use proposed class members' names and contact information to ascertain proposed class members' citizenship as of the filing of the amended complaint.

Accordingly, the court ORDERS the parties to conduct jurisdictional discovery regarding (1) the number of members of the proposed classes and (2) the citizenship of members of the proposed classes. Specifically, for each of the proposed classes identified in paragraphs 6.2.1 and 6.2.2 in the amended complaint, Providence must produce a list containing the name, phone number, last-known address, and email address (if applicable) of each member of the proposed classes as defined in the amended complaint. (*See* Am. Compl. ¶¶ 6.2.1-6.2.2.[10]) Providence must produce these lists to Plaintiffs no later than **April 30, 2023**. The parties must complete this jurisdictional discovery no later than **July 31, 2023.**

//

---

*see also, e.g.*, Fed. R. Civ. P. 34(b)(2)(A) (requiring a response to requests for production within 30 days after the parties' first Rule 26(f) conference).

[10] Plaintiffs argue that Providence must produce the audit required by the Settlement Agreement. (*See, e.g.,* Am. Reply at 4.) The court declines to compel this production here.

1     This case concerns patients' private information related to medical care. As such, the court ORDERS the parties to enter a stipulated protective order consistent with Local Civil Rule 26(c) no later than **March 24, 2023**. *See* Local Rules W.D. Wash. LCR 26(c). If the parties are unable to agree on all or some of the terms in the protective order, the parties may each submit their own versions and shall a joint statement that indicates any agreed upon terms and contains each party's proposed terms with respect to the remaining areas of dispute.

**E.     Whether Supplemental Briefing is Necessary**

    As discussed above, Plaintiffs must present evidence regarding the citizenship of the members of all proposed classes in the aggregate in order for this court to assess jurisdiction, including the members of the Proposed MultiCare Class. (*See supra* § III.C.) Plaintiffs have yet to either acknowledge this requirement or demonstrate how they will obtain this crucial information. (*See* Mot. at 12-13 (seeking leave to propound discovery requests to Providence only); Disc. Mot. (same).) MultiCare is not a party to this suit and is therefore not subject to this court's order for jurisdictional discovery. (*See* Dkt.; *see supra* § III.D.) Therefore, the court ORDERS Plaintiffs to submit a supplemental brief describing their plan for ascertaining the citizenship of members of the Proposed MultiCare Class. The brief must not exceed 750 words and must filed no later than **March 31, 2023**. If Plaintiffs' plan requires discovery from any party to this suit, that party may file a response of the same length no later than **April 5, 2023**.

## IV.     CONCLUSION

    For the foregoing reasons, the court ORDERS as follows:

(1) Plaintiffs' motion to remand (Dkt. # 32) is DENIED without prejudice.  The parties are ORDERED to conduct jurisdictional discovery regarding the citizenship of the proposed classes described in paragraphs 6.2.1 and 6.2.2 of the amended complaint.  Providence must produce class lists as described above (*see supra* § III.D) to Plaintiffs no later than **April 30, 2023**.  The parties must complete this jurisdictional discovery no later than **July 31, 2023.**  After **July 31, 2023**, Plaintiffs may file a renewed motion to remand, if any;

(2) The parties are ORDERED to file a proposed stipulated protective order with the court no later than **March 24, 2023**.  The court will resolve any disagreements between the parties regarding the protective order;

(3) Plaintiffs are ORDERED to file a supplemental brief of no more than 750 words describing their plan for ascertaining the citizenship of members of the Proposed MultiCare Class no later than **March 31, 2024**.  Any defendant from whom this plan seeks discovery may file a response of the same length by **April 5, 2023**; and

(4) The court DENIES without prejudice Providence's motion to transfer venue (Dkt. # 4), Plaintiffs' motion for a protective order or restraining order (Dkt. # 8), and Plaintiffs' motion for leave to conduct discovery (Dkt. # 54).

Dated this 17th day of March, 2023.

JAMES L. ROBART
United States District Judge