The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLINE ANGULO, a single person, ERIC KELLER, a single person, and ISABEL LINDSEY and CHARLES LINDSEY, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE HEALTH & SERVICES WASHINGTON, a non-profit Washington Corporation, also d/b/a PROVIDENCE ST. MARY MEDICAL CENTER; DR. JASON A. DREYER, DO, and JANE DOE DREYER, husband and wife and the marital community thereof; DR. DANIEL ELSKENS DO, and JANE DOE ELSKENS, husband and wife and the marital community thereof; and JOHN/JANE DOES 1-10, and any marital communities thereof,<br><br>Defendants. | No. C22-0915JLR<br><br>**STIPULATED MOTION AND [PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>**NOTE ON MOTION CALENDAR: April 20, 2023** |

Plaintiffs and Defendants, by and through their undersigned counsel, and pursuant to the Court's Order dated April 13, 2023, respectfully move for entry of the following [Proposed] Stipulated Protective Order, to expedite and facilitate the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation would be warranted, pursuant to Fed. R. Civ. P. 26(c). *See* Order (Dkt. 72). Pursuant to LCR 26(c)(2), the parties began with the

STIPULATED MOTION AND [PROPOSED] STIPULATED
PROTECTIVE ORDER – 1
No. C22-0915JLR

District's Model Protective Order, and have identified departures from the model in a redlined copy, attached as Exhibit 1.

## I. STIPULATION

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, private, or protected health information for which special protection may be warranted. The parties acknowledge that this agreement does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. "CONFIDENTIAL MATERIAL"

"Confidential Material" shall include the following information, documents, and tangible things produced or otherwise exchanged: (1) personal and private information regarding Plaintiffs and potential class members, including current and former street addresses for natural persons, social security numbers, telephone numbers, email addresses, dates of birth, driver's license numbers, account numbers, maiden names, passwords, "health care information" within the meaning of RCW Ch. 70.02, and "protected health information" within the meaning of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); (2) confidential business and financial information, and (3) any information the producing party is obligated by contract or state, federal, or other law to keep confidential.

3. SCOPE

The protections conferred by this agreement cover not only Confidential Material (as defined above), but also (1) any information copied or extracted from such material; (2) all copies, excerpts, summaries, or compilations of such material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal such material.

However, except as required by HIPAA, RCW Ch. 70.02, or either statute's

implementing regulations, the protections conferred by this agreement do not cover information that (a) is in the public domain through trial or otherwise; (b) any non-producing party owns or lawfully possesses or obtains lawfully and properly through its own investigation or other means (i.e., not from the producing party); or (c) is produced without a confidentiality designation, except as otherwise provided in this agreement (*see, e.g.*, Section 5.3 below) or as otherwise stipulated or ordered.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 Disclosure of Confidential Material. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material only to:

(a) counsel of record in this action (including in-house counsel and legal department staff of any party), as well as employees or contract employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) officers, directors, and employees of Providence Health & Services and Providence Health & Services – Washington to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, court personnel, and court reporters and their staff, including any court reporter, videographer reporting or third party who is necessary to resolve a

technological issue during a deposition that court reporters, videographers, and their staff are unable to resolve;

(e) copy or imaging services or e-discovery vendors retained by counsel to assist in the duplication, storage, or analysis of Confidential Material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return or destroy all originals and copies of any Confidential Material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party, or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound in any hard copy transcript and separately compiled in any electronic transcript by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) mediators or settlement officers, and their supporting personnel, hired or appointed to address any issue(s) in the litigation;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(j) other persons by written agreement of the designating party.

4.3 <u>Filing Confidential Material</u>.  Before filing Confidential Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with LCR 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating

STIPULATED MOTION AND [PROPOSED] STIPULATED
PROTECTIVE ORDER – 4
No. C22-0915JLR

party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of LCR 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

      4.4    <u>Uniform Health Care Information Act</u>.  Notwithstanding any of the other provisions herein, any party who seeks discovery that would require the disclosure of health care information must comply with RCW Ch. 70.02, including RCW 70.02.060.

      4.5    <u>HIPAA</u>.  Notwithstanding any of the other provisions herein, to the extent protected health information is sought from a non-party, the Party seeking such information must comply with HIPAA and associated regulations.

      5.    <u>DESIGNATING PROTECTED MATERIAL</u>

      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those materials, documents, items, or oral or written communications that qualify, so that other materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions.

      If it comes to a designating party's attention that information or items that it designated

for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation and, if necessary, reproduce any materials so that they reflect the corrected designation.

  5.2  Manner and Timing of Designations. Except as otherwise provided in this agreement (*see, e.g.*, Section 5.3 below), or as otherwise stipulated or ordered, disclosure of discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

    (a) Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings) the designating party must affix the word "CONFIDENTIAL" on each page of the document if feasible.

    (b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty (30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential Material under this agreement. Until the expiration of the 30-day period for designation, any deposition transcript shall be treated as if it had been designated "CONFIDENTIAL" in its entirety, unless otherwise agreed.

  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

    (c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored "CONFIDENTIAL" or otherwise clearly communicate to the receiving party the confidentiality designation. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

  5.3  Inadvertent Failures to Designate. If promptly corrected, an inadvertent failure to

designate qualified information, documents, or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon prompt correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. Each party reserves the right to dispute, by motion to the Court, the confidential status claimed by any party. Parties shall confer prior to filing the motion, and must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting, videoconference, or a telephone conference.

6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without Court intervention, and in addition to ¶ 6.2 above, the designating party may follow the Court's procedures regarding discovery disputes, including if necessary by filing and serving a motion to retain confidentiality under LCR 7 (and in compliance with LCR 5(g), if applicable).

6.4     <u>Burden of Proof</u>. The burden of persuasion in any motions filed under ¶ 6.2 or ¶ 6.3 shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

STIPULATED MOTION AND [PROPOSED] STIPULATED
PROTECTIVE ORDER – 7
No. C22-0915JLR

expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR PROCEEDINGS**

If a party is served with a subpoena or a court order issued in other litigation, regulatory, or other proceedings that compels disclosure of any Confidential Material, that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

8. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, Confidential Material has been disclosed to any person or in any circumstance not authorized under this agreement by the receiving party's action or inaction, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. P. 26(b)(5)(B). This provision is not intended

to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10. <u>NON-TERMINATION AND RETURN OF CONFIDENTIAL MATERIAL</u>

Within 30 days after the termination of this action, including all appeals, each receiving party must return to the producing party or destroy all Confidential Material, including all copies, extracts, and summaries thereof.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD, this 20th day of April, 2023.

| | |
|---|---|
| DAVIS WRIGHT TREMAINE LLP<br>Attorneys for Defendant Providence Health & Services – Washington | GILBERT LAW FIRM, P.S.<br>Attorneys for Plaintiffs |
| By *s/ Kenneth E. Payson*<br>    Kenneth E. Payson, WSBA #26369<br>    Ross Siler, WSBA #46486<br>    Olivia M. Powar, WSBA #59504<br>    920 Fifth Avenue, Suite 3300<br>    Seattle, WA  98104-1610<br>    Telephone: (206) 622-3150<br>    Email: kenpayson@dwt.com<br>              ross.siler@dwt.com<br>              oliviapowar@dwt.com | By *s/ Beth M. Bollinger*<br>    William A. Gilbert, WSBA #30592<br>    Beth M. Bollinger, WSBA #26645<br>    421 W. Riverside Avenue, Suite 353<br>    Spokane, WA 99201<br>    Telephone: (509) 321-0750<br>    Email: bill@wagilbert.com<br>              beth@wagilbert.com |

STIPULATED MOTION AND [PROPOSED] STIPULATED
PROTECTIVE ORDER – 9
No. C22-0915JLR

| | |
|---|---|
| LEWIS BRISBOIS BISGAARD & SMITH LLP<br>Attorneys for Defendant Providence Health & Services – Washington | LANKFORD & REED, P.L.L.C<br>Attorneys for Plaintiffs |
| By <u>s/ Jennifer K. Oetter</u><br>    Jennifer K. Oetter, WSBA #26140<br>    888 SW Fifth Avenue, Suite 900<br>    Portland, OR  97204<br>    Telephone: (971) 712-2800<br>    Email: jennifer.oetter@lewisbrisbois.com | By <u>s/ Terrance G. Reed</u><br>    Terrance G. Reed<br>    12 N St Asaph St<br>    Alexandria, VA 22314<br>    Telephone: (703) 299-5000<br>    Email: tgreed@irfirm.net |
| WITHERSPOON BRAJCICH MCPHEE, PLLC<br>Attorneys for Defendants Jason Dreyer, DO and Jane Doe Dreyer | ETTER, MCMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.<br>Attorneys for Defendants Daniel Elskens, DO and Jane Doe Elskens |
| By <u>s/ Jeffrey R. Galloway</u><br>    Ryan M. Beaudoin, WSBA #30598<br>    Jeffrey R. Galloway, WSBA #44059<br>    James A. McPhee, WSBA #26323<br>    Bryce J. Wilcox, WSBA #21728<br>    Steven J. Dixson, WSBA #38101<br>    601 W. Main Avenue, Suite 1400<br>    Spokane, WA 99201-0677<br>    Telephone: (509) 455-9077<br>    Email: rbeaudoin@workwith.com<br>            jgalloway@workwith.com<br>            jmcphee@workwith.com<br>            bwilcox@workwith.com<br>            sdixson@workwith.com | By <u>s/ Ronald A. Van Wert</u><br>    Stephen M. Lamberson, WSBA #12985<br>    Ronald A. Van Wert, WSBA #32050<br>    618 W. Riverside Avenue, Suite 210<br>    Spokane, WA 99201<br>    Telephone: (509) 747-9100<br>    Email: lambo74@ettermcmahon.com<br>            rvw@ettermcmahon.com |

PURSUANT TO STIPULATION, AND FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b)

do not apply.  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: April 20, 2023.

_____
James L. Robart
United States District Court Judge

STIPULATED MOTION AND [PROPOSED] STIPULATED
PROTECTIVE ORDER – 11
No. C22-0915JLR

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on July 29, 2022 in the case of Angulo, et al., v. Providence Health & Services – Washington, et al., No. C22-0915JLR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature:_____