UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROLINE ANGULO, et al.,

               Plaintiffs,

    v.

PROVIDENCE HEALTH &
SERVICES – WASHINGTON, et al.,

              Defendants.

CASE NO. C22-0915JLR

ORDER

## I.  INTRODUCTION

Before the court is Defendant Providence Health & Services – Washington's ("Providence") motion for reconsideration of the court's March 17, 2023 order directing the parties to conduct jurisdictional discovery.  (*See* Mot. (Dkt. # 69); Reply (Dkt. # 77); *see also* 3/17/23 Order (Dkt. # 66).)  Plaintiffs Caroline Angulo, Eric Keller, Isabel Lindsey, and Charles Lindsey (collectively, "Plaintiffs") oppose the motion.  (Resp. (Dkt. # 75).)  The court has reviewed the parties' submissions, the relevant portions of the

1  record, and applicable law.  Being fully advised, the court GRANTS in part and DENIES

2  in part Providence's motion for reconsideration and ORDERS the parties to meet and

3  confer and file a proposal for how jurisdictional discovery should proceed that is

4  consistent with this order.

5  ## II.    PROCEDURAL BACKGROUND[1]

6          Providence removed this action from King County Superior Court to this court on

7  June 30, 2022, asserting diversity jurisdiction under the Class Action Fairness Act

8  ("CAFA").  (*See* NOR (Dkt. # 1) at 2.)  Plaintiffs later moved to remand the case, arguing

9  the court lacks jurisdiction because at least one of CAFA's exceptions applies.  (Mot. to

10  Remand (Dkt. # 32).)  The court concluded that it was unable to determine whether any

11  of the CAFA exceptions applied without knowing the citizenship of the members of the

12  proposed classes, denied Plaintiffs' motion without prejudice, and ordered jurisdictional

13  discovery.  (*See* 3/17/23 Order at 10.)

14          In its order directing jurisdictional discovery, the court ordered Providence to

15  provide counsel for Plaintiffs with a class list, such that Plaintiffs could determine the

16  citizenship of the members of the proposed classes at the time the operative complaint

17  was filed.  (*See* 3/17/23 Order at 13-14.)  Providence now asks the court to either

18  withdraw or modify its order.  (*See generally* Mot.)

19  //

20  //

21

22          [1] The court recounted the factual background in its March 17, 2023 order and need not
repeat that background here.  (*See* 3/17/23 Order at 2-5.)

1

## III.   ANALYSIS

2      The court reviews the legal standard for a motion for reconsideration and the need

3 for jurisdictional discovery before turning to Providence's arguments and the parties'

4 competing proposed notice programs.

5 **A.   Legal Standard for a Motion for Reconsideration**

6      "Motions for reconsideration are disfavored."  Local Rules W.D. Wash. LCR

7 7(h)(1).  The court "will ordinarily deny such motions in the absence of a showing of

8 manifest error in the prior ruling or a showing of new facts or legal authority which could

9 not have been brought to its attention earlier with reasonable diligence."  *Id.*; *see also 389*

10 *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (noting that a motion

11 for reconsideration is not an opportunity for a party to raise an argument that reasonably

12 could have been raised earlier).  "Reconsideration is an extraordinary remedy," and the

13 moving party bears a "heavy burden."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

14 877, 890 (9th Cir. 2000).

15      In support of its motion for reconsideration, Providence argues that:  (1) the court

16 should either withdraw or modify its order to protect patients' privacy rights under

17 Washington's Uniform Health Care Information Act ("UHCIA") and the federal Health

18 Insurance Portability and Accountability Act ("HIPAA") (*see* Mot. at 3-5, 7-8); (2) the

19 court's jurisdictional discovery order is unworkable because it requires Providence to

20 identify which patients are members of the proposed classes (*see* Mot. at 6-7);[2] and

21

22      [2] The court concludes that the parties' forthcoming notice program will resolve this issue.  (*See infra* § III.E.)

ORDER - 3

1    (3) discovery of proposed class members' identities prior to class certification is

2    prohibited (*id.* at 5-7).  Plaintiffs oppose any modification to the court's prior order on the

3    bases that the UHCIA does not apply to this litigation and HIPAA does not require any

4    modification.  (Resp. at 2-7.)  Alternatively, both parties suggest mailing notices to

5    potential members of the proposed classes regarding the lawsuit and jurisdictional

6    discovery (*see* Mot. at 7-8; Resp. at 7-8), but differ on the content of the notice and

7    outreach methods (*compare* Resp. at 7-8 & 4/21/23 Bollinger Decl. (Dkt. # 76) ¶ 4, Ex. C

8    ("Plaintiffs' Proposed Notice") *with* Reply at 4-6 & *id.*, Ex. A ("Providence's Proposed

9    Notice").

10   **B.    The Need for Jurisdictional Discovery**

11         The court ordered jurisdictional discovery after concluding that it could not

12   determine whether it has subject matter jurisdiction over the instant action—and thus,

13   whether the court should grant Plaintiffs' motion to remand—without knowing the

14   citizenship of the members of all proposed classes in the aggregate.[3]  (*See* 3/17/23 Order

15   at 8-10.)  It is of paramount importance for this court to determine whether it has subject

16   matter jurisdiction over the instant action.  *See, e.g.*, *United States v. Cotton*, 535 U.S.

17   625, 630 (2002) ("subject matter jurisdiction, because it involves a court's power to hear

18   a case, can never be forfeited or waived"); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514

19

20         [3] The court notes that this order addresses only jurisdictional discovery regarding
     proposed class members who received treatment at Providence.  (*See* Am. Compl.
21   ¶¶ 6.2.1-6.2.2.)  This order does not address the issue of ascertaining the citizenship of proposed
     class members who received treatment at MultiCare Health System.  (*See* Am. Compl. ¶ 6.2.3
22   (defining the "Proposed MultiCare Class"); 3/17/23 Order at 15 (ordering supplemental
     briefing); *see also* Supp. Brief (Dkt. # 68).)

1   (2006) ("courts . . . have an independent obligation to determine whether subject-matter

2   jurisdiction exists"); *Bibiano v. Lynch*, 834 F.3d 966, 970 n.4 (9th Cir. 2016) ("Courts

3   should generally decide, as a threshold matter, whether they have subject matter

4   jurisdiction").  Although courts generally must grant a motion to remand where there is

5   any doubt as to whether the case is removable, *see, e.g.*, *Hawaii ex rel. Louie v. HSBC*

6   *Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014), "no antiremoval presumption

7   attends cases invoking CAFA," *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S.

8   81, 89 (2014).  Therefore, Providence's argument that the court should withdraw its order

9   because "discovery of identifying information of potential class members

10  pre-certification is generally prohibited," is unavailing.  (*See* Mot. at 5.)  Indeed, the

11  Supreme Court has noted that "where issues arise as to jurisdiction or venue [prior to

12  class certification], discovery is available to ascertain the facts bearing on such issues."

13  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978).  Accordingly, some

14  limited discovery into the citizenship and state residency of all members of the proposed

15  classes is necessary.

16  **C.    Whether Proposed Class Members must be Notified**

17         Federal and state law prohibit a medical care provider from disclosing protected

18  health information ("PHI"[4]) without first notifying the patient and allowing them an

19

20         [4] HIPAA and its implementing regulations refer to information within their ambit as
    "protected health information," while the UHCIA refers to "health care information."  *Compare*
21  45 C.F.R. § 160.103 (defining "protected health information" as individually identifiable health
    information") *with* RCW 70.02.010(17) (defining "health care information" as "any
22  information . . . that identifies or can readily be associated with the identity of a patient and
    directly relates to the patient's health care").  Here, the court refers to both categories as "PHI."

1   opportunity to object to the disclosure, subject to certain exceptions. *See* 45 C.F.R.

2   § 164.510; RCW 70.02.060(1).  Relevant to the issues in this case, HIPAA authorizes the

3   disclosure of PHI without a patient's consent in response to a court order, *see* 45 C.F.R.

4   § 164.512(e)(1)(i), or in discovery where a qualifying protective order is in place, *see* 45

5   C.F.R. § 164.512(e)(1)(ii)(B), (e)(1)(v)*; see also, e.g.*, *Ehrlich v. Union Pac. R.R. Co.*,

6   302 F.R.D. 620, 628 (D. Kan. 2014) (noting that under HIPAA, covered entities may

7   disclose PHI where a qualifying protective order is in place).  Washington's UHCIA

8   allows for discovery of PHI in litigation, provided that the patient has notice and an

9   opportunity to object to disclosure.  *See* RCW 70.02.060(1).  The UHCIA provides:

> Before service of a discovery request or compulsory process on a health care provider for health care information, an attorney shall provide advance notice to the health care provider and the patient . . . through service of process or first-class mail, indicating the health care provider from whom the information is sought, what health care information is sought, and the date by which a protective order must be obtained to prevent the health care provider from complying.  Such date shall give the patient and the health care provider adequate time to seek a protective order, but in no event be less than fourteen days since the date of service or delivery to the patient and the health care provider of the foregoing.  Thereafter the request for discovery or compulsory process shall be served on the health care provider.

16   *Id*.  Thus, unlike HIPAA, the UHCIA requires patient notice prior to disclosure in

17   discovery, regardless of any court order compelling the discovery or protective order

18   governing its use.  *See Wright v. Jeckle*, 90 P.3d 65, 68-69 (Wash. Ct. App. 2004)

19   (determining that class notice procedure that separated patients' identities from their

20   healthcare information did not violate the UHCIA's notice requirement).

21      Providence argues that the patients' names and addresses at issue in the court's

22   prior order qualify as PHI subject to privacy protections in state and federal law.  (Mot. at

3 (first citing 45 C.F.R. § 160.103; and then citing RCW 70.02.010(17).)  Providence

contends that the court did not fully appreciate the implications of its order on the

proposed class members' rights under HIPAA and the UHCIA, and urges reconsideration

on that basis.  (Mot. at 2.)  Plaintiffs oppose any change to the March 17, 2023 order,

arguing that the UHCIA is supplanted by Federal Rule of Civil Procedure 23 or

preempted by HIPAA, or that an exception to the UHCIA's notice requirement applies.

(Resp. at 2-7.)  After Providence filed its motion, the parties entered a qualified

protective order under HIPAA.  (*See* Prot. Order (Dkt. # 74)); *see also* 45 C.F.R.

§ 164.512(e)(v) (describing requirements of a qualified protective order).  Accordingly,

HIPAA does not require notice to members of the proposed classes here and the only

remaining issue is compliance with the UHCIA's notice requirement.

The court agrees with Providence that the UHCIA requires it to provide patients

with advance notice before producing their names and contact information in connection

with medical treatment information.  None of Plaintiffs' arguments to the contrary are

persuasive.  (*See* Resp. at 2-6.)  First, the UHCIA is not a state procedural rule supplanted

by the Federal Rules of Civil Procedure under the *Erie* doctrine—rather, it is a part of the

substantive law of Washington.  *See Wynn v. Earin*, 181 P.3d 806, 812 (2008) (discussing

the "substantive rights" provided by the UHCIA); *see also Erie v. Tompkins*, 304 U.S. 64,

78 (1938) (holding that federal courts sitting in diversity apply substantive state law).

Second, HIPAA does not preempt the UHCIA because the UHCIA's patient protections

are "more stringent" than, and not contrary to, protections under HIPPA.  *See, e.g.*, 45

C.F.R. § 160.203(b) (providing that HIPAA does not preempt a "more stringent" state

law); *compare* 45 C.F.R. § 164.512(e)(1)(ii) (permitting disclosure of PHI in response to

a court order without the patient's notice) *with* RCW 70.02.060(1) (requiring notice to the

patient prior to disclosing PHI pursuant to discovery).  Third, Plaintiffs provide no

authority for their position that the definition of "payment," a purpose for which the

UHCIA's notice requirement does not apply, *see* RCW 70.02.050(d), includes medical

negligence lawsuits.  (*See* Resp. at 6.)  The statute, however, defines "payment" as "the

activities undertaken by (i) a third-party payor to obtain premiums or to determine or

fulfill its responsibility for coverage and provision of benefits by the third-party payor or

(ii) a health care provider, health care facility, or third-party payor to obtain or provide

reimbursement for the provision of health care." RCW 70.02.010(35)(a).   A "third-

payor" is an insurer, an employee welfare benefit plan, or a state or federal health benefit

program.  RCW 70.02.010(46).  Because Plaintiffs are not third-party payors, health care

providers, or health care facilities, the "payment" exception does not apply to them.

The court agrees that it failed to consider the UHCIA's notice requirement in its

prior order and concludes that Providence could not have reasonably raised this argument

earlier because the court did not solicit briefing regarding the requirements of either

HIPAA or the UHCIA.  Indeed, it appears that the question before the court—i.e., how to

comply with the UHCIA's notice requirement when the disclosure of proposed class

members' PHI is necessary to establish subject matter jurisdiction under CAFA—is one

of first impression.  Providence has therefore met its "heavy burden" to demonstrate that

reconsideration of the court's prior order is appropriate.  *See Kona Enters.*, 229 F.3d at

890.  Accordingly, the court GRANTS in part Providence's request, and modifies its

1   March 17, 2023 order to ensure jurisdictional discovery complies with the UHCIA's

2   notice requirement.

3   **D.**    **The Parties Must Jointly Propose a Notice Program**

4         Because members of the proposed classes must receive advance notice before

5   Providence may share their PHI with any other party, including with counsel for

6   Plaintiffs, the parties must develop a notice procedure that harmonizes the UHCIA's

7   protections with the court's paramount need to determine its subject matter jurisdiction.

8   *See* RCW 70.02.060(1). Each party has submitted a proposed notice form (*see* Plaintiffs'

9   Proposed Notice; Providence's Proposed Notice) but the parties differ sharply with

10   respect to the content of the notice and the methods of outreach (*see* Resp. at 7-8; Reply

11   at 4-6). Below, the court describes each party's proposed methods, resolves some of the

12   parties' disputes, and orders the parties to meet and confer and file a joint statement

13   setting forth a notice program consistent with this order.

14         Plaintiffs propose that the court mail notice apprising proposed class members of

15   the lawsuit and the need for jurisdictional discovery. (Resp. at 7.) Counsel for Plaintiffs

16   would wait 14 days after the mailing date before contacting proposed class members.

17   (*Id*.) Providence counter-proposes that the court appoint a third-party administrator to

18   inform proposed class members of the lawsuit by sending a notice and an information

19   form requesting the personal details relevant to jurisdictional discovery. (Reply at 4;

20   Providence's Proposed Notice.) Under Providence's proposal, the third-party

21   administrator would collect the completed information forms and report the total numbers

22   of notices sent and forms returned, as well as the state of residency of each proposed

1    class member who responds.  (Reply at 5.)  The information form seeks only the last four

2    digits of the proposed class member's social security number to verify the proposed class

3    member's identity; the administrator would not report the respondents' identities.  (*Id.*;

4    *see also* Providence's Proposed Notice.)  Under Providence's proposal, Plaintiffs would

5    bear the cost of the notice.  (Reply at 5 n.2 (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S.

6    156, 178-79 (1974) (requiring plaintiff to finance the cost of Rule 23(c)(2) class notice)).)

7           Providence's proposal more closely adheres to the UHCIA's requirements by

8    assuring the proposed class members receive notice.  It also hews more closely to the

9    court's March 17, 2023 order by limiting discovery to the information needed to

10   determine whether the court has subject matter jurisdiction over this case.  Providence,

11   however, does not explain how it will avoid disclosing PHI to the third-party

12   administrator, *see Jeckle*, 90 P.3d at 68-69, or identify current addresses for the proposed

13   class members.  Additionally, Plaintiffs need not bear the costs of this notice alone,

14   contrary to Providence's assertion.  The "usual rule" that a plaintiff must bear the cost of

15   the class notice under Rule 23(c)(2) does not apply here, because this "notice" to

16   proposed class members is neither governed nor required by Rule 23.  *See* Fed. R. Civ. P.

17   23(c)(2) (setting forth requirements of notice to class members following class

18   certification or preliminary approval of certain class settlements); *Eisen*, 417 U.S. at

19   178-79.  Here, "notice" is required for the limited purpose of jurisdictional discovery and

20   is intended to fulfill Providence's obligations to proposed class members under the

21   UHCIA.  *See* RCW 70.02.020, .060.  Plaintiffs should share in the costs because they

22   bear the burden of demonstrating that an exception to CAFA jurisdiction applies in order

1  to prevail on their motion to remand.  *See Dart Cherokee*, 574 U.S. at 89.  Thus, the

2  parties shall split the costs of notice evenly.

3         Thus, the parties must (1) identify an administrator to manage this process, subject

4  to the court's approval; (2) describe the process by which the administrator will identify

5  current addresses for the proposed class members; (3) determine how the notice process

6  itself will comply with the UHCIA; (5) agree on the content of the notice and the

7  information form; (6) identify the relevant date to determine the proposed class members'

8  state residency; and (7) propose a new schedule for completing jurisdictional discovery.

9  The parties shall file a joint statement discussing the foregoing topics as well as a copy of

10 the proposed notice and information form, no later than **June 16, 2023.**  If the parties are

11 unable to reach agreement regarding any of the above, the parties may each submit their

12 own proposal and a joint statement that indicates areas of agreement and contains each

13 party's proposed alternatives with respect to the remaining areas of dispute.

14                              **IV.   CONCLUSION**

15        For the foregoing reasons, the court GRANTS in part and DENIES in part

16 Providence's motion for reconsideration (Dkt. # 69), MODIFIES its March 17, 2023

17 order (Dkt. # 67) by VACATING the deadlines and methods for jurisdictional discovery

18 set forth in Section III.D, and ORDERS the parties to meet and confer and file a joint

19 statement consistent with this order by **June 16, 2023**.

20        Dated this 15th day of May, 2023.

21 _____

22 JAMES L. ROBART
   United States District Judge