UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLINE ANGULO, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>PROVIDENCE HEALTH &<br>SERVICES – WASHINGTON, et al.,<br><br>　　　　　　Defendants. | CASE NO. C22-0915JLR<br><br>ORDER |

Before the court is Plaintiffs Caroline Angulo, Eric Keller, Isabel Lindsey, and Charles Lindsey[1] (collectively, "Plaintiffs") supplemental brief requesting leave to issue a subpoena to non-party MultiCare Health System ("MultiCare"). (*See* Supp. Brief (Dkt. # 68); Prop. Order (Dkt. # 68-1).) The court has reviewed Plaintiffs' request and relevant law. Being fully advised, the court GRANTS the request.

---

[1] Plaintiffs filed this brief before amending their complaint, in which they added Caroline Bash and the Estate of Steven Bash as Plaintiffs. (*See* Dkt.; SAC (Dkt. # 80).)

ORDER - 1

On March 17, 2023, the court ordered Plaintiffs and Defendant Providence Health & Services – Washington ("Providence") to conduct jurisdictional discovery regarding whether any exception to the Class Action Fairness Act's ("CAFA") removal provision applies to this case. (*See* 3/17/23 Order (Dkt. # 66); *see also* 5/15/23 Order (Dkt. # 79) (modifying March 17, 2023 Order).) Specifically, the court concluded that it could not determine whether it could exercise subject matter jurisdiction without knowing the number of proposed class members in the aggregate and their citizenship and state of residency. (3/17/23 Order at 13-15.) The court ordered Plaintiffs to submit a supplemental brief describing their plan for ascertaining the same data for members of the proposed class who received treatment at MultiCare, as MultiCare is not a party to this suit. (*Id*. at 15; *see also* SAC ¶ 6.2.3 (defining the "Proposed MultiCare Class").) Plaintiffs now ask the court for leave to subpoena a list of members of the Proposed MultiCare Class with patients' names and contact information. (*See* Supp. Br.[2])

Rule 45 allows a party to compel a non-party to testify in a deposition or to produce documents. Fed. R. Civ. P. 45(a)(1)(B), (D). Such a subpoena may be issued by the Clerk or by an attorney who is authorized to practice in the issuing court. *Id*. 45(a)(3). In light of the court's paramount need to determine whether it may exercise subject matter jurisdiction over this action, the court concludes that Plaintiffs may issue

---

[2] Plaintiffs represent that MultiCare is engaged in parallel litigation with counsel for Plaintiffs over issues similar to those presented in this case. (Supp. Br. at 2 n.1 (citing *Rae v. MultiCare, et al.*, Case No. 22-2-06780-8 (Pierce Cnty. Super. Ct.).)

the requested subpoenas to MultiCare.³  The court urges Plaintiffs to carefully review Rule 45's requirements regarding the form, contents, and service of subpoenas.  *See id.* at 45(a).  The court reminds Plaintiffs of their obligations to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," subject to sanction by the court for the district where compliance is required.  *Id*. at 45(d)(1).

For the foregoing reasons the court GRANTS Plaintiffs' request for leave to issue subpoenas to MultiCare (Dkt. # 68).

Dated this 23rd day of May, 2023.

JAMES L. ROBART
United States District Judge

---

³ The court takes no present position on whether MultiCare must respond to the subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii) ("On timely motion, the court . . . must quash or modify a subpoena that requires disclosure of privileged or other protected matter"); *Herrera v. City of Los Angeles*, Case No. 2:16-cv-2719-DSF (SKx), 2017 WL 8811268, at *2 (C.D. Cal. March 9, 2017) (quashing subpoena that sought information protected by the Health Insurance Portability & Accountability Act).