1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE

CAROLINE ANGULO, a single person, ERIC
KELLER, a single person, and ISABEL
LINDSEY and CHARLES LINDSEY, a
married couple,

                            Plaintiffs.

v.

PROVIDENCE HEALTH & SERVICES
WASHINGTON, a non-profit Washington
Corporation, also d/b/a PROVIDENCE ST.
MARY MEDICAL CENTER; Dr. JASON A.
DREYER, DO, and JANE DOE DREYER,
husband and wife and the marital community
thereof; Dr. DANIEL ELSKENS DO, and
JANE DOE ELSKENS, husband and wife and
the marital community thereof; and
JOHN/JANE DOES 1-10, and any marital
communities thereof,

                            Defendants.

NO. 22-cv-00915-JLR

**NON-PARTY MULTICARE HEALTH
SYSTEM'S MOTION TO QUASH**

**NOTE ON MOTION CALENDAR:**
July 7, 2023

**Request for Oral Argument**

## I. LCR 37 CERTIFICATION

Counsel for Non-Party MultiCare Health System, in compliance with LCR 37, certifies

that counsel has made a good faith effort through a conference with opposing counsel to resolve

NON-PARTY MULTICARE HEALTH SYSTEM'S
MOTION TO QUASH (22-CV-00915-JLR) - 1

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

1    all disputes raised in the following motion, but the parties have been unable to reach an

2    agreement despite good faith efforts. See Norman Decl. ¶ 2.

## II. FACTS RELEVANT TO MOTION

4         This is one of two class actions lawsuits brought by the same Plaintiff (Lindsey), the

5    same Plaintiff's counsel, against the same Defendant (Dr. Dreyer), for the same relief. Plaintiff's

6    counsel is litigating the same claims in multiple courts and venues, with different judges, and

7    using discovery in each case for all of them. Unable to obtain the discovery Lindsey sought in

8    *Rae, Lindsey, et al. v. Multicare, Dreyer, et al.*, Plaintiffs' counsel now seeks to compel the

9    information by subpoena in this case, *Angulo, Lindsey, et al. v. Providence, Dreyer, et al.* Our

10   courts were not meant to permit multiple lawsuits in different venues, brought by the same

11   Plaintiff against the same Defendant for the same acts.

12        Plaintiff originally filed this class-action in King County Superior Court against

13   Providence Health & Services ("Providence") and Dr. Jason Dreyer and his spouse, amongst

14   others. Defendants then removed the matter to this Court under the Class Action Fairness Act

15   ("CAFA"). One of the proposed classes is patients who underwent surgery with Dr. Dreyer while

16   Dr. Dreyer was employed by non-party MultiCare.

17        While this case has been pending, Plaintiffs' counsel filed a new class action lawsuit in

18   Pierce County Superior Court, entitled *Rae, Lindsey, et al. v. Multicare, Dreyer, et al.*, also

19   proposing a class of patients who underwent surgery with Dr. Dreyer while Dr. Dreyer was

20   employed by non-party MultiCare. See Norman Decl., Ex. C; see also Dkt 68, p.2 n.1. This

21   lawsuit once again named Dr. Dreyer and his spouse as defendants, in addition to MultiCare.[1]

22   Id. Two of the named plaintiffs and proposed class representatives in both lawsuits are Isabel

23   and Charles Lindsey, id., and the Lindseys are likewise named Plaintiffs in this action. Dkt 32,

24   ¶¶ 5.37-5.68. The Lindseys sought discovery from MultiCare of the identity of Dr. Dreyer's

25

---

[1] The second lawsuit, *Rae, Lindsey, et al. v. Multicare, Dreyer et al.*, was removed to Spokane County Superior Court on defendants' motion.

NON-PARTY MULTICARE HEALTH SYSTEM'S
MOTION TO QUASH (22-CV-00915-JLR) - 2

**Fain Anderson VanDerhoef**
**Rosendahl O'Halloran Spillane, PLLC**
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

1  other patients, to which MultiCare objected. <u>See</u> Norman Decl., Ex. C, Excerpt of Discovery

2  Responses.

3      The discovery sought through these tactics is private medical data protected by HIPAA,

4  Washington's UHCIA, and the U.S. Constitution. Non-Party MultiCare now moves to quash the

5  instant subpoena, or in the alternative for a protective order requiring Plaintiffs to pay the costs

6  of patient notification and prohibiting use of the information by counsel for any purpose other

7  than briefing this Court on its jurisdiction.

8                          **III.  LAW AND ARGUMENT**

9      Courts "must quash or modify a subpoena that [. . .] (iii) requires disclosure of privileged

10  or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue

11  burden." FED. R. CIV. P. 45(c)(3)(A)(iii)-(iv). MultiCare moves to quash the subpoena on

12  grounds of both protected information (specifically, private health information or "PHI"), and

13  because the subpoena imposes an undue burden.

14  **A.    Relevance and Undue Burden**

15      "To determine whether a subpoena imposes an undue burden, the Court should weigh the

16  probative value of the information sought against the burden of the production on the non-party."

17  <u>Reardon v. Progressive Nw. Ins. Co.</u>, No. C10-225RSL, 2010 U.S. Dist. LEXIS 158468, at *2

18  (W.D. Wash. Sep. 28, 2010). Whether a subpoena imposes an undue burden is committed to the

19  discretion of the trial court. <u>Exxon Shipping Co. v. U.S. Dep't of Interior</u>, 34 F.3d 774, 779 (9th

20  Cir. 1994). Subpoenas seeking irrelevant information impose an undue burden no matter how

21  <i>de minimis</i>. "If the sought-after documents are not relevant, nor calculated to lead to the

22  discovery of admissible evidence, then any burden whatsoever imposed would be by definition

23  undue." <u>Anstead v. Va. Mason Med. Ctr.</u>, No. 2:21-cv-00447-JCC-JRC, 2023 U.S. Dist. LEXIS

24  1205, at *14 (W.D. Wash. Jan. 4, 2023). The scope of subpoenas to non-parties must "be more

25

NON-PARTY MULTICARE HEALTH SYSTEM'S
MOTION TO QUASH (22-CV-00915-JLR) - 3

1  limited to protect third parties from harassment, inconvenience, or disclosure of confidential

2  documents." <u>Dart Indus. Co. v. Westwood Chem. Co.</u>, 649 F.2d 646, 649 (9th Cir. 1980).

3      In this case, Plaintiffs' subpoena seeks MultiCare's testimony or documents on not only

4  the "number of patients surgically treated" by Dr. Dreyer, but also for each patient "their **county**

5  and state **of residence**, and **nationality**." <u>See</u> Norman Decl., Ex. A, Subpoena (bold added).

6      Plaintiffs' demands for patients' counties of residence and patients' nationalities should

7  be quashed. Neither demand bears on jurisdiction, which was the sole basis for permitting service

8  of the subpoena.

9      No patient's county of residence could alter jurisdiction under CAFA—diversity looks

10  to state of domicile, and counties are irrelevant. <u>See</u> 28 U.S.C. § 1332(d)(2); <u>see also</u>

11  <u>generally</u> <u>Adams v. W. Marine Prods.</u>, 958 F.3d 1216, 1220 (9th Cir. 2020) (Explaining CAFA

12  jurisdictional analysis). Although county of residence could bear on Providence's request to

13  change venue, venue changes are not jurisdictional. <u>See</u> <u>Transure, Inc. v. Marsh & McLennan,</u>

14  <u>Inc.</u>, 766 F.2d 1297, 1300 (9th Cir. 1985) (Holding that "jurisdiction in the federal court on

15  removal is derivative of the jurisdiction of the state court where the case was pending."); <u>see</u>

16  <u>also</u> RCW 4.12.025. Patients' county of residence has no relevance to jurisdiction—the sole

17  purpose for which Plaintiff sought permission to subpoena MultiCare—and thus imposes an

18  undue burden.

19      The demand to produce information on patients' "nationality" likewise imposes an undue

20  burden on MultiCare. Presuming that "nationality" means the citizenship of patients who live

21  abroad or are foreign nationals, MultiCare does not routinely collect information on its patients'

22  immigration or naturalization status as part of medical records. MultiCare cannot be compelled

23  to produce records or testimony about information it does not possess. <u>See</u> Fᴇᴅ. R. Cɪᴠ. P.

24  45(a)(1)(A)(iii) (Power to subpoena documents limited to those in the "possession, custody, or

25  control" of party served). Nor would that information be dispositive of jurisdiction, because

Fᴀɪɴ Aɴᴅᴇʀsᴏɴ VᴀɴDᴇʀʜᴏᴇғ
Rᴏsᴇɴᴅᴀʜʟ O'Hᴀʟʟᴏʀᴀɴ Sᴘɪʟʟᴀɴᴇ, PLLC
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

citizens of foreign countries lawfully domiciled in a state as legal permanent residents are citizens of that state for purposes of diversity jurisdiction, notwithstanding their foreign citizenship. <u>See</u> 28 U.S.C. § 1332.[2]

**B.**    **HIPAA and Washington's UHCIA**

    **1.**    **As this Court has previously ruled, UHCIA applies to this case and the same protections issued to Providence's patients apply equally to MultiCare**

This Court has already recognized the applicability of the Health Insurance Portability and Accountability Act ("HIPAA") and Washington's Uniform Health Care Information Act ("UHCIA") to patient records in its May 15, 2023, Order on Providence's motion to reconsider. Dkt 79. As this Court found, both HIPAA and UHCIA protect the patient's PHI. Dkt 79, pp. 5-6. This Court also found that HIPAA does not preempt UHCIA because it offers greater patient protection. Dkt 79, p. 7; <u>see also</u> 45 C.F.R. § 160.203(b). Because Plaintiffs are pursuing state law claims, state law generally provides the rule of decision, and privileges provided by state law apply. Dkt 79, p. 7; <u>Erie v. Tompkins</u>, 304 U.S. 64, 78 (1938); <u>see also</u> <u>Babasa v. LensCrafters, Inc.</u>, 498 F.3d 972, 974-75 (9th Cir. 2007) (Holding that state law privileges apply in diversity jurisdiction, with some exceptions such as amount in controversy).

This Court's reasoning was correct, and UHCIA does apply. Thus, MultiCare should not be required to produce any patient information unless and until patients have been notified and given 14 days to object. <u>See</u> RCW 70.02.060(1). As explained below, an issue not raised previously in this Court is that the requestor(s) (i.e., Plaintiffs) must provide the notice, and because Plaintiffs concede they cannot do so without MultiCare first disclosing the information, the discovery should not be had. <u>See</u> <u>infra</u> B.2.

---

[2] To the extent that Plaintiffs truly meant to demand patients' "nationality" as in "national origin," that has no bearing on their citizenship for federal diversity purposes. Whether patients identify as ethnically American, Italian, Chinese, or Mexican simply does not matter. CAFA looks to the domiciliary state (or nation) to determine diversity. Because racial or ethnic background of patients bears no relevance to jurisdiction, the production of that information imposes an undue burden

NON-PARTY MULTICARE HEALTH SYSTEM'S
MOTION TO QUASH (22-CV-00915-JLR) - 5

**Fain Anderson VanDerhoef**
**Rosendahl O'Halloran Spillane, PLLC**
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094  ·  f. 206-749-0194

Setting that issue aside for the moment, however, MultiCare asks this Court at a minimum to quash the subpoena and enter a protective order providing the same procedures and safeguards this Court previously required for Providence patients in its May 15, 2023, Order, see Dkt 79 pp. 9-11, with one important modification: Plaintiffs must bear the cost of providing the patient notification, not MultiCare. As a non-party, MultiCare should not bear the undue burden of paying for the third-party administrator and patient notification; that burden should fall on Plaintiffs as the party seeking the records.

### 2.    This Court should rule that the UHCIA prohibits production of PHI unless the requestor can provide the required patient notification.

In addition to the protections previously issued in this Court's May 15, 2023, Order, Dkt. 79, this Court should go further and quash the subpoena in its entirety. The UHCIA is more protective than this Court contemplated. In particular, the UHCIA requires that the notice to patients be sent by the attorney seeking the protected health information. RCW 70.02.060 (bold added). The health care provider is forbidden from producing the documents unless the requestor has complied with the notice requirement: "the health care provider may not disclose the health care information … if **the requestor** has not complied with the requirements of subsection (1) of this section." RCW 70.02.060 (bold added). Washington Courts of Appeals interpreting the UHCIA have required "the attorney seeking discovery" to comply by providing notice to the patient or the patient's attorney. See Volkert v. Fairbank Constr. Co., Inc., 8 Wn. App. 2d 399, 408, 438 P.3d 1203, 1208 (2019) ("Only after **the attorney seeking discovery** has complied with these procedures may the request for discovery be served on the health care provider.") (bold added).

If the party seeking protected medical records (here, the Plaintiffs) cannot identify and notify the patients whose records are sought, then under UHCIA, that party cannot get the records. See Volkert, 8 Wn. App. 2d at 408; RCW 70.02.060. The apparent purpose is to prevent counsel from perusing the medical records of unknown patients, thereby preventing attorneys

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

1   from using medical records to solicit clients or conduct a fishing expedition into non-party

2   patients' private lives. That is why, under UHCIA, Plaintiffs should not even have served the

3   subpoena until after patient notification. Id.

4          This rule is not an aberration. Many states prohibit discovery of non-party medical

5   records. For example, "under Illinois law, even redacted medical records are not to be disclosed

6   in judicial proceedings." Nw. Mem'l Hosp. v. Ashcroft, 362 F.3d 923, 925 (7th Cir. 2004). That

7   protection is at its zenith when the discovery requests information connected to patient identity.

8   "There is general agreement among the states that certain personally identifying information—

9   such as a patient's name and address—**is absolutely protected by the physician-patient**

10  **privilege and is not discoverable under any circumstances.**" Estate of Kennelly v. Mid Coast

11  Hosp., 2020 ME 115, ¶ 32, 239 A.3d 604, 615-16. See also, e.g., In re Fink, 876 F.2d 84, 85

12  (11th Cir. 1989) (applying Florida law to prevent disclosure of the names and addresses of a

13  particular doctor's patients who had undergone a particular procedure during a specified time).

14         In this case, Plaintiffs do not seek patient identity directly, but they seek information that

15  could help identify patients indirectly. At least two Plaintiffs (the Lindseys) are pursuing parallel

16  lawsuits on behalf of the same class seeking the same relief against some of the same defendants

17  (the Dreyers). MultiCare fears that discovery of the number of patients, their state and county of

18  residence, and their nationality could be cross-referenced with information sought in other cases

19  to identify those patients. At least so long as Plaintiffs maintain these dual lawsuits, they should

20  not be permitted to subpoena MultiCare for records of these non-party patients.

**C.    Federal Right to Privacy**

22         Under Ninth Circuit precedent, patients "have a constitutionally protected interest in

23  avoiding disclosure of personal matters, including medical information." Tucson Woman's

24  Clinic v. Eden, 379 F.3d 531, 551 (9th Cir. 2004), citing Whalen v. Roe, 429 U.S. 589, 599, 51

25  L. Ed. 2d 64, 97 S. Ct. 869 (1977); see also Doe v. Southeastern Pennsylvania Transportation

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094  ·  f. 206-749-0194

Authority, 72 F.3d 1133, 1138 (3rd Cir. 1995) (Finding federal right to privacy in medical records). The right to privacy is not absolute; it may be infringed upon a showing of sufficient governmental interest. Planned Parenthood of S. Ariz. v. Lawall, 307 F.3d 783, 790 (9th Cir. 2002).

The Ninth Circuit balances the following factors to weigh the judicial interest against the right to privacy: "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, [or] articulated public policy." Tucson Woman's Clinic, 379 F.3d at 551.

In this case, the type of information requested is information about who underwent surgical procedures, a deeply personal matter. The potential harm in disclosing such information is great. Even anonymous health care records have important privacy implications, which is why many states protect even anonymized medical records of non-parties from disclosure. See, e.g., People ex rel. Dep't of Pro. Regul. v. Manos, 202 Ill. 2d 563, 782 N.E.2d 237, 244-47, 270 Ill. Dec. 43 (Ill. 2002) (concluding that "merely deleting the patient names and other identifying information from patient records would [still] violate the physician-patient privilege"); Meier v. Awaad, 299 Mich. App. 655, 667, 832 N.W.2d 251, 259 (2013) (Holding that under Michigan law "the physician-patient privilege prohibits disclosure even when the patient's identity is redacted."); Roe v. Planned Parenthood Sw. Ohio Region, 122 Ohio St. 3d 399, 2009, 912 N.E.2d 61, 71 (2009) (concluding that "[r]edaction of personal information . . . does not divest the privileged status of confidential records").

The need for access in this case might appear significant, given the need for this Court to assure its jurisdiction. But on closer inspection, Plaintiffs' need is less pressing. This Court's jurisdiction is well-founded, and most of the CAFA exceptions raised by Plaintiff are non-jurisdictional matters of abstention. Adams v. W. Marine Prods., 958 F.3d 1216, 1223 (9th Cir.

NON-PARTY MULTICARE HEALTH SYSTEM'S
MOTION TO QUASH (22-CV-00915-JLR) - 8

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

2020) (CAFA's "local controversy and home state exceptions are not jurisdictional"). Plaintiffs concede as much. See Dkt 32 p. 4, n.2. Moreover, some Plaintiffs already have a second lawsuit on behalf of the same class against one of the same defendants, so they should be required to seek discovery directly in that case, in which MultiCare is a party.

As to the fifth and final factor, the UHCIA provides an express statutory mandate and public policy against disclosure.

Though not binding authority, the case of Northwest Memorial Hospital v. Ashcroft is a helpful guidepost. Without recognizing a federal right to privacy in medical records, the Seventh Circuit nonetheless affirmed the quashing of a government subpoena seeking anonymized medical records on privacy grounds, using a powerful analogy to explain why anonymous records were nonetheless invasive:

> Imagine if nude pictures of a woman, uploaded to the Internet without her consent though without identifying her by name, were downloaded in a foreign country by people who will never meet her. She would still feel that her privacy had been invaded. The revelation of the intimate details contained in the record of late-term abortion may inflict a similar wound.

Nw. Mem'l Hosp. v. Ashcroft, 362 F.3d 923, 929 (7th Cir. 2004). The surgeries at issue in this case are likewise deeply personal matters, and Plaintiffs should not be permitted to require MultiCare to produce patient records until and unless Plaintiffs notify the affected patients.

Finally, MultiCare suspects that Plaintiffs' goal in demanding this PHI is not simply assuring jurisdiction, but also identifying and soliciting new clients. A district court is within its discretion to prohibit discovery demands for similarly situated individuals to solicit them. Hatch v. Reliance Ins. Co., 758 F.2d 409, 416 (9th Cir. 1985) (Affirming denial of plaintiff's attempt to gain names of similarly situated investors for class action); see also Flanigan v. Am. Fin. Sys. of Ga., 72 F.R.D. 563, 563 (M.D. Ga. 1976) ("Rule 23 should not be used as a device to enable client solicitation"); Crabtree v. Hayden, Stone Inc., 43 F.R.D. 281, 283 (S.D.N.Y. 1967) ("the purpose of the pre-trial discovery rules . . . is to enable the parties to prepare for trial with respect

NON-PARTY MULTICARE HEALTH SYSTEM'S
MOTION TO QUASH (22-CV-00915-JLR) - 9

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094  ·  f. 206-749-0194

to their own bona fide existing claims, not to determine whether third parties may have similar claims"). Should this Court allow enforcement of the subpoena, MultiCare moves this Court to prohibit Plaintiffs from using the information for any purpose other than briefing this Court on its jurisdiction.

## IV.  <u>CONCLUSION</u>

The private medical information sought is protected by UHCIA and the U.S. Constitution, and the balance of the five factors favors patient privacy. The subpoena should be quashed.

Alternatively, if this Court believes that disclosure of some information is necessary for the Court to ascertain its jurisdiction, then MultiCare asks:

1. For an Order providing notice to patients consistent with the procedure ordered by this Court regarding Providence patient records (Dkt. 79, pp. 10-11); and

2. For all costs of notice to be borne by Plaintiffs, as Multicare is a non-party to the action; and

3. For a protective Order prohibiting use by Plaintiffs or their counsel of the information sought for any purpose other than briefing this Court on its jurisdiction; and

4. For this Court to quash the subpoena's request for patient nationality information and county of residence information as irrelevant to jurisdiction.

I certify that this memorandum contains 2,889 words, in compliance with the Local Civil Rules.

//

//

//

//

NON-PARTY MULTICARE HEALTH SYSTEM'S
MOTION TO QUASH (22-CV-00915-JLR) - 10

Fain Anderson VanDerhoef
Rosendahl O'Halloran Spillane, PLLC
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

1    DATED this Wednesday, June 21, 2023, in Seattle, Washington.

2

3                                    FAIN ANDERSON VANDERHOEF
                                     ROSENDAHL O'HALLORAN SPILLANE, PLLC
4

5                                    By s/ Eric A. Norman
                                     Eric A. Norman, WSBA No. 37814
6                                    Attorney for MultiCare
                                     3131 Elliott Ave, Suite 300
7                                    Seattle, WA 98121
                                     Telephone: (206) 749-2371
8                                    Facsimile: (206) 749-0194
9                                            eric@favros.com

10

11                                   FAIN ANDERSON VANDERHOEF
                                     ROSENDAHL O'HALLORAN SPILLANE, PLLC
12

13                                   By s/ Michelle L. Hyer
                                     Michelle L. Hyer, WSBA No. 32724
14                                   Attorney for MultiCare
                                     3131 Elliott Ave, Suite 300
15                                   Seattle, WA 98121
                                     Telephone: (206) 515-2153
16                                   Facsimile: (206) 749-0194
17                                           michelleh@favros.com

18

19

20

21

22

23

24

25

NON-PARTY MULTICARE HEALTH SYSTEM'S
MOTION TO QUASH (22-CV-00915-JLR) - 11

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

***Counsel for Plaintiffs***
William A. Gilbert, WSBA No. 30592
Beth Bollinger, WSBA No. 26645
Gilbert Law Firm, P.S.
421 W. Riverside Avenue, Suite 353
Spokane, WA 99201
bill@wagilbert.com
beth@wagilbert.com

☑ E-Filed with CM/ECF
☐ Facsimile
☐ Regular U.S. Mail
☑ E-mail

***Counsel for Defendant Jason A. Dreyer, DO***
Ryan M. Beaudoin, WSBA No. 30598
Jeffrey R Galloway, WSBA No. 44059
Witherspoon Brajcich McPhee, PLLC
601 W. Main Ave. Ste. Suite 1400
Spokane, WA 99201
rbeaudoin@workwith.com
jgalloway@workwith.com

☑ E-Filed with CM/ECF
☐ Facsimile
☐ Regular U.S. Mail
☑ E-mail

***Counsel for Defendants Daniel Elskens, DO and Jane Doe Elskens***
Stephen M. Lamberson, WSBA No.12985
Ronald A. Van Wert, WSBA No. 32050
Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C.
618 W. Riverside Ave., Ste. 210
Spokane, WA 99201
lambo@ettermcmahon.com
rvw@ettermcmahon.com

☑ E-Filed with CM/ECF
☐ Facsimile
☐ Regular U.S. Mail
☑ E-mail

***Co-Counsel for Defendant Providence Health & Services Washington***
Kenneth E. Payson, WSBA No. 26369
Ross Siler, WSBA No. 46486
Olivia Powar, WSBA No. 59504
Davis Wright Tremaine LLP
920 Fifth Ave., Ste. 3300
Seattle, WA 98104-1610
kenpayson@dwt.com
ross.siler@dwt.com
oliviapowar@dwt.com

☑ E-Filed with CM/ECF
☐ Facsimile
☐ Regular U.S. Mail
☑ E-mail

NON-PARTY MULTICARE HEALTH SYSTEM'S
MOTION TO QUASH (22-CV-00915-JLR) - 12

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

***Co-Counsel for Defendant Providence***
***Health & Services Washington***
Jennifer K. Oetter, WSBA No. 26140
Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Ave., Ste. 900
Portland, OR 97204-2025
jennifer.oetter@lewisbrisbois.com

☒ E-Filed with CM/ECF
☐ Facsimile
☐ Regular U.S. Mail
☒ E-mail

   Signed at Seattle, Washington this 21st day of June, 2023.

*/s/ Esther Wong*
Esther Wong
Legal Assistant to Eric A. Norman

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194