1
2
3
4
5
6
                                                    The Honorable James L. Robart
7
8
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE
9
10  CAROLINE ANGULO, a single person, ERIC        NO. 22-CV-00915-JLR
    KELLER, a single person, and ISABEL
11  LINDSEY and CHARLES LINDSEY, a              **DECLARATION OF ERIC A. NORMAN
    married couple,                            IN SUPPORT OF NON-PARTY
12                                             MULTICARE HEALTH SYSTEM'S
                          Plaintiffs.          MOTION TO QUASH**
13
    v.                                         **NOTE ON MOTION CALENDAR:**
14                                             **July 7, 2023**
    PROVIDENCE HEALTH & SERVICES
15  WASHINGTON, a non-profit Washington         **Request for Oral Argument**
    Corporation, also d/b/a PROVIDENCE ST.
16  MARY MEDICAL CENTER; Dr. JASON A.
    DREYER, DO, and JANE DOE DREYER,
17  husband and wife and the marital community
    thereof; Dr. DANIEL ELSKENS DO, and
18  JANE DOE ELSKENS, husband and wife and
    the marital community thereof; and
19  JOHN/JANE DOES 1-10, and any marital
    communities thereof,
20
                          Defendants.
21
22         I, ERIC A. NORMAN, make this Declaration:

23         1.      I am one of the attorneys for Non-party MultiCare Health System. I have

24  personal knowledge of the following information and I am competent to testify to the same.

25

DECLARATION OF ERIC A. NORMAN IN SUPPORT        **FAIN ANDERSON VANDERHOEF
OF NON-PARTY MULTICARE HEALTH SYSTEM'S           ROSENDAHL O'HALLORAN SPILLANE, PLLC**
MOTION TO QUASH (22-CV-00915-JLR) - 1            3131 Elliott Ave, Suite 300
                                                 Seattle, WA 98121
                                                 p. 206-749-0094 · f. 206-749-0194

2.    I certify that on June 5, 2023, I met with counsel for Plaintiff via a Zoom conference to discuss Plaintiff's continued desire to obtain MultiCare's patients' health care records, in an effort to resolve the matter without court intervention. See Ex. B to this Declaration. Although all parties met and conferred in good faith, we were unable to reach agreement.

3.    Attached hereto are true and correct copies of the following:

Ex. A:    Subpoena to MultiCare to Testify re: Patient Records

Ex. B:    Letter dated June 7, 2023 from Plaintiff's Counsel

Ex. C:    Excerpted Discovery Request and Responses from *Rae, et al. v. MultiCare, et al.* currently pending in Spokane County Superior Court (after transfer from Pierce County Superior Court).

Ex. D:    Letter dated June 21, 2023 to Plaintiff's Counsel

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 21st day of June, 2023, in Seattle, Washington.

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC


By *s/ Eric A. Norman*
Eric A. Norman, WSBA No. 37814
Attorney for MultiCare
3131 Elliott Ave, Suite 300
Seattle, WA 98121
Telephone: (206) 749-2371
Facsimile: (206) 749-0194
eric@favros.com

DECLARATION OF ERIC A. NORMAN IN SUPPORT
OF NON-PARTY MULTICARE HEALTH SYSTEM'S
MOTION TO QUASH (22-CV-00915-JLR) - 2

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094 • f. 206-749-0194

1

## CERTIFICATE OF SERVICE

2

    I hereby certify that on the date below, I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the
following:

4

    ***Counsel for Plaintiffs***                 ☑ E-Filed with CM/ECF

5

    William A. Gilbert, WSBA No. 30592     ☐ Facsimile
    Beth Bollinger, WSBA No. 26645          ☐ Regular U.S. Mail

6

    Gilbert Law Firm, P.S.                    ☑ E-mail
    421 W. Riverside Avenue, Suite 353

7

    Spokane, WA 99201

8

    bill@wagilbert.com
    beth@wagilbert.com

9

    ***Counsel for Defendant Jason A. Dreyer, DO***   ☑ E-Filed with CM/ECF
    Ryan M. Beaudoin, WSBA No. 30598     ☐ Facsimile

10

    Jeffrey R Galloway, WSBA No. 44059    ☐ Regular U.S. Mail
    Witherspoon Brajcich McPhee, PLLC    ☑ E-mail

11

    601 W. Main Ave. Ste. Suite 1400

12

    Spokane, WA 99201
    rbeaudoin@workwith.com
    jgalloway@workwith.com

13

    ***Counsel for Defendants Daniel Elskens, DO***  ☑ E-Filed with CM/ECF

14

    ***and Jane Doe Elskens***                ☐ Facsimile
    Stephen M. Lamberson, WSBA No.12985  ☐ Regular U.S. Mail

15

    Ronald A. Van Wert, WSBA No. 32050   ☑ E-mail
    Etter, McMahon, Lamberson, Van Wert &

16

    Oreskovich, P.C.
    618 W. Riverside Ave., Ste. 210

17

    Spokane, WA 99201
    lambo@ettermcmahon.com

18

    rvw@ettermcmahon.com

19

    ***Co-Counsel for Defendant Providence***    ☑ E-Filed with CM/ECF
    ***Health & Services Washington***         ☐ Facsimile

20

    Kenneth E. Payson, WSBA No. 26369   ☐ Regular U.S. Mail
    Ross Siler, WSBA No. 46486           ☑ E-mail

21

    Olivia Powar, WSBA No. 59504

22

    Davis Wright Tremaine LLP
    920 Fifth Ave., Ste. 3300

23

    Seattle, WA 98104-1610
    kenpayson@dwt.com

24

    ross.siler@dwt.com
    oliviapowar@dwt.com

25

DECLARATION OF ERIC A. NORMAN IN SUPPORT
OF NON-PARTY MULTICARE HEALTH SYSTEM'S
MOTION TO QUASH (22-CV-00915-JLR) - 3

**Fain Anderson VanDerhoef**
**Rosendahl O'Halloran Spillane, PLLC**
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094 • f. 206-749-0194

1

***Co-Counsel for Defendant Providence***
***Health & Services Washington***
Jennifer K. Oetter, WSBA No. 26140
Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Ave., Ste. 900
Portland, OR 97204-2025
jennifer.oetter@lewisbrisbois.com

☑ E-Filed with CM/ECF
☐ Facsimile
☐ Regular U.S. Mail
☑ E-mail

2

3

4

5

6        Signed at Seattle, Washington this 21st day of June, 2023.

7

8                                    */s/ Esther Wong*
                                     Esther Wong
9                                    Legal Assistant to Eric A. Norman

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DECLARATION OF ERIC A. NORMAN IN SUPPORT
OF NON-PARTY MULTICARE HEALTH SYSTEM'S
MOTION TO QUASH (22-CV-00915-JLR) - 4

**Fain Anderson VanDerhoef**
**Rosendahl O'Halloran Spillane, PLLC**
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094 ・ f. 206-749-0194

EXHIBIT A

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | | |
|---|---|---|
| **CAROLINE ANGULO, et al.,** | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  **C22-0915JLR** |
| **PROVIDENCE HEALTH & SERVICES -** | ) | |
| **WASHINGTON, et al.,** | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           **MULTICARE HEALTH SYSTEM Fed. R. Civ. P. 30(b)(6) DESIGNEE(S)**

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:
>       **1. Number of patients surgically treated by Dr. Jason Dreyer for spine cases;**
>       **2. For each patient their county and state of residence, and nationality current as of May 16, 2022.**

| Place: | Date and Time: |
|---|---|
| | |

The deposition will be recorded by this method:   **STENOGRAPHIC**

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **In lieu of a 30(b)(6) deposition, you may produce a list that contains the above-requested information. Alternatively, you may produce the most current patient contact information that you have (name, address, phone, and email if available) either in list form or via contact form information sheets from individual patient files, so that the requested information can be retrieved from patients directly. Method of production and use of information can occur as the parties agree or as the Court orders, in compliance with federal HIPAA and Washington's UHCIA, including via the use of business associate agreement(s).**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **CAROLINE ANGULO, et al.**
_____ , who issues or requests this subpoena, are:

**WILLIAM A. GILBERT, 421 W. RIVERSIDE AVE., STE. 353, SPOKANE, WA 99201; bill@wagilbert.com; (509) 321-0750**

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  C22-0915JLR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

    ❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

                                      _____
                                                  *Server's signature*

                                      _____
                                             *Printed name and title*

                                      _____
                                             *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT B



June 7, 2023

**VIA Email**

Eric A. Norman
Michelle Hyer
FAVROS Law
701 5th Ave. Ste. 4750
Seattle, WA 98104

Re:    **Angulo, et. al. vs. Providence Health & Services Washington, et al.**

Dear Counsel:

As you are aware, and as we have discussed, MultiCare patients treated by Jason Dreyer are one of the classes of patients seeking recovery from Providence Health & Services Washington ("Providence") in the above-captioned case. As you also are aware, Providence removed this case from King County Superior Court to the Western District of Washington. As you also are aware, and as we have discussed, the federal court is in the process of determining jurisdiction, which includes determining the residency and nationality of potential class members. In that regard, the Court has granted us leave to issue a subpoena to MultiCare for the needed information. We attach a copy of the Court's order here, a copy of which we also provided last week.

As you know, we want to work with MultiCare to identify an efficient way to retrieve the needed information via subpoena. We expect MultiCare has current contact information for most, if not all, of these patients, since Jason Dreyer's treatment occurred recently (June 2019 through March 2021). We expect the universe of patients to be readily ascertainable since this period is less than two years total, with one year during Covid (when there likely were fewer surgeries).

We have suggested deposing a MultiCare corporate representative to obtain the needed information, where the representative reports (a) the number of patients who underwent spine surgery with Jason Dreyer and (b) their state/county of residence and nationality as of May 13, 2022 (the date the Providence class action was first filed). We think MultiCare may possess this information already, given how recent the surgeries were. If some patient outreach is still needed, we have offered to pay for mailing costs and otherwise can work with you on that.

We have also suggested in a recent Zoom conference that MultiCare could produce needed patient contact information via admission documents from the patients in question, and those

MOSES LAKE:
100 E. Broadway Ave.
Moses Lake, WA 98837
T: (509) 764-8426
F: (509) 343-3315

**William A. Gilbert**
**Ashley A. Richards**
**Beth M. Bollinger**
*Attorneys and Counselors*

SPOKANE:
421 W. Riverside Ave., Ste. 353
Spokane, WA 99201
T: (509) 321-0750
F: (509) 343-3315

June 7, 2023
Page 2 of 2

patients could be identified using Patient Procedure Count data (which we understand will identify by name those patients who received spine surgeries from Jason Dreyer). We also have discussed the use of business associate agreements (BAAs) for facilitating the use of the information retrieved, which may require follow-up calls to patients. We also have suggested using the same method that gets designated to use with Providence to retrieve Providence's patient information, which is in the process of getting decided. Or perhaps we can use a hybrid of all these methods to gather the information needed.

Your response to our suggestions has been that we send over the subpoena, and you will review. It is attached. In the subpoena, we propose alternatives to retrieving the needed information. We continue to be open to proposals from MultiCare, which is in the best position to know how best to facilitate the retrieval of the needed information from its own records. We recognize that MultiCare is a non-party to this class action; our intention is to draw the subpoena as narrowly as we can while still retrieving the information that the Court needs to conduct its jurisdictional determination, all while respecting health care information privacy laws.

Please feel free to contact Beth or me to discuss.

Respectfully and sincerely,

GILBERT LAW FIRM, P.S.

WILLIAM A. GILBERT
Attorney at Law

Encl:   As Indicated Above.
cc:      File

EXHIBIT C

William A. Gilbert, WSBA #30592
Gilbert Law Firm, P.S.
421 W. Riverside Ave, Suite 353
Spokane, WA 99201
T: 509·321·0750
F: 509·343·3315
E: bill@wagilbert.com
Attorney for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR SPOKANE COUNTY

| | |
|---|---|
| GLENDA RAE, a single person,<br>And ISABEL LINDSEY and CHARLES<br>LINDSEY, a married couple,<br><div align=right>Plaintiffs.</div><br>vs.<br><br>MULTICARE HEALTH SYSTEM d/b/a:<br>MULTICARE DEACONESS HOSPITAL and<br>MULTICARE ROCKWOOD CLINIC<br>NEUROSURGERY & SPINE; and JASON A.<br>DREYER, DO and JANE DOE DREYER,<br>husband and wife and the marital community<br>thereof; and JOHN/JANE DOES 1-5 and any<br>marital communities thereof,<br><div align=right>Defendants.</div> | NO. 22-2-06780-8<br><br>**PLAINTIFF'S FIRST<br>INTERROGATORIES AND<br>REQUEST FOR PRODUCTION<br>PROPOUNDED UPON<br>MULTICARE HEALTH SYSTEM<br>WITH OBJECTIONS, ANSWERS<br>AND RESPONSES THERETO** |

TO:    MULTICARE HEALTH SYSTEM d/b/a MULTICARE DEACONESS HOSPITAL and
       MULTICARE ROCKWOOD CLINIC NEUROSURGERY & SPINE; and

TO:    Eric. A. Norman, Attorney for MultiCare Health System

NO. 22-2-06780-8
PLAINTIFFS' FIRST INTERROGATORIES AND
REQUEST FOR PRODUCTION PROPOUNDED
UPON MULTICARE HEALTH SYSTEM **WITH
OBJECTIONS, ANSWERS AND RESPONSES
THERETO**
PAGE 1 OF 62

**GILBERT LAW FIRM, P.S.**
421 W. Riverside, Ave., Suite 353
Spokane, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

Pursuant to Rules 26, 33 and 34 of the Washington Rules of Civil Procedure, Plaintiffs submit the following Interrogatories and Requests for Production to be answered separately and fully under oath within thirty (30) days from the date of service of said interrogatories upon you. In answering these Interrogatories and Requests for Production, you are required to furnish such information as is available to you, not merely the information which you know of your personal knowledge. This is intended to include any information in the possession of the agent or attorney or any investigator for the answering party.

Respond to:    William A. Gilbert
Gilbert Law Firm, P.S.
421 W. Riverside, Ste 353
Spokane, WA 99201

Court rule requires the answers be preceded by questions and thus extra copies of these interrogatories are being served upon you in order to expedite the answering thereof. You may type your answers immediately after the question and thus avoid retyping the question.

If you claim that any information requested is protected from disclosure / discovery by privilege or the work product doctrine you must identify such document or thing in your written response, giving the following information: (a) date of document; (b) author of document; (c) addressee of document; (d) nature of document; such as memorandum, letter, etc.; (e) anyone who has received a copy of the document; and (f) the general subject matter of the document.  You must preserve the information stated above as well as the documents themselves in a privilege log. Failure to do so may lead to sanctions or other admonishment by the court.

**Protective Order:**  It is the intention of PLAINTIFFS to have the parties enter an agreed-upon protective order to protect patient and HIPAA concerns.  If you are claiming that any information responsive to these Interrogatories and Requests for Production is confidential or contains information which the defendant claims is proprietary or otherwise requires additional

NO. 22-2-06780-8
PLAINTIFFS' FIRST INTERROGATORIES AND
REQUEST FOR PRODUCTION PROPOUNDED
UPON MULTICARE HEALTH SYSTEM **WITH
OBJECTIONS, ANSWERS AND RESPONSES
THERETO**
PAGE 2 OF 62

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, AVE., SUITE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

**REQUEST FOR PRODUCTION NO. 2:** Produce a complete copy of each medical record for any and all patients of Dr. JASON A. DREYER, DO. This would include all records created for purpose of treatment and diagnosis of Dr. Dreyer's patients including biopsies, charts, notes, files, email messages (whether in hard copy or electronic form), test requisition and result slips, monitoring strips, imaging films (X-Ray, CT, MRI, PET, bone, angiogram, ultrasound, etc.), videos, photographs, audio recordings, correspondence, memoranda, time records, billings statements, ledgers, and electronic files of every description pertaining in any manner to services you or your staff or hospital rendered to patients of Dr. Dreyer. **This request will be subject to an agreed-upon protective order to be entered by the parties forthwith.**

This request is intended to encompass /capture the production of every possible data set (or categories of data) that your electronic medical record system can provide. In the event you claim that information in your possession is privileged or work product, provide a privilege log specifying the privileged items. Further included should be the print screen of you EMR computer system that provides the data sets that Defendant may select for printing of responsive records; any Room Activity Report, Detailed Room Activity Report, and/or any report documenting any visit or service for which Dr. Dreyer was compensated.

The record should be produced in original electronic native form with metadata intact; as well as paper media. All films and videos should be produced in native format; as well as in a format accessible by Plaintiff, and their experts.

**RESPONSE:** *To the extent this response calls for records belonging to patients of Dr. Dreyer's other than the named plaintiffs, Defendant objects on the basis that such request is overbroad, not calculated to lead to the discovery of admissible evidence and unduly burdensome. Such information also contains the personal medical data of other patients, which is protected from*

NO. 22-2-06780-8
PLAINTIFFS' FIRST INTERROGATORIES AND
REQUEST FOR PRODUCTION PROPOUNDED
UPON MULTICARE HEALTH SYSTEM **WITH
OBJECTIONS, ANSWERS AND RESPONSES
THERETO**
PAGE 11 OF 62

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, AVE., SUITE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

*disclosure under federal and state law. See e.g., RCW 70.02.020. Putative class members are not parties to this litigation and have not waived their right to privacy or to keep their personal and confidential health care information protected. Object to the extent that this request for production seeks the disclosure of privileged attorney-client communications, privileged work-product, or privileged information under RCW 43.70.510 and RCW 70.41.200.*

*Subject to and without waiving these objections, defendant states:*

*See attached the following:*

1. *MultiCare medical records regarding Glenda Rae, bates numbered MHS 000001-3196.*
2. *MultiCare medical records regarding Isabel Lindsey, bates numbered MHS 000001-816.*
3. *One .zip file of MultiCare imaging studies regarding patient Glenda Rae.*
4. *One .zip file of MultiCare imaging studies regarding patient Isabel Lindsey.*
5. *MultiCare billing records regarding patient Glenda Rae, bates numbered MHS-B 000001-59.*
6. *MultiCare billing records regarding patient Isabel Lindsey, bates numbered MHS-B 000001-14.*

**REQUEST FOR PRODUCTION NO. 3:** Produce a complete copy of the audit log / trail for any record produced in response to Request for Production No. 2.

**RESPONSE:** *Please see response to Request for Production No. 2. To the extent that this request for production requests the audit log/trails for the two named Plaintiffs, please see attached, bates numbered RAE AUDIT TRAIL 000001-3224 and LINDSEY AUDIT TRAIL 000001-1530.*

**REQUEST FOR PRODUCTION NO. 4:** Produce a complete copy of the audit log / trail for any imaging (X-Ray, CT, MRI, PET, bone, angiogram, ultrasound, etc.) that is recorded in the medical record responsive to Request for Production No. 2.

**RESPONSE:** *Please see attached audit log/trails for the two named Plaintiffs, bates numbered RAE PACS AUDIT TRAIL 000001-3 and LINDEY PACS AUDIT TRAIL 000001.*

NO. 22-2-06780-8
PLAINTIFFS' FIRST INTERROGATORIES AND
REQUEST FOR PRODUCTION PROPOUNDED
UPON MULTICARE HEALTH SYSTEM **WITH
OBJECTIONS, ANSWERS AND RESPONSES
THERETO**
PAGE 12 OF 62

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, AVE., SUITE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

EXHIBIT D



Direct Line: 206-749-2371
E-mail: eric@favros.com

June 21, 2023

1200.319

**SENT VIA EMAIL**
William Gilbert
Beth Bollinger
Gilbert Law Firm, P.S.
421 W. Riverside Avenue, Suite 353
Spokane, WA 99201

Re:     *Angulo et al. v. Providence Health & Services Washington et al.*
          *Response to Plaintiffs' Letter Dated June 7, 2023*

Dear Bill and Beth:

The purpose of this letter is to respond to your letter dated June 7, 2023. As you know, I represent MultiCare in the pending Spokane County Superior Court civil actions Palmer v. Dreyer, et al. and Rae/Lindsay v. Dreyer et al. You represent plaintiffs in these actions as well as in the Angulo case. The Rae/Lindsay case is captioned as a "class action" lawsuit. Plaintiff also recently filed an amended complaint in the Palmer case adding Providence as a defendant.

On June 5, 2023, we had a Zoom video conference to discuss Judge Robart's jurisdictional discovery order dated May 23, 2023 directed to non-party MultiCare in the Angulo case. At the time of this call, you had not served MultiCare with any subpoena under Judge Robart's order.

During this call, you first proposed an "easy" way for plaintiffs and MultiCare to address this order – an "attorney's eyes only" production to you of Dr. Dreyer's MultiCare patient names and addresses. I did not agree to this proposal.

You then proposed a 30(b)(6) deposition of MultiCare seeking Dr. Dreyer's MultiCare patient count and each patient's last known domicile to MultiCare. You were however not sure this was the discovery mechanism that you were ultimately going to use. I did not agree to this or any proposal.

Without wavier of any objections MultiCare may have, I told you to send me whatever subpoena notice you were going to decide to use and I would review and consider MultiCare's response. This was substantively the extent of our conversation.

Page 2

On June 7, 2023, you sent me the 30(b)(6) deposition request to MultiCare in <u>Angulo</u> along with your cover letter, which includes a lengthy list of "efficient ways" to obtain this information from MultiCare that plaintiff asserts we allegedly discussed on June 5, 2023. We discussed only the options outlined above during the Zoom conference. Plaintiff's "expectations" of what is "readily ascertainable" for MultiCare is also without any factual basis.

For reasons more fully set forth and supported in MultiCare's Motion to Quash, MultiCare is objecting to the production of any privileged and otherwise protected information about its patients in <u>Angulo</u>. This information has nothing to do with the <u>Angulo</u> case and the pending jurisdictional issue before Judge Robart and is a backdoor effort to obtain information from MultiCare for use in the pending MultiCare state court cases identified as evidenced by your proposed "attorney's eyes only" production.

Please feel free to contact Michelle or me to discuss further.

Sincerely,

FAIN ANDERSON VANDERHOEF ROSENDAHL
O'HALLORAN SPILLANE, PLLC

Eric A. Norman

Cc: Client