1

The Honorable James L. Robart

2

3

4

5

6

7     UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
8     AT SEATTLE

9   CAROLINE ANGULO, a single person, ERIC
KELLER, a single person, ISABEL LINDSEY
10  and CHARLES LINDSEY, a married couple,          No. 2:22-cv-00915-JLR
and CHRISTINE BASH, individually and as a
11  personal representative of the ESTATE OF        JOINT STATEMENT
STEVEN BASH,                                    REGARDING JURISDICTIONAL
12                                                  DISCOVERY PROGRAM
Plaintiffs,
13
v.
14
PROVIDENCE HEALTH & SERVICES –
15  WASHINGTON, a non-profit Washington
corporation, also d/b/a PROVIDENCE ST.
16  MARY MEDICAL CENTER; DR. JASON A.
DREYER, D.O., and JANE DOE DREYER,
17  husband and wife and the marital community
thereof; DR. DANIEL ELSKENS, D.O., and
18  JANE DOE ELSKENS, husband and wife and
the marital community thereof; and JOHN/JANE
19  DOES 1-10, and any martial communities
thereof,
20
Defendants.
21

22

23

24

25

26

27

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR)

## I.    INTRODUCTION

The Court's Order dated May 15, 2023 (the "Order"), directed the parties to file a joint statement (1) identifying an administrator to manage the jurisdictional discovery process, subject to the court's approval; (2) describing the process by which the administrator will identify current addresses for the proposed class members; (3) determining how the notice process itself will comply with the Uniform Health Care Information Act ("UHCIA"); (4) agreeing on the content of the notice and the information form; (5) identifying the relevant date to determine the proposed class members' state residency; and (6) proposing a new schedule for completing jurisdictional discovery.  Dkt. 79 at 11.  The Court also directed the parties to file a copy of the proposed notice and information form.  *Id.*  Since the date of the Order, the parties have exchanged proposals outlining the Court's requested topics and met and conferred on June 8, 2023, via video conference.  The parties have been able to agree on some of the requested topics; however, several items remain disputed.

In the Order, the Court stated that "[i]f the parties are unable to reach agreement regarding any of the above, the parties may each submit their own proposal and joint statement that indicates areas of agreement and contains each party's proposed alternatives with respect to the remaining areas of dispute."  *Id*.  Accordingly, the parties submit this joint statement outlining their proposals and disagreements with respect to the jurisdictional discovery process. Dr. Dreyer and Dr. Elskens concur with Providence's proposal and positions regarding the jurisdictional discovery process and the content of the notice and information form at Exhibit B. Along with this joint statement, the parties are providing:

- **Exhibit A-1:**  Plaintiffs' proposed notice and information forms.

- **Exhibit A-2:**  Plaintiffs' alternative proposed notice and information forms.

- **Exhibit B:**  Providence's proposed notice and information form.

The parties agree that appointment of a third-party administrator is necessary to identify current addresses for patients and to mail notices/information forms to these patients.  The

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

parties further agree that the relevant date to determine the proposed class members' state residency is May 13, 2022, the date Plaintiffs filed their original complaint in King County Superior Court, in accordance with 28 U.S.C. § 1332(d)(7). The parties accordingly have referenced May 13, 2022, in their proposed notices. Otherwise, the parties disagree on the remaining topics and set forth their positions below.

## II.    THE PARTIES' POSITIONS

**INTRODUCTION BY PLAINTIFF:**

A summary of the main points of the Plaintiffs' proposal is as follows:

1.    This is a discovery process. Plaintiffs have a burden to meet. We ask for any notice to create an avenue for our involvement and participation, either as a BAA (business associate, see below) or via RCW 70.02.060(1) (UHCIA's litigation-notice process). For the BAA option, our proposed Notice is at Exhibit 1-A. For a litigation option (RCW 70.02.060(1)), our proposed Notice is at Exhibit 1-B.

2.    We urge the Court to build in a follow-up process so sufficient data is retrieved.

3.    We propose two options for administrator – the <u>first</u> being one that reunites team members from *Wright v. Jeckle* (Washington case from the early 2000s which was found to be in compliance with Washington's UHCIA), and the <u>second</u> being one that uses Settlement Services Inc. ("SSI") as the manager. The *Wright v. Jeckle* team has already shown their experience and professionalism in the *Wright* case, while SSI is an experienced Claims Administration firm from Tallahassee, Florida, that can give hands-on attention to this jurisdictional discovery project (including by the monitoring of a dedicated phone line for individuals calling with questions).

--The first approach would work best with the Gilbert Law Firm's involvement up front (as a BAA contractor with Providence, see below) to ensure coordination.

--We recommend the second approach (if there is no BAA contract) to comply with RCW 26.02.060(1) so that the Gilbert Law Firm can be involved and, at a minimum, help coordinate follow-up phone calling as needed.

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

4.     Under either administrator proposal, we propose that the Court allow a follow-up process to the mailings that includes follow-up phone calls as needed, using the Gilbert Law Firm as well as Kristy Bergland (a paralegal with extensive experience in class actions and class administration) and Shari Smith (a retired paralegal from Paine Hamblen law firm with 35+ years of experience in civil litigation) for that outreach (or SSI, if required).

5.     As to Notice contents: both parties expect 1,750 potential claimants to receive a Notice. However, Plaintiffs submit that there is a subset of these 1,750 patients who Providence has previously identified as being potential class members based on the specific surgeries they received. For this subset of patients, we propose additional language be added to their Notice and to have retrieval of their information prioritized (since they are the most likely class members). This results in two identical notices being sent, with the only difference being that the following paragraph is added to the Notice sent to the specifically-identified patients:

> However, you have been identified by Providence as a past patient of Dr. Dreyer or Dr. Elskens who may qualify as a class member because of the specific medical care that you received.

6.     We propose an opt-out option so that patients can choose not to participate.

7.     We ask the Court to appoint a magistrate judge (we recommend Judge Magistrate Mary Alice Theiler) to assist as needed and to receive opt-out forms (as done in the *Wright* case). This is a discovery process and a process ascertaining federal jurisdiction; having a federal magistrate judge involved will promote judicial efficiency and accuracy.

8.     We ask that there be an expeditious process with periodic checkpoints/updates.

9.     We ask the Court to reject Providence's lack of follow-up options, and its effort to ensure that Plaintiffs are excluded from this discovery process.

## INTRODUCTION BY PROVIDENCE:

Providence has proposed the appointment of JND Legal Administration, a leading class administrator based in Seattle, as jurisdictional discovery administrator in this case, consistent with the Court's direction in its Order.  Providence would engage JND as a business associate

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

under HIPAA such that it could disclose PHI to JND without patient authorization pursuant to RCW 70.02.050 to facilitate the jurisdictional discovery process and address the Court's previous concerns about compliance with the UHCIA. JND can manage all aspects of the jurisdictional discovery process, including mailing notices and information forms to patients, creating an online portal where patients can provide residency/citizenship information, and handling any follow-up correspondence/communications to the extent necessary. The appointment of JND represents the most protective approach to PHI and requires the least disclosure to outside entities and individuals. Providence believes Plaintiffs' proposal is impermissible (with respect to appointing Plaintiffs' counsel as an administrator and business associate of Providence) and entirely impractical as it would require the involvement of six or more entities/individuals to accomplish what JND can do itself. JND's appointment additionally addresses Providence's continued concern about Plaintiffs' counsel's attempts to use what the Court envisioned as limited jurisdictional discovery on patients' state residency and citizenship to generate improper contacts and communications with potential class member patients at this stage of the case.

As to the Court's specific topics:

**A.    Identifying an Administrator to Manage this Process, Subject to the Court's Approval**

**1.    Plaintiffs' Position:**

Initially, the Court approved the Plaintiffs' use of proposed class members' contact information to ascertain citizenship. *3/17/2023 Order at 14*. After Providence's Motion for Reconsideration, the Court held that, pursuant to Washington's Uniform Health Care Information Act ("UHCIA"), the "proposed classes must receive advance notice before Providence may share their PHI with any other party," including Plaintiff counsel, and ordered parties to "develop a notice procedure that harmonizes the UHCIA's protections with the court's paramount need to determine subject matter jurisdiction." *5/15/2023 Order at 9*.

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    Since the Court's 5/15/2023 Order, Providence has informed the parties that it can enter

2    Business Associate Agreements (BAAs) that are compliant with the UHCIA, making it possible

3    to share PHI with a company entering a BAA without giving prior notice to proposed class

4    members. Per Providence, this is authorized under RCW 70.02.050(1)(b), which permits

5    disclosures of PHI without patient authorization by a health care provider or facility "[t]o any

6    other person who requires health care information" for "administrative," "legal" or "other health

7    care operations" for or on behalf of the provider or facility. RCW 70.02.050(1)(b).

8    Plaintiffs agree with Providence that BAAs can be used so that notice to patients need not

9    be executed before sharing information, pursuant to RCW 70.02.050(1)(b). BAAs will simplify

10   the process and accomplish the Court's goal of "harmoniz[ing] the UHCIA's protections with the

11   court's paramount need to determine subject matter jurisdiction." *5/15/2023 Order at p. 9.* The

12   BAA option thus creates new avenues for jurisdictional discovery/data compilation that was not

13   before the Court previously.

14   Providence argues that a third-party administrator be used without parties' involvement,

15   and that it designed its process to prevent Plaintiff counsel from "attempting to use the narrow

16   jurisdictional discovery the Court has authorized to generate contacts and communications with

17   potential class member patients that are inappropriate at this stage or to solicit clients."  This is

18   not a valid concern, nor was it a concern of this Court in its original March 17, 2023 Order, when

19   Plaintiff counsel was expected to do this outreach.  We are officers of the Court and behave

20   accordingly. And precertification discovery about class issues is completely proper.  *Perez v.*

21   *Safelite Group, Inc.*, 553 Fed. Appx. 667, 669 (9th Cir. 2014) ("failing to allow precertification

22   discovery where it is necessary to determine the existence of a class is an abuse of discretion").

23   Under any scenario, as described below, we ask that the Court allow party involvement.

24   And while Providence's approach may be simplified (per Providence), it fails to take into

25   account the need for follow-up work and the need for the parties to obtain sufficient discovery

26   for this Court's jurisdictional inquiry. Neither does it evince a smooth process for claimants.

27

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   As to Plaintiffs' approaches:

2   **Proposal One:** Plaintiffs recommend reuniting team members involved in the class

3   certification process from *Wright v. Jeckle*.[1] This would be Walt's Mailing Service in Spokane,

4   Washington, and Kristy Bergland, a paralegal with extensive experience over the past 20+ years

5   with using Walt's for class action mailings and managing notifications in-house in a more cost-

6   effective manner. *Bollinger Decl., ¶¶ 2, 3 and Exhs. 1, 2* (Walt's Mailing Service Bid, Kristy

7   Bergland Declaration). As part of this proposal, the Gilbert Law Firm would enter a BAA

8   contract to facilitate communication and ensure expedient discovery to assure court jurisdiction

9   and confidential treatment of patient privacy, as would Walt's Mailing Service, Ms. Bergland,

10  and Ms. Smith (mentioned above, a retired civil litigation paralegal with 35+ years of experience

11  who can assist Ms. Bergland as needed). We also would propose use of Settlement Services Inc.

12  ("SSI"), who can develop a website for online submissions, with a dedicated phone line to

13  answer questions (per SSI, the website would be PHI-protected). *Bollinger Decl., ¶ 4, Exh. 3*

14  (SSI Bid – see items 2 and 3).

15  Plaintiffs also propose follow-up contact/phone calling to potential class members to

16  ensure sufficient data is gathered (something Providence <u>does not propose</u>).  Follow-up contact /

17  phone calling would be done by Ms. Bergland ($45/hour), Ms. Smith ($40/hour) or the Gilbert

18  Law Firm (no charge). Contrary to Providence's protestations, all of these individuals and/or

19  companies can execute a BAA and are well versed in the litigation process.

20  **In sum:**

21  **_Proposal One Cost_**: 1,750[2] mailings est. (excluding follow-up phone calls): **$11,500.00**.[3]

22  [1] *See Wright v. Jeckle*, 90 P.3d 65, 68-69 (Wash. Ct. App. 2004).

23
24  [2] The bid by Walt's Mailing Service was $1,808.05 for 1,500 mailings and $2,389.67 for 2,000 mailings. $2,100.00 for 1,750 mailings is extrapolated from those numbers.

25  [3] This includes first mailing, $2,100.00 (1,750 mailings estimated); building database, $225.00
26  (maximum. 5 hours at $45/hour); skip tracing, $225.00 (maximum 5 hours at $45/hour for 175 undeliverable mailings, or 10 percent of mailings); $450.00 miscellaneous (10 hours at $45/hour for additional paralegal time for incidentals not estimated in the above); second mailing $400.00
27

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**Proposal Two**: To the extent the Court does not appoint the Gilbert Law Firm as a BAA contractor and coordinator, Plaintiffs propose using SSI as a single third-party administrator for all aspects of the class administration except for follow-up phone calling (for which we continue to propose Ms. Bergland, Ms. Smith, and the Gilbert Law Firm). *See Id., ¶ 4, Exh. 3.* [4]

SSI is in Tallahassee, Florida, and was established in the 1990s by Thomas Warren, a class action litigator who set up an in-house claims administration system, before third-party administrators were so plentiful. This in-house system became its own company. It is owned by Epiq Global but operates independently for its bidding process and computer system, with all SSI data housed on SSI's own system. It is a hands-on firm that can adapt to the needs of a case like this one (with a relatively small number of potential claimants and the retrieval of specific, discovery-oriented information). SSI has about 15 employees, which speaks to the personal approach it would take to the administration of this jurisdictional discovery project.

While SSI has not entered a BAA contract in the past, it has handled many claims administration projects related to the health field. Recent health-related administrations involving proper handling of **PHI** (which is the concern of a BAA contract) are (a) *CC v. Baylor*, USDC Eastern District of Texas and (b) *N.R. v. Raytheon Company*, USDC Eastern District of Texas. SSI's website proposal specifically proposes the protection of PHI within that website (which we recommend for either Proposal 1 or Proposal 2). *See Bollinger Decl., ¶4, Exh. 3* (items 2 and 3).

Providence's only complaint about using SSI is that it has not executed a BAA before, but it does not specify how BAA requirements differ from the protection of PHI in general and does not dispute that SSI has experience protecting PHI under HIPAA. By its own proposal, SSI has represented it can comply with the data privacy protections required. The PHI protections

---

(using JND's apparent estimate of 110 additional mailings); $900.00 compilation of data (est. 20 hours at $45/hour); $7,050.00 website build/support by SSI (with dedicated phone line); $100.00 for P.O. Box rental for three months (estimated).

[4] SSI's website is: https://www.settlementservicesinc.com/  while Parent Company Epiq Global's website for class administration is: https://www.epiqglobal.com/en-us/services/class-action-mass-tort/class-action-administration

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

administered by SSI in the above-cited cases would have involved the same restrictions of a BAA. SSI has the proper credentials and experience to enter a BAA contract with Providence.

SSI is an approved vendor of the Seattle Office of Labor Compliance. Examples of SSI's additional experience is listed in its information sheet at the end of Exhibit 3. SSI estimates that 95 percent of its claims administrations are for both parties jointly. Its information sheet at the end of its proposal shows high praise from former clients.  For example, Donald Livingston, a former general counsel of the EEOC, and partner of Akin Gump Strauss Hauer & Feld LLP in Washington D.C., states, "*SSI brings superior and practical know-how, outstanding responsiveness, a compulsion for accuracy, and fair pricing to even the most complex matters.*"

SSI has a bid of $19,500.00, which is reasonable, especially given its combined website and dedicated phone number for questions, with reasonably priced options for any follow-up contact. *Id., Exh. 3* (item 13 for overall bid, items 14-16 for follow-up options).  In contrast, JND Legal Solutions (Providence's proposed company) has a higher bid of $21,497.00 (based on fewer Notice pages to copy) and that bid does not include a dedicated phone line for claimants to call, like SSI's bid provides. This is at least one important difference between proposals, since we expect potential claimants will have questions and will want a phone number to call for help.

Of further concern is the large size of JND vs SSI. With SSI, there is an expectation of personal attention and management, not only ensuring the protection of PHI but giving potential claimants confidence in that process. In contrast, it appears JND Legal Administration has been fielding complaints about their responsiveness and ability to assist claimants (including in the Equifax class action, which likely is taking up JND's time right now). *Bollinger Decl. at ¶ 5, Exh. 4* (gathering of online complaints). In gathering examples of complaints from the Better Business Bureau (*see Exh. 4*), Plaintiffs focused on individuals who report sending multiple emails (or attempting other contact) without responses, or with canned responses, and having to worry about whether their identity has been stolen. The examples used are from April and May 2023. In addition, 5,000 Equifax claimants had checks bounce due to a banking error and JND's

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

solution was to put the burden on claimants to prove expenses (though it did issue new checks). *Id*. None of this demonstrates a claimant-oriented approach.[5] This comports with Ms. Bergland's experience when using a large administrator: that their data processors/call center staff are low wage earners with little experience, resulting in frustration and confusion for claimants. *See Bollinger Decl., ¶ 3, Exh. 2 at p. 4* (Bergland Declaration). JND is a large company; with size comes anonymity. SSI, not JND, is the proper option for the task at hand.

Finally, SSI's hourly rates are lower than those charged by JND. SSI charges <u>$45 to $50</u>/hour for data entry, *id., ¶ 4, Exh. 3, pp. 3-4,* while JND charges <u>$90/hour</u> for the same work. SSI charges $125/hour for the website, *id.*; JND charges $185/hour. JND's other rates also seem higher. With higher hourly costs come higher overall expenses so that any increase in workload that affects the original bid will result in a continued increase in costs from JND.

As for efficiency: SSI commits to a two-week turnaround for setting up the website and dedicated phone line (with the mailing coordinated with the website going live). *Id., Exh. 3, item 3.* We know of no estimated turnaround time for JND's website or mailing.

For all these reasons, SSI is a better option than JND as a third-party administrator.

**<u>In sum:</u>**

**<u>*Proposal Two Cost*</u>**: 1,750[6] mailings est. (excluding follow-up phone calls but including the dedicated phone line for claimant questions and a personal approach) - SSI: **<u>$19,500.00</u>**.

(JND's proposal in contrast: $21,497.00 - $2,000.00 higher – with fewer services – e.g., <u>no</u> dedicated phone line, <u>higher</u> hourly rates, <u>no</u> hands-on, personal approach, and potentially a large call center/data processing system that does not give claimants confidence.)

---

[5] We note that Providence's other proposed third-party administrator, Angeon Group, withdrew its bid after Plaintiff counsel's research uncovered a data breach by Angeon Group in 2020 that went undetected at the time, and undisclosed to customers for nearly a year. We see no such data breach for JND but have concerns about the other complaints noted, as well as its overall size.

[6] The bid by Walt's Mailing Service was $1,808.05 for 1,500 mailings and $2,389.67 for 2,000 mailings. $2,100.00 for 1,750 mailings is extrapolated from those numbers.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    **For All Proposals:**  We recommend having a federal court magistrate (we recommend

2    Judge Magistrate Mary Alice Theiler) act as an overall court administrator to ensure quick,

3    lawful, confidential resolution of any unforeseen difficulties that arise in this discovery process

4    and to receive notices from individuals who do not want to participate in this discovery process,

5    as was done in *Wright v. Jeckle* (see below). This is not a secretarial job, as Providence suggests.

6    Policing the jurisdiction of the Court and overseeing discovery are both well within the proper

7    functions of a federal magistrate that the Court can, and should, rely on.

8    **PROVIDENCE'S OBJECTIONS:**

9    **First** Providence asserts that we complicate the process by having a specific plan that

10   involves overlapping components (administrator, counsel, paralegal, magistrate). To the

11   contrary, our proposal streamlines the process and ensures it moves quickly by targeting who is

12   responsible for what, when, on an expedited but controlled basis. It matches a **discovery** process,

13   and the Court's goal of quick turnaround.

14        Further, even if this Court prefers one administrator, we have proposed SSI as a proper

15   alternative that also has a quick turnaround and is financially more reasonable than JND. (As

16   noted above, SSI will have the website, for online forms, up and running in two weeks.)

17        **Second** Providence asserts the Gilbert Law Firm should not have a BAA. We disagree.

18        Providence asserts that this Court only ordered that a third-party administrator should be

19   used, and that excludes the Gilbert Law Firm. But the BAA option was not raised previously and

20   so the Court has not weighed that option. We think it prudent to present it to the Court now,

21   especially given the Court's clear indication that it wants to resolve jurisdictional issues as

22   expeditiously as possible, via **discovery**, in compliance with UHCIA. We believe our proposal

23   does just that. If the Gilbert Law Firm can be a part of this discovery process, then we can ensure

24   that the right steps are taken to obtain the needed information while protecting patient privacy.

25        Providence also states that the Gilbert Law Firm does not have a "need to know" patient

26   information because a third-party administrator can be selected. But "need to know" has to do

27

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

with the task at hand, not the individual conducting the task, and Plaintiff counsel has a need to know for purposes of assuring court jurisdiction and confidential treatment of patient privacy. *Cf. John Doe v. Grp. Health Coop. of Puget Sound, Inc.*, 85 Wn. App. 213, 932 P.2d 178 (1997), *overruled on other grounds by Reid v. Pierce County*, 136 Wn. 2d 195 (1998) (discussing statute and whether "need to know" was required because of the task that was at hand in that case).

Providence also argues that the Gilbert Law Firm is adverse to Providence and so cannot be working on its behalf, and so is disqualified on that basis. But as the Court has found, both Plaintiffs and Providence need this information. *See 5/15/2023 Order at 10-11.* Thus, the Gilbert Law Firm fits within the definition of a company that can be given a BAA designation in that regard as well; indeed, Providence is seeking confirmation of federal jurisdiction in order to adjudicate the health care issues in this forum.

Providence also states that assigning the Gilbert Law Firm a BAA contract cannot work because Providence would have to take action against the Gilbert Law Firm if it used inadequate "safeguards" to prevent unauthorized use or disclosure of any PHI (and cites to statutes related to those concerns). But the Gilbert Law Firm already is covered by the protective order; not only Providence but this Court would, and should, take swift action against the Gilbert Law Firm if it failed to protect the PHI. And while Providence repeatedly speaks about "safeguards," it does not describe what "safeguards" it requires. We presume we can meet the requirements.

In the end, we are a law firm. We are officers of the Court. We understand the concept of confidentiality, both in the legal field and with regard to patients' privacy needs. Making the Gilbert Law Firm a BAA contractor only enhances those protections; it does not minimize them.

Providence also states that we cite to no authority that allows the Gilbert Law Firm to be a BAA contractor. We have reviewed the law and, as explained above, believe that the Firm can be so treated as the law reads. *See also Bollinger Decl., ¶ 4, Exh. 3 (literature regarding BAA agreements).* We have found nothing to contradict our reasoning. We have asked Providence to

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

provide any specific law to the contrary but have seen none. We believe that this solution fits within the parameters of the law.[7]

Plaintiffs note that, pursuant to Rule 23(g)(3), this Court has the authority to appoint the Gilbert Law Firm as interim counsel pre-certification. Though typically used when there are multiple class actions, *White v. TransUnion*, LLC, 239 F.R.D. 681, 683 (C.D. Cal. 2006), it can be used to facilitate, *inter alia*, "necessary discovery" during the pre-certification discovery process. *See Olosoni v. HRB Tax Grp., Inc.,* 2019 WL 7576680, at *5 (N.D. Cal. Nov. 5, 2019). This has potential to obviate privacy issues and is an example of how Rule 23 promotes practical solutions. We have not requested that interim counsel designation and ask only for the BAA designation instead. But the purpose of privacy laws is to facilitate claimants' interests, not stymie them. And the purpose of Rule 23 is to facilitate solutions; this interim counsel provision supports our position that the Firm should be part of the discovery process, not excluded from it, and shows that making the Firm a BAA contractor is a reasonable solution. To the extent that the Court is inclined to appoint the Firm as interim counsel for the limited purpose of participating in this jurisdictional discovery under CR 23(g)(3), we would accept that appointment.

**Third** Providence questions the credentials of Plaintiffs' contractors compared to JND Legal Administration and speaks again about "safeguards" but identifies no "safeguard" that will not be met. In addition, JND Legal Administration (Providence's proposed administrator) has had documented struggles with claimant communication and is more expensive than either of

---

[7] If the Court does not give the Gilbert Law Firm BAA status, we alternatively are proposing that a notice to be sent in compliance with RCW 70.02.060(1) (which requires the notice be sent to the patient or his/her lawyer by first class mail) with a 14-day waiting period (another component of RCW 70.02.060(1)) and if the patient does not opt out of receiving contact, then Providence is able to provide the Gilbert Law Firm with the contact information. Given the potential of BAA status, we believe this creates unnecessary hoops to jump through. However, we have provided a notice for the Court to consider if it does not grant BAA status to the Gilbert Law Firm, *see Exhibit A-2, attached to the Joint Statement,* so that the Court ensures that Plaintiff counsel can be an active part of the discovery process – if not up front, then within a short period of time.

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 12

Plaintiffs' proposals while providing fewer services. It should not be prioritized simply because of Providence's unidentified "safeguards."

Indeed, SSI has handled PHI in the past, and Walt's Mailing Service (if the Court decides to use it) handled the *Wright v. Jeckle* case (among other class actions over the years). In fact, Walt's Mailing Group was established in the 1950s; has been engaged in numerous class action notice mailings over decades; came to our attention due to the Spokane County Superior Court's faith in them in the *Wright v. Jeckle* case to handle the class action notice mailings in a health care case; and has an excellent reputation for their ability with class action mailings. *Bollinger Decl., ¶¶ 3, 7 and Exhs. 2, 6 (*K. Bergland Declaration; *Wright v. Jeckle* Superior Court Order re Walt's Mailing Service). Ms. Bergland has extensive experience in the management of class action lawsuits, including managing in-house notice processes. *Id., Exh. 2* We have planned to use Lexis' public search functions for skip tracing and understand that is standard practice for these third-party administrators (Angeon used it), making it appear that the parties are engaging in the same kinds of safeguards. There is no specific indication of how these potential contractors are not qualified to receive a BAA contract.

If there is some specific reassurance that Providence needs, it should share that. It is unreasonable for Providence to state "safeguards" without identifying what may be needed. Further, all of Plaintiffs' proposed administrators or contractors have experience in the legal field and with sensitive information (including health care information). They are proper contractors.

We do submit literature regarding BAA contracts and requirements which do not seem onerous for conscientious contractors like the ones proposed by Plaintiffs. *Bollinger Decl., ¶ 6, Exh. 5.* To the extent that the Court or Defendants seek added assurances, we could have Ms. Bergland, Ms. Smith, Walt's Mailing Services, and SSI execute Exhibit A of the protective order entered in this case on April 20, 2023. *See Docket No. 74.*

<u>**As An Overall Issue**</u>: As discussed above, Providence admits below that it has designed its Notice to <u>prevent</u> Plaintiff counsel from having any contact with potential class members. It

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

speaks of its "concerns" that Plaintiffs will "attempt to use" the narrow jurisdictional discovery to generate contacts and communications. Our proposed Notice does no such thing; and this Court has expressed no such concern. In fact, prior to the UHCIA issue arising, the Court anticipated that Plaintiff counsel would be doing that exact kind of outreach. Again, we are officers of the court. We comply with the Court's intent. Providence's Notice is its own end-run around the purpose of this discovery pursuant to unfounded fears that nobody else holds. Plaintiffs have the burden of proving ultimate facts and Providence seeks to block us from access to a discovery process that is designed to obtain those facts. This approach should be rejected.

In fact, the Ninth Circuit has held it is an abuse of discretion to deny pre-certification discovery that is likely to substantiate class allegations (as Providence is trying to do here):

> The plaintiff in a class action "bears the burden of … showing that … discovery is likely to produce substantiation of the class allegations." [quotation omitted] Once this showing is made, it is an abuse of discretion to deny precertification discovery. … Further failing to allow precertification discovery where it is necessary to determine the existence of a class is an abuse of discretion.

*Perez v. Safelite Grp. Inc*, No. 12-55657, 2014 U.S. App. LEXIS 4353 (9th Cir. Mar. 7, 2014).

And jurisdictional discovery – with Plaintiffs' involvement – is an expected norm in the Ninth Circuit. *See e.g., King v. Great Am. Chicken Corp*., 903 F.3d 875 (9th Cir. 2018).

**Fourth** Providence questions using Magistrate Judge Theiler to oversee this discovery process. Plaintiffs disagree. Our proposal of a court official to be involved in this process is inspired by the approach taken by the Spokane County Superior Court in *Wright v. Jeckle* (which managed a class certification involving health care claims in conformance with UHCIA). *See Bollinger Decl., ¶ 7, Exh. 6* (*Wright v. Jeckle* Superior Court Order on class certification notice process). In *Wright*, the trial judge had his judicial assistant receive any opt-out mailings from potential claimants who did not want to be part of that class action. Here, we have proposed an opt-out option for individuals who would prefer not to be contacted. *Bollinger Decl., ¶ 8, Exh. 7*

1  (showing a sample of the Wright v. Jeckle opt-out form, which is mirrored in Plaintiffs' Exhibit

2  A-1 and A-2, and attached forms, which are attached to this Statement). We expect this opt-out

3  number to be low, but having the notice mailed to the courthouse ensures patient confidentiality

4  of putative class members, which will protect confidentiality and could be filed/kept under seal,

5  like was done in the *Wright* case. *Id., Exh. 6* (*Wright v. Jeckle* Order Approving Plan, at 4).[8]

6      In addition, this is jurisdictional discovery.  Having a magistrate involved for discovery is

7  a normal practice of this Court. If she became a part of this process, Judge Theiler could assist

8  the parties if the finally approved plan runs into any unforeseen issues – such as the need for a

9  final approval of the Notice appearance, or website language, or whether Providence provided

10  contact information in a transferable form for database building (just some examples). She also

11  could set up a schedule for reporting progress – because this is discovery, not class certification,

12  not every person's information needs to be retrieved in order to extrapolate from data collected,

13  and it is unclear when that tipping point will be reached (based on percentages gathered). A

14  hands-on approach to the resolution of these jurisdictional issues would be optimal.

15      **2.    Providence's Position:**

16      Providence believes the Court's Order was clear regarding the appointment of a third-

17  party administrator to manage the jurisdictional discovery process.  *See* Order at 10-11

18  (discussing concerns about disclosing PHI to the third-party administrator).  Accordingly,

19  Providence obtained bids from two experienced class administration firms to serve as the

20  

21  

22  [8] Providence expresses concern about Plaintiffs' "opt-out" suggestion. But Plaintiffs have equal
concerns about Providence's rigid approach to data collection as allowing "opt-in" options only.
As described elsewhere, Plaintiff is concerned about gathering sufficient data using a voluntary
approach only. By creating opt-out strategies, the parties can use just one notice for potential
claimants that explain the process and options. Providence tries to leave the door open for
proactive phone calling down the road, but their current Notice does not provide that avenue
because it insists on a limited number of methods of information retrieval, none of which involve
contact running **to** the potential claimant. It runs only **from** the potential claimant.

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 15

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

administrator in this case.[9]  To address the Court's question about how it will avoid disclosing PHI to the third-party administrator, Order at 10, Providence further proposes designating the third-party administrator (subject to Court approval) as a "business associate" of Providence pursuant to HIPAA regulations.  This is standard practice for hospital systems to avoid the unauthorized disclosure of PHI to service providers under HIPAA.  *See* 45 C.F.R. § 160.103 (business associate acts "[o]n behalf of" a covered entity such as Providence or "[p]rovides … services" (including legal, consulting, management, administrative, etc.) "to or for such covered entity.").  By engaging the third-party administrator as a business associate, Providence could disclose PHI to the administrator without patient authorization pursuant to RCW 70.02.050 to facilitate mailing the notices/information forms to patients and compiling the information returned by these patients.  In Section C.2, *infra*, Providence further discusses how this process would comply with the UHCIA.

As the parties have agreed that a third-party administrator is necessary at a minimum to identify current addresses for and mail notices to patients, Providence believes the most straightforward approach is to appoint such an administrator to handle the entire jurisdictional discovery process.  The appointment of such an administrator is consistent with the Court's Order and would address Providence's concerns about Plaintiffs' counsel attempting to use the narrow jurisdictional discovery the Court has authorized to generate contacts and communications with potential class member patients that are inappropriate at this stage or to solicit clients.  *See* Dkt. 21 at 20-22; Dkt. 69 at 4-5; Dkt. 77 at 3-4; *see also Gartrell v. J.J. Marshall & Assocs., Inc.*, 2019 WL 9089583, at *2 (M.D. Fla. Dec. 10, 2019) (recognizing "general rule that the identities of potential class members are ordinarily not discoverable at the precertification stage of litigation"); *Dziennik v. Sealift, Inc.*, 2006 WL 1455464, at *1 (E.D.N.Y. May 23, 2006) ("Courts have ordinarily refused to allow discovery of class members' identities at the pre-certification stage out of concern that plaintiffs' attorneys may be seeking such

---

[9] Providence counsel also contacted Settlement Services, Inc. ("SSI"), Plaintiffs' proposed single third-party administrator.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

information to identify potential new clients, rather than to establish the appropriateness of certification.").  Providence's concern is reinforced by Plaintiffs' proposed notice, which would require patients to "opt out" of being contacted by Plaintiffs' counsel.  *See* Exs. A-1 & A-2. Providence believes an experienced third-party administrator can obtain the limited state residency and citizenship status information from patients that is relevant to whether Plaintiffs will renew their remand motion via information forms and any follow-up correspondence or communications to the extent necessary.  As before, Providence's proposal "hews more closely to the court's March 17, 2023 order by limiting discovery to the information needed to determine whether the court has subject matter jurisdiction over this case."  Order at 10.

Providence therefore proposes (and submits for the Court's approval) that the parties engage Jennifer Keough of JND Legal Administration[10] ("JND") in Seattle to serve as third-party administrator in this case.  Providence has shared JND's bid with Plaintiffs' counsel.  JND has represented that it can provide all of the services necessary to execute the jurisdictional discovery process—including identifying current addresses for patients, mailing notices/information forms, remailing with updated addresses notices to patients whose original mailings were returned as undeliverable, compiling returned information forms from patients (including creating an online portal where patients can submit information), and reporting summary state residency and citizenship information to counsel for the parties.  Most significantly, JND has represented it can comply with the data privacy protections required for a business associate under HIPAA, has run notice programs pursuant to business associate

---

[10] JND has been recognized as the top class action claims administrator in the country for three consecutive years by The National Law Journal.  *See* https://www.jndla.com/about-us/recognition.  JND has been appointed as class administrator in numerous cases in the Western District of Washington in recent years, including *Ferrando v. Zynga, Inc.*, Case No. 2:22-cv-00214-RSL, Dkt. 23 (June 27, 2022); *Mendez v. Steelscape Wash., LLC*, Case No. 3:19-cv-05691-TSZ, Dkt. 57 (June 3, 2022); *Corker v. Costco Wholesale Corp.*, Case No. 2:19-cv-00290-RSL, Dkt. 866 (April 25, 2023); and *Hunichen v. Atonomi LLC*, Case No. 2:19-cv-00615-RAJ, Dkt. 252 (Sept. 9, 2022).

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 17

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

agreements ("BAA") in the past, and can comply with the requirements under Providence's standard BAA.[11]

By contrast, Plaintiffs' proposal significantly and unnecessarily complicates the jurisdictional discovery process. Plaintiffs' proposal seemingly calls for the involvement of ***six or more*** different entities/individuals—with Plaintiffs' counsel seeking to appoint themselves as administrator, in addition to Magistrate Judge Mary Alice Theiler as "overall" administrator, Walt's Mail Service to mail notices, two outside paralegals (Kristy Bergland and Shari Smith) to apparently identify current addresses for patients and build a database, and SSI to develop an online portal where patients could submit information. Under Providence's proposal, all of these tasks can be accomplished by JND. Providence also has serious misgivings about disclosing PHI to the number of entities/individuals required under Plaintiffs' proposal; such disclosure would only need to be made to JND under Providence's proposal.

Most critically, Plaintiffs have asserted that their counsel (in seeking to be appointed as administrator) can be designated as a business associate pursuant to HIPAA, but they have provided no support for that contention. To the contrary, Plaintiffs' counsel do not meet the definition of a business associate under 45 C.F.R. § 160.103 as they do not act on behalf of Providence or provide services to or for Providence. Rather, Plaintiffs' counsel have sued Providence in this court (and others) and seek to obtain monetary damages from Providence. Even more, beyond not qualifying as a business associate under HIPAA, such an arrangement is unworkable as Providence would be responsible for Plaintiffs' counsel's use or disclosure of any PHI (including any communications with patients) and taking action if it learned that Plaintiffs'

---

[11] Providence believes JND is superior to SSI as a single third-party administrator because, in Providence counsel's correspondence with SSI's operations director, SSI reported it has not previously served as an administrator pursuant to a BAA with a hospital or health system. The cost difference in proposals that counsel obtained from JND ($21,497) and SSI ($19,500) is additionally minimal. JND also can incorporate phone support for patients in this process to address Plaintiffs' concern.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

counsel employed insufficient safeguards to prevent the unauthorized use or disclosure of any PHI, among many requirements for BAAs under 45 C.F.R. §§ 164.314 and .504.

In addition, the use of Judge Theiler as essentially administrative support is unnecessary and a waste of judicial resources. Plaintiffs fail to specify why they have selected Judge Theiler for this role, what role exactly they expect Judge Theiler to play (characterizing Judge Theiler as serving as "Overall Managing Administrator"), and they also do not describe what Judge Theiler would do that an experienced third-party administrator cannot do itself.

Plaintiffs further propose using Walt's Mailing Service as a third-party administrator. According to its website, however, Walt's is not a class administration firm but rather a bulk mailer. *See* http://www.waltsmailing.com. Plaintiffs also have not shared whether Walt's has experience running notice programs pursuant to a BAA or has sufficient data privacy safeguards to be designated as a business associate. There are also no assurances that either Ms. Bergland or Ms. Smith could properly be designated as a business associate. If not, the disclosure of PHI to any non-business associate would require patient notification in accordance with RCW 70.02.060.

In short, Providence believes the appointment of JND as third-party administrator is consistent with the Court's Order; represents the most straightforward and efficient process for managing and completing jurisdictional discovery; ensures the most protective approach to PHI and requires the least disclosure to outside entities/individuals; and that Plaintiffs' proposal is impermissible (with respect to appointing Plaintiffs' counsel as administrator and a business associate of Providence), impractical (in requiring the involvement of six or more different entities/individuals), and would greatly complicate the process of obtaining the limited state residency and citizenship information relevant to Plaintiffs' remand motion.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

### B.    Process by Which the Administrator Will Identify Current Addresses for the Proposed Class Members

#### 1.    Plaintiffs' Position:

We propose Providence use the patient procedure count data for Drs. Dreyer and Elskens to identify individual patients who received spine-related surgeries from them. This is different from the list compiled by Providence earlier in this case (which only dated back to the spring of 2014 and which was overinclusive in that it included non-spine surgery patients.)

We propose that Providence separate out those names of patients who Providence has identified "may" be claimants based on the specific procedures performed by Dreyer/Elskens, as we discuss in more detail in Section D below. These patients will receive priority mailing/tracing as needed. Ultimately these patients will receive Notice A, which adds the following paragraph:

> However, you have been identified by Providence as a past patient of Dr. Dreyer or Dr. Elskens who may qualify as a class member because of the specific medical care that you received.

Providence then will provide the Gilbert Law Firm (as a BAA signatory) and the third-party BAA contractor (either Walt's Mailing Service or SSI) with the two lists of patients (the prioritized list and the remainder) and the contact information (e.g., names, addresses, phone numbers, and emails if any), along with social security numbers – all to be kept private and confidential pursuant to the BAA contract.[12]

The third-party contractor (either Walt's Mailing Service or SSI) then will standardize addresses and run them through NCOA (a National Change of Address database retroactive 48 months). This is the same process that JND proposes. A list of individuals who do not have an address in this database (or has a glitch with their address via NCOA) will be compiled and delivered to the Gilbert Law Firm (if we have a BAA) and/or to Ms. Bergland (who should have a BAA) or will be handled in-house by SSI (if SSI is selected instead of Walt's Mailing Service). Updated contact information using search engines (called "skip tracing") will be processed to

---

[12] We also have suggested providing this information to Judge Theiler as an officer of the court. If that is not feasible, given the UHCIA, then we would strike that aspect of the process.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  create an updated list.  The third-party contractor (Walt's or SSI) will mail out remaining packets

2  using this updated list.

3      Both parties have proposed that their third-party contractors use public search functions

4  for skip tracing (typically Lexis). The Gilbert Law Firm's Lexis account allows such searches for

5  free and Ms. Bergland or Ms. Smith (or paralegals at the Gilbert Law Firm, if the Firm is a BAA

6  signatory or SSI, if that is the Court's ultimate choice) can use these private search functions.

7      Of important note: One apparent difference between the parties' proposed systems:

8  Plaintiffs propose that skip tracing should occur after the first NCOA address check. This means

9  that, if there were glitches when Walt's (or SSI) conducted addresses the NCOA, the notices

10  would not be mailed until a specific search for a current address is done. This is the best practice,

11  especially given privacy issues. Angeion Group did not propose this check and it does not appear

12  that JND proposes it either. Instead, the "skip tracing" function seems exclusively related to

13  when, or if, mailings are returned as undeliverable. We believe our proposed method is more

14  protective of potential claimants' privacy interests (since notices to them should not be sent to

15  addresses where they no longer live, so as not to run the risk of exposing their contact

16  information to new residents who inadvertently open envelopes).

17      Providence objects to the two-step process that Plaintiffs propose in its first Proposal (i.e.,

18  when using Walt's Mailing Service and Ms. Bergland). But Ms. Bergland and Walt's Mailing

19  Service have a long-standing history of cooperation in this regard. Having Ms. Bergland conduct

20  the skip tracing after Walt's Mailing Service has checked addresses would be like having one

21  JND (or SSI) employee asking another JND (or SSI) employee to review contact information

22  after the NCOA run-through. There should be no objection to this process.

23          **2.    Providence's Position:**

24      Providence has last-known address information but not current address information for

25  the patients at issue.  *See* Dkt. 43 ¶ 4.  Providence has confirmed that JND will utilize U.S. Postal

26  Service national change-of-address records to determine current addresses from the patient

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

names and last-known addresses that Providence would provide.  In addition, for any notices/information forms that are returned as undeliverable, JND has additional skip tracing and other resources it can use to identify current addresses and would attempt a second mailing of notices/information forms to patients at any updated addresses.[13]

The parties agree that a third-party administrator is necessary to determine current addresses for patients who would receive notice.  Providence believes, however, that Plaintiffs' proposal—to appoint their counsel as administrators and to ***also*** engage both a mailing service and Ms. Bergland/Ms. Smith to identify current patient addresses—is unnecessarily attenuated. Plaintiffs have not identified any resources or capabilities that their counsel possesses that Providence's proposed third-party administrator lacks.  Accordingly, Providence's proposal to engage an experienced third-party administrator to handle this process itself (including identifying current addresses) is a more efficient and simplified solution.

**C.     How the Notice Process Itself Will Comply with the UHCIA**

**1.     Plaintiffs' Position:**

Plaintiffs agree with Providence's basic outline of law below. As discussed in detail above, Plaintiffs disagree with Providence's interpretation of the law with regarding to the Gilbert Law Firm's ability to obtain a BAA contract. Plaintiffs rely on its briefing above in Section A as its Response to Providence's assertions.

To the extent that this Court does not designate the Gilbert Law Firm as BAA-eligible, but wishes to allow Plaintiff counsel to engage in the discovery process (given the burdens here, and the caselaw cited above, see *Perez* and *King, supra*), there remain some options:

--The Court can follow the RCW 70.02.060(1) procedures and give a timeline of at least 14 days' notice to potential claimants to opt out of any contact – if these steps are taken (notices are sent by first class mail and there is no objection sent by the potential claimant), Providence then can provide PHI under the UHCIA; or

---

[13] JND has stated it has no issue with conducting skip tracing on patients' last-known addresses prior to mailing in this case to address Plaintiffs' concern.

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 22

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    --The Court can appoint the Gilbert Law Firm as interim counsel under Rule 23(g)(3) for

2    the limited purpose of conducting this jurisdictional discovery, which creates a "patient counsel"

3    relationship; or

4    --The Court can combine these two procedures. As counsel to the individuals, we would

5    have a limited attorney-client relationship for jurisdictional discovery, but we would support the

6    option for putative claimants to be able to opt out from contact by mailing opt-out notices.

7    Plaintiff has supplied an alternative Notice for RCW 70.02.060(1) purposes as Exhibit A-

8    2 to this Joint Statement.

9                        **2.        Providence's Position:**

10    Providence believes it can disclose PHI to a third-party administrator pursuant to RCW

11    70.02.050 to enable the administrator to mail notice/information forms to patients and for the

12    administrator to compile the information returned without requiring patient authorization for this

13    disclosure of PHI.  Providence would engage the third-party administrator pursuant to a BAA to

14    comply with HIPAA requirements and to facilitate the jurisdictional discovery process without

15    the need for prior notice/authorization by patients in accordance with RCW 70.02.060.  As

16    stated, a business associate arrangement is standard practice for hospital systems to avoid the

17    unauthorized disclosure of PHI to service providers under HIPAA.

18    Providence believes this arrangement would comply with the UHCIA and avoid the

19    notice requirements of RCW 70.02.060, as RCW 70.02.050 permits the disclosure of PHI

20    without patient authorization by a health care provider or facility "[t]o any other person who

21    requires health care information" for providing "administrative" or "legal" services to or "other

22    health care operations" "for or on behalf of the health care provider or health care facility."

23    RCW 70.02.050(1)(b).  Along with mailing notices to patients, the administrator could receive

24    information forms or online submissions containing what would be PHI (with patients providing

25    their names and certifying that they underwent surgery with Drs. Dreyer or Elskens).  Under the

26    BAA, the administrator would agree not to use or disclose patient PHI for any purpose other than

27

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 23

the jurisdictional discovery process and would commit to protecting this PHI from disclosure through its data privacy safeguards.

By contrast, Plaintiffs' proposal to appoint their counsel as an administrator would not comply with the UHCIA. Disclosure under RCW 70.02.050(1)(b) is permitted to a third party only to provide services or operations "for or on behalf of the health care provider or health care facility." There is no question that Plaintiffs' counsel are not providing services to or operations for or on behalf of Providence when they have sued Providence here and in other cases. Accordingly, RCW 70.02.050 does not authorize Providence to disclose PHI to Plaintiffs' counsel without patient authorization (pursuant to a BAA or otherwise).

As discussed in Section A.2, Plaintiffs also cannot meet the requirements for a business associate pursuant to 45 C.F.R. § 160.103, which states that a business associate acts either "[o]n behalf of" a covered entity (such as Providence) or "[p]rovides … services" (legal, consulting, management, administrative, etc.) "to or for such covered entity." Again, Plaintiffs' counsel are not acting on behalf of Providence or providing services to or for Providence the same way a third-party administrator would and cannot be designated as a business associate. Any disclosure of PHI to Plaintiffs' counsel accordingly would require compliance with the notice provisions of RCW 70.02.060, which Plaintiffs seemingly do not address in their proposed notice. *See* Ex. A-1 at 2 (incorrectly asserting that "[a]ll communications made via this Notice are in compliance with health information privacy laws" and that Plaintiffs' counsel "have executed a Business Associate Agreement," presumably with Providence).

Providence's proposed engagement of a third-party administrator pursuant to a BAA is the simplest and most effective way of complying with the UHCIA and HIPAA while facilitating jurisdictional discovery in this case. Any other proposed arrangement by Plaintiffs (beyond counsel's impermissible designation as a business associate) would require compliance with RCW 70.02.060's notice requirements and be significantly more complicated than Providence's proposal.

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 24

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**D.      Content of the Notice and the Information Form**

        **1.      Plaintiffs' Position:**

Plaintiff has proposed a Notice that presumes the Gilbert Law Firm has BAA status. *See Exhibit A-1, attached herein to the Joint Statement*. Plaintiffs also propose a Notice if RCW 70.02.060(1) is applied instead. *See Exhibit A-2, attached herein to the Joint Statement.* With both proposed Notices, to the extent possible, we tracked the language proposed by Providence in its Notice (*see Exhibit B to this Joint Statement).*

Once a Notice format is chosen, Plaintiffs propose compiling two lists of individuals – one of potential class members who have been identified by Providence as patients who may be claimants because of the specific medical procedures they received from Defendants, and one of the remainder of spine surgery patients of Dreyer/Elskens. Two notices would be sent, with the following language added to the Notice sent to the subset of specifically-identified patients:

> *However, you have been identified by Providence as a past patient of Dr. Dreyer or Dr. Elskens who may qualify as a class member because of the specific medical care that you received.*

Retrieving information from the specifically-identified patients could be prioritized as a way of ensuring the Court has captured data involving the citizenship of individuals who are most likely to be class members (since Providence has identified them as potentially being class members based on their actual surgeries).

Providence disagrees, argues for one notice only, and has stated there is no definitive list of such class member patients.[14]

However, a compilation of those identified by Providence who "**may**" be class members because of their specific surgeries (rather than definitively "are" class members because of them) should be available. Examples of evidence of such lists include:

> --Providence settled the government health care fraud claims for $22.7 million. Common sense dictates that Providence would have conducted a due diligence investigation that

---

[14] The parties do agree that all spine surgery patients of Drs. Dreyer and Elskens should receive notices and their data should be compiled. Plaintiffs submit that each one is a potential claimant.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

would have identified files where the patients "may" have received disputed medical care before it agreed to such a high payout, especially given fiduciary duties to patients and the public as a nonprofit health care corporation.

--Dr. Yam, the Relator in the False Claims action, reported medical specific procedures (and thus, patients) to Providence, his employer at the time, where medically unnecessary or otherwise improper procedures were done by Drs. Elskens and Dreyer. *See e.g. Exhibit 1 to Second Amended Complaint, pp. 5-7.* This is an example of a list of patients who Providence has identified (via Dr. Yam) as patients who "may" be class members based on specific medical care they received from Defendants.

--Providence itself conducted investigations into Drs. Elskens and Dreyer, *Id.; Exhibit 2 of Second Amended Complaint at 3,* which resulted in these surgeons' administrative leave and resignations. Such outcomes are evidence that Providence investigated and identified patients who "may" qualify as class members given the surgeries received.

--Providence would have conducted internal audits that would have flagged the surgeons' acts – in particular with Jason Dreyer, who (Providence admitted) earned between $2.5 and $2.9 million virtually every year, exceeding the 90th percentile of physician earnings. *See id., at p. 3; see also United States ex rel. Bookwalter v. UPMC, 946 F.3d 162, 172 (3d Cir. 2019)* (this amount is a red flag for overcompensation in false claims actions).

--As part of the April 2022 settlement, Providence entered into a Corporate Integrity Agreement requiring it to finance a Quality Review Organization to review and report periodically upon its patient claims and standards.

--Washington's Department of Health has produced records pursuant to a subpoena that indicate how Providence/SMMC has identified files, both before and after these surgeons had left Walla Walla. *Bollinger Decl. in Support of Joint Statement at ¶ 9, Exh. 8 (excerpts) (*see ninth page production, Summary of Findings: "Peer review was done on some cases and there were still some concerns, but they were trying to validate the concerns. More cases came to light after the two neurosurgeons resigned.") This is the hospital investigation; Providence Corporate's investigation likely would have been even more extensive, given the high payout to the DOJ. This DOH investigation resulted in a finding that the hospital failed in its mandatory reporting requirements (found in 3-page 11/14/2022 report that is attached at the end of this Exhibit 8).

--A Washington DOH whistleblower (Dr. Matt Fewel), a neurosurgeon in Kennewick, WA, near Walla Walla (where Dreyer and Elskens practiced), confidentially reported his concerns of malfeasance by Jason Dreyer to Providence. *Id., ¶ 10, Exh. 9 (excerpts) (see page marked 123).* His information would have been compiled.

--Providence did owe a historical audit to the government, of which Plaintiffs are third party beneficiaries. *See Docket No. 59, Reply re Discovery at 5-7, and discussion therein.*

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**As to the Notice itself**: we adopt the first three paragraphs of Providence's Notice, with only a few changes. In the first "Description of the Lawsuit" paragraph, we do not use the term "putative" because of a concern that potential claimants will not know that term. Instead, we use the phrase "on behalf of themselves and other patients of these doctors…"  Also in that third paragraph, we add the word "otherwise" before "improper."

We add Paragraph 4 to our Notice, which Providence does not use, to explain the context of the lawsuit – that paragraph reads:

> *This lawsuit was filed after Providence paid the United States and Washington governments $22 million to settle false health care claims against it, regarding claims of medically unnecessary or otherwise improper surgeries done at Providence St. Mary Medical Center by the two surgeons.*

We adopt Providence's next paragraph, regarding denial of claims.

For the version of the Notice that would be sent to individuals who have been identified by Providence in the past as potentially being a class member due to the specific surgeries they received (as discussed above), the following paragraph is added:

> *However, you have been identified by Providence as a past patient of Dr. Dreyer or Dr. Elskens who may qualify as a class member because of the specific medical care that you received.*

We adopt Providence's "Request for Information" paragraph nearly verbatim, with only minor edits (for example, we say "as of the May 13, 2022 date" the second time that date is referenced, instead of "as of the date of the filing of this lawsuit on May 13, 2022").

At this point, the Notices diverge.

Plaintiffs' Notice(s) offer various ways to share the information needed (such as an online form to fill out as well as a written form to return, the option of an opt-out form, and the option of waiting for a phone call from counsel to gather the information that way). Having various options is important to obtaining sufficient data for this Court's purposes.

In contrast, Providence's Notice, and proposal, involves no outreach. Potential class members either mail in a form or participate in an online survey. Phone calling appears either

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

non-existent or reactive only and is not proactive. We believe that this will not gather sufficient data for the Court to make jurisdictional determinations (and note that our significant sample from last fall, which had not reached 100 individuals, *see 8/19/2022 Bollinger Decl.,* was insufficient data for the Court to decide these jurisdictional issues).

We understand the Court does not require a perfect return rate on information requests. *See e.g., King v. Great Am. Chicken Corp*., 903 F.3d 875, 878-879 (9th Cir. 2018) (the court should consider entire record to determine whether evidence of residency can properly establish citizenship and the burden of proof placed on plaintiffs "should not be exceptionally difficult to bear"). Courts are permitted to make reasonable inferences from facts in evidence in applying the local controversy exception under CAFA. *Id*. But a jurisdictional finding of fact should be based on "more than guesswork." *Mondragon v. Capital One Auto Fin*., 736 F.3d 880, 884 (9th Cir. 2013). Plaintiffs do not want to incur a risk, created by Providence's removal decision, that valuable time and judicial resources will be lost for lack of accurate jurisdictional data.

At a minimum, the Notice should advise of these other contact options. There should be no unnecessary obstacles placed in the way. We object to the restrictive language by Providence. In particular, Providence's Section IV reads more like a warning than advice, and does so under the premise that there is no avenue for this contact information to be shared with counsel. But there is, as we describe above (e.g, a BAA contract, a notice compliant with RCW 70.02.060(1), or even appointing the Gilbert Law Firm as interim counsel).  We would ask the Court to reject Providence's restrictive language and build in outreach options.

We do note that there is a cost associated with outreach, and no party has made a specific bid on those costs because the amount of follow-up outreach needed is unclear. We point out that if Plaintiffs are able to use a combination of the Gilbert Law Firm and the two paralegals who are able to assist in this process for follow-up outreach (Ms. Bergland and Ms. Smith), the costs are contained at $45 and $40 an hour (or are free, to the extent that Gilbert Law Firm paralegals are used for some of that phone calling). And though we have no specific bid from SSI on this issue

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 28

1  in terms of hours, SSI charges $45-$50 an hour for this kind of calling work (in contrast to

2  Providence's third-party administrator, JND, who charges double the amount: **$90/hour** for call

3  centers or data processing). Plaintiffs' options are more sound and financially feasible.

4      We also recommend that the Court build in checkpoints for the data collection on a

5  weekly basis, and/or identify a threshold number of contacts that need to be made sufficient to

6  extrapolate data. As noted above, the evidence does not need to be perfect but there does need to

7  be sufficient evidence. This is not an item on this checklist, but we ask the Court to consider it.

8      If the Court has the Gilbert Law Firm act as a BAA contractor, Exhibit 1-A is used.

9      If the Court applies RCW 70.02.060(1) (litigation procedures), Exhibit 1-B is used.

10     **As to Providence's concerns**: Providence repeats its baseless allegations against Plaintiff

11  counsel, that they would abuse jurisdictional discovery information. This is not a valid concern;

12  nor was it a concern of this Court in the original March 17, 2023 Order. This is discussed above

13  but we reiterate our objection because Providence raises it again.

14     Providence also reiterates that the Notice misrepresents whether the Gilbert Law Firm has

15  a BAA contract. As discussed, we have made that proposal because that option was not before

16  the Court when it entered its May 15, 2023 Order and it is prudent to propose it. We do have the

17  alternate Notice as Exhibit 1-B if the BAA proposal is not adopted.

18          **2.      Providence's Position:**

19     As the Court recognized, the proposed notice and information form that Providence

20  submitted on reconsideration (Dkt. 77-1) "hews more closely" to the limited scope of

21  jurisdictional discovery that the Court authorized.  Order at 10.  Accordingly, Providence made

22  only minor revisions to its notice and information form, primarily to clarify to patients the

23  specific information that the third-party administrator would provide counsel for the parties, and

24  to explain that the administrator had been engaged as a business associate of Providence and has

25  agreed to keep confidential the names of patients, the information forms returned by patients, and

26  any patient-specific information contained in the same.  A clean copy of Providence's updated

27

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 29

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

proposed notice and information form is attached as Exhibit B to this joint statement, along with a redline reflecting revisions made to the version submitted to the Court at Dkt. 77-1.

Providence would further revise this notice and information form with information concerning the third-party administrator and the process for patients to submit their state residency and citizenship information to the administrator by returning the information form by U.S. Mail, email, or via an online portal maintained by the administrator, along with any deadlines for patients to submit their information. Providence's proposal is the most protective of PHI because only the third-party administrator would have access to patient information in mailing notices, compiling information from patients, and reporting that information to counsel, without patients being subjected to potentially intrusive communications from counsel.

Conversely, Plaintiffs' proposed notice is problematic and their process is far more complicated than Providence's. For one, Plaintiffs' proposed notice references Providence's settlement with the government, even though Providence expressly admitted no liability in the settlement agreement. Dkt. 80-2 § J ("This Settlement Agreement is therefore not an admission of liability by Providence."); Dkt. 84 ¶ 1.11. Plaintiffs' counsel claims it added information about the settlement "for context," but referencing the settlement has no connection to the jurisdictional discovery process and is ostensibly included for client solicitation. Further, even though the Court has permitted only "limited discovery" into patients' state residency and citizenship status, *see* Dkt. 79 at 5—information that patients can return to the third-party administrator via an information form or online portal—Plaintiffs' counsel seemingly seek to use this notice to generate contacts and communications with these patients. Indeed, Plaintiffs' counsel's proposed notice would require patients to affirmatively "opt out" of being contacted by Plaintiffs' counsel. Ex. A-1 at 2.

As discussed, Providence has repeatedly expressed its concern about Plaintiffs' counsel's misuse of identification information for the former Dreyer/Elskens patients for purposes beyond that needed to determine whether the Court has subject matter jurisdiction over the case. The

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 30

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

engagement of a third-party administrator to manage correspondence and communications with patients resolves this concern, and Providence's proposed notice and information form target the limited information that the Court has recognized is necessary for Plaintiffs to determine whether the Court has subject matter jurisdiction over this case. To the extent the Court believes follow-up is necessary with patients who do not return an information form or submit information online, Providence believes this can be easily addressed: The third-party administrator can follow up with a second round of mailings and/or attempt phone contacts with patients who do not return their information forms or submit information online within a proscribed time. But there is no need for Plaintiffs' counsel to be involved in follow-up efforts that an experienced third-party administrator can effectively manage, particularly when (1) potential class members are not obligated to provide their information or speak with anyone as part of this process (and accordingly should not be subject to potential intrusions from counsel) and (2) only a limited scope of residency/citizenship information is relevant to whether Plaintiffs will renew their remand motion.

Plaintiffs' proposed notice form also incorrectly states that it complies with the UHCIA and HIPAA, as Plaintiffs' counsel cannot be designated as a business associate of Providence and therefore any disclosure of PHI to Plaintiffs' counsel would need to comply with the notice requirements of RCW 70.02.060. There is no reference in Plaintiffs' proposed notice of patients' right to obtain a protective order to prevent the disclosure of their PHI; under Plaintiffs' proposal, patient identities would already be disclosed to Plaintiffs' counsel and patients would be contacted by Plaintiffs' counsel unless they affirmatively "opted out" of such contacts. Accordingly, Plaintiffs' proposed notice does not comply with the UHCIA or HIPAA and Plaintiffs' counsel cannot represent themselves as a business associate in their notice.

Lastly, Plaintiffs unnecessarily propose that two notices be mailed to patients. This stems from Plaintiffs' counsel's continued incorrect assertion that Providence identified patients who underwent alleged medically unnecessary or improper surgeries with Drs. Dreyer or Elskens as

1  part of its settlement with the government.  Plaintiffs propose one form of notice be sent to

2  patients claiming they "have been identified by Providence as a past patient of Dr. Dreyer or Dr.

3  Elskens who may qualify as a class member because of specific medical care that [they]

4  received" and a second notice that would remove this language in being sent to unspecified other

5  patients.  Ex. A-1 at 2.  Providence has repeatedly corrected Plaintiffs' misstatement regarding

6  the identification of patients who underwent alleged medically unnecessary or improper

7  surgeries.  *See* Dkt. 42 at 2 n.1; Dkt. 57 at 7-8; Dkt. 84 ¶ 1.11.  Given this, only one form of

8  notice should be sent to past surgical patients of Drs. Dreyer or Elskens.  This is further

9  consistent with Providence's proposed notice.

10  **E.    Relevant Date to Determine the Proposed Class Members' State Residency**

11  The parties agree that the relevant date for determining the proposed class members' state

12  residency is May 13, 2022, the date that Plaintiffs filed their original complaint in King County

13  Superior Court, in accordance with 28 U.S.C. § 1332(d)(7).  The parties have referenced this date

14  in their respective proposed notices.

15  **F.    The Schedule for Completing Jurisdictional Discovery**

16  **1.    Plaintiffs' Position:**

17  This jurisdictional discovery issue needs to be resolved. Providence already has compiled

18  the contact information needed. Walt's Mailing Service is able to mail notices within **3 business**

19  **days**. SSI can set up the website **in two weeks** with the mailing coordinated with the website

20  going live. With a short window for objections and online options (or phone calling options) for

21  potential claimants to share the needed information, the process could move quickly. There is no

22  purpose to slowing down the process, and this Court was keen back in March (with its original

23  March 17, 2023 Order) on the parties moving forward on this information quickly. Providence

24  proposes a three-month turnaround, but we are farther along at this point than we were back in

25  March (with the original order). At a minimum, we suggest that checkpoints to measure progress

26  should be established.

27

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 32

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    We strongly object to simply deferring to a third-party administrator, especially one who

2 has provided no timeline.

3    Gathering information from mailing into a database can be done quickly. A weekly report

4 from anyone compiling data could be provided. It may turn out that enough data is provided in a

5 month or two months. Setting a three-month timeline – especially without any restrictions or

6 expectations of the individuals collecting the data – will necessarily result in delays.

7    We ask that the Court reject Providence's proposal and adopt milestones – or at least

8 some guidelines – for the parties to reach. The more interaction is allowed, the more likely it is

9 that these milestones are reached sooner. Further, with no checkpoints along the way, we could

10 reach the three-month mark and learn that not enough data was compiled. We seek to avoid that

11 outcome at all costs.

12         **2.    Providence's Position:**

13    Providence believes the parties should defer to the third-party administrator to determine

14 a reasonable timeframe for (a) determining potential class member patients' current addresses,

15 (b) printing and mailing the notices and information forms, (c) creating an online portal for

16 patients to submit information, (d) providing sufficient time for patients to submit their state

17 residency/citizenship information, (e) potentially following up with any patients whose notices

18 were returned as undelivered and/or who failed to submit requested information within an initial

19 period, (f) compiling the residency/citizenship information provided by patients, and (g)

20 reporting summary information to counsel for the parties.  This is a multi-step process for a

21 single third-party administrator under Providence's simplified proposal, let alone for the six or

22 more entities/individuals that Plaintiffs seek to involve.[15]  The Court previously set an

23 approximately three-month timeframe for Plaintiffs to complete jurisdictional discovery in its

24

25 [15] In response to Plaintiffs' concerns, JND has represented that it can set up an online portal for
patients to submit information within 14 days and would mail notices and information forms
once the portal is live.  It makes little sense for anyone to mail notice/information forms before
26 the online portal is active.  Plaintiffs represent that SSI would require the same 14-day timeframe
to set up an online portal.
27

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 33

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1  March 17, 2023 order (Dkt. 66) (April 30 to July 31, 2023).  Providence believes such a

2  timeframe is realistic and would not oppose setting September 22, 2023, as a preliminary

3  deadline to complete jurisdictional discovery, but Providence ultimately defers to the third-party

4  administrator and the Court on what is a reasonable deadline to complete this process.

5          RESPECTFULLY SUBMITTED this 21st day of June, 2023.

6

7  DAVIS WRIGHT TREMAINE LLP                    GILBERT LAW FIRM, P.S.
   Attorneys for Defendant Providence Health &    Attorneys for Plaintiffs
   Services – Washington

8

9  By *s/ Ross Siler*                            By *s/ Beth M. Bollinger*
       Kenneth E. Payson, WSBA #26369                William A. Gilbert, WSBA #30592
10     Ross Siler, WSBA #46486                       Beth M. Bollinger, WSBA #26645
       Olivia M. Powar, WSBA #59504                  421 W. Riverside Avenue, Suite 353
11     920 Fifth Avenue, Suite 3300                  Spokane, WA 99201
       Seattle, WA  98104-1610                       Telephone: (509) 321-0750
12     Telephone: (206) 622-3150                     Email: bill@wagilbert.com
       Email: kenpayson@dwt.com                             beth@wagilbert.com
13             ross.siler@dwt.com
               oliviapowar@dwt.com
14

15 WITHERSPOON BRAJCICH MCPHEE,                  ETTER, MCMAHON, LAMBERSON,
   PLLC                                          VAN WERT & ORESKOVICH, P.C.
16 Attorneys for Defendants Jason Dreyer, DO      Attorneys for Defendants Daniel Elskens, DO
   and Jane Doe Dreyer                           and Jane Doe Elskens

17

18 By *s/ Ryan M. Beaudoin*                       By *s/ Ronald A. Van Wert*
       Ryan M. Beaudoin, WSBA #30598                 Stephen M. Lamberson, WSBA #12985
19     Jeffrey R. Galloway, WSBA #44059              Ronald A. Van Wert, WSBA #32050
       James A. McPhee, WSBA #26323                  618 W. Riverside Avenue, Suite 210
20     Bryce J. Wilcox, WSBA #21728                  Spokane, WA 99201
       Steven J. Dixson, WSBA #38101                 Telephone: (509) 747-9100
21     601 W. Main Avenue, Suite 1400               Email: lambo74@ettermcmahon.com
       Spokane, WA 99201-0677                              rvw@ettermcmahon.com
22     Telephone: (509) 455-9077
       Email: rbeaudoin@workwith.com
23             jgalloway@workwith.com
               jmcphee@workwith.com
24             bwilcox@workwith.com
               sdixson@workwith.com
25

26

27

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 34

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1

## <u>CERTIFICATE OF SERVICE</u>

2      I hereby certify that on this day, I had the foregoing electronically filed with the Clerk of

3   the Court using the CM/ECF system, which will send notification of such filing to those attorneys

4   of record registered on the CM/ECF system.  All other parties (if any) shall be served in accordance

5   with the Federal Rules of Civil Procedure.

6      DATED: June 21, 2023

7

8                    <u>*s/ Ross Siler*</u>
                         Ross Siler, WSBA #46486

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

JOINT STATEMENT REGARDING
JURISDICTIONAL DISCOVERY PROGRAM
(2:22-cv-00915-JLR) - 35

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

# EXHIBIT A-1

# [PLAINTIFFS' PROPOSED NOTICE]

## <u>To Be Used If Gilbert Law Firm Is Designated For BAA Contract</u>

**NOTE TO COURT – We propose two identical notices with the only difference being that "NOTICE A" (sent to patients identified by Providence as "may" being class members due to specific surgeries) includes the additional sentence indented on the next page.**

UNITED STATES DISTRICT COURT OF THE WESTERN
DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CAROLINE ANGULO, a single person, ERIC KELLER, a single person, ISABEL LINDSEY and CHARLES LINDSEY, a married couple, and CHRISTINE BASH, individually and as personal representative of the ESTATE OF STEVEN BASH,<br><br>            Plaintiffs.<br><br>        v.<br><br>PROVIDENCE HEALTH & SERVICES WASHINGTON, a non-profit Washington Corporation, also d/b/a PROVIDENCE ST. MARY MEDICAL CENTER; Dr. JASON A. DREYER, DO, and JANE DOE DREYER, husband and wife and the marital community thereof; Dr. DANIEL ELSKENS DO, and JANE DOE ELSKENS, husband and wife and the marital community thereof; and JOHN/JANE DOES 1-10, and any marital communities thereof,<br><br>            Defendants. | NO.  22-CV-00915-JLR<br><br><br><br>**NOTICE OF LAWSUIT AND REQUEST FOR INFORMATION** |

## <u>NOTICE OF LAWSUIT AND REQUEST FOR INFORMATION</u>

**The United States District Court for the Western District of Washington has approved this Notice to be distributed to patients who underwent surgery with Dr. Jason Dreyer and/or Dr. Daniel Elskens at Providence St. Mary Medical Center in Walla Walla, Washington.**

**This Notice is to inform you about a lawsuit in which you have information helpful for the Court's determination of whether it has jurisdiction over the matter in federal court.**

NO. 22-CV-00915-JLR

**DESCRIPTION OF THE LAWSUIT:** Former patients of Dr. Jason A. Dreyer and Dr. Daniel Elskens filed a class action lawsuit on behalf of themselves and other patients of these doctors such as yourself (collectively, "Potential Class Members") against those doctors and Providence Health & Services – Washington. The lawsuit alleges that Potential Class Members suffered damages as a result of medically unnecessary or otherwise improper surgeries done at Providence St. Mary Medical Center in Walla Walla, Washington.

This lawsuit was filed after Providence paid the United States and Washington governments $22 million to settle false health care claims against it, regarding claims of medically unnecessary or otherwise improper surgeries done at Providence St. Mary Medical Center by the two surgeons.

Defendants deny all allegations of wrongdoing. The case is currently in the early pretrial stage. The Court has taken no position on the validity of the claims asserted in this lawsuit.

[**NOTE TO COURT** – Plaintiffs' Proposed Notices [NOTICE A and NOTICE B] are identical except **NOTICE A** – to identified patients – **also includes the following:**]

However, you have been identified by Providence as a past patient of Dr. Dreyer or Dr. Elskens who may qualify as a class member because of the specific medical care that you received. –

**REQUEST FOR INFORMATION**: In order for the case to proceed, the Court must first determine whether it has jurisdiction over the matter. That determination requires the Court to evaluate state residency and U.S. citizenship status of Potential Class Members as of the date of the filing of this lawsuit on May 13, 2022. In aid of that determination, the Court has authorized this Notice to provide Potential Class Members the opportunity to provide information to the Court regarding their state residency and U.S. citizenship status as of the May 13, 2022 date. Providing such information is optional. Your rights with respect to this lawsuit or otherwise will not be affected by your decision to provide or not to provide the requested information.

**WHAT YOU CAN DO TO PROVIDE INFORMATION**: There are three ways that you can provide the needed information of your state of residency and your U.S. citizenship status.

(1) You can return the self-addressed form with all the relevant information filled out;
(2) You can provide the information pursuant to the following website [insert website here] – the website operator has a dedicated phone line for you to call with questions: [insert phone number here]; or
(3) You can wait until counsel contacts you (which will not be until __ days after this Notice is sent).

You also can "opt out" – that is, you can send the attached form to be received by ____, 2023, and ask to have your name removed from the list of patients to be contacted for this information.

Any questions you may have about the lawsuit can be answered by reviewing the case online (https://pacer.uscourts.gov, a service that requires registration and payment) or by contacting the attorneys in the case. They are listed at the end of this Notice.

NO. 22-CV-00915-JLR

1

2    **CONFIDENTIALITY**: All communications made via this Notice are in compliance with health information privacy laws under federal law (HIPAA) and Washington state law (UHCIA). [The third-party administrator] (who mailed this notice) and the Gilbert Law Firm (plaintiffs' counsel)

3    received your contact information **for the limited purpose of identifying your state residency**

4    **and U.S. citizenship status only** and have executed a Business Associate Agreement to ensure that your information obtained via this Notice is not used for any purpose other than to identify this needed information.

5

6    This notice has been agreed to by Plaintiffs and Defendants and approved by the Court.

7    DATED:_____

                                                        _____
8                                                       The Honorable James L. Robart
                                                        United States District Judge

9    GILBERT LAW FIRM, P.S.                   DAVIS WRIGHT TREMAINE LLP
     Attorneys for Class Action Plaintiffs    Attorneys for Defendant Providence Health &
                                              Services – Washington
10
         William A. Gilbert, WSBA #30592           Kenneth E. Payson, WSBA #26369
11       Beth M. Bollinger, WSBA #26645            Ross Siler, WSBA #46486
         Ashley A. Richards, WSBA #33047           Olivia M. Powar, WSBA #59504
12       421 W. Riverside Avenue, Suite 353        920 Fifth Avenue, Suite 3300
         Spokane, WA 99201                         Seattle, WA  98104-1610
13       Telephone: (509) 321-0750                 Telephone: (206) 622-3150

14       Email: bill@wagilbert.com                 Email: kenpayson@dwt.com
                beth@wagilbert.com                        ross.siler@dwt.com
15              ashley@wagilbert.com                      oliviapowar@dwt.com

16

17   LEWIS BRISBOIS BISGAARD &              WITHERSPOON BRAJCICH MCPHEE,
     SMITH LLP                              PLLC
18   Attorneys for Defendant Providence Health &   Attorneys for Defendants Jason Dreyer, DO
     Services – Washington                  and Jane Doe Dreyer

19
         Jennifer K. Oetter, WSBA #26140           Ryan M. Beaudoin, WSBA #30598
20       888 SW Fifth Avenue, Suite 900            Jeffrey R. Galloway, WSBA #44059
         Portland, OR  97204                       James A. McPhee, WSBA #26323
21       Telephone: (971) 712-2800                 Bryce J. Wilcox, WSBA #21728
         Email: jennifer.oetter@lewisbrisbois.com  Steven J. Dixson, WSBA #38101
22                                                 601 W. Main Avenue, Suite 1400
                                                   Spokane, WA 99201-0677
23   ETTER, MCMAHON, LAMBERSON,            Telephone: (509) 455-9077
     VAN WERT & ORESKOVICH, P.C.

     NO. 22-CV-00915-JLR

1

Attorneys for Defendants Daniel Elskens, DO
and Jane Doe Elskens

2

3

Stephen M. Lamberson, WSBA #12985
Ronald A. Van Wert, WSBA #32050
618 W. Riverside Avenue, Suite 210
Spokane, WA 99201
Telephone: (509) 747-9100
Email: lambo74@ettermcmahon.com
     rvw@ettermcmahon.com

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Email: rbeaudoin@workwith.com
     jgalloway@workwith.com
     jmcphee@workwith.com
     bwilcox@workwith.com
     sdixson@workwith.com

NO. 22-CV-00915-JLR

# [PLAINTIFFS' PROPOSED INFORMATION FORM]

### Class Action Litigation

### Angulo et al. v. Providence Health & Services et al, Case No. 2:22-cv-00915-JLR

# JURISDICTIONAL INFORMATION FORM

Pursuant to the Notice of Lawsuit and Request for Information, I hereby submit this Jurisdictional Information Form.

1. First Name_____

2. Last Name_____

3. Last Four Digits of Social Security Number (for verification purposes) _____

4. I underwent surgery by [  ] Dr. Jason A. Dreyer / [  ] Dr. Daniel Elskens on or approximately this/these date(s) at Providence St. Mary Medical Center in Walla Walla, Washington: _____.

5. On May 13, 2022, my state of residence was: _____.

6. On May 13, 2022, I [  ] was / [  ] was not a U.S. Citizen.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on this date: _____ at this city:_____

and this state: _____.

Signature: _____

Please complete, sign, and submit the form by [insert date]. You may submit this form by folding it in half, sealing it with tape, and returning it by first class mail by affixing a 63-cent stamp and having it postmarked on or before [insert date]. You do not need an envelope.

*BEFORE MAILING: DETACH HERE. FOLD IN HALF SO THAT THE PRE-PRINTED ADDRESS IS SHOWING, AND SEAL WITH TAPE OR STAPLE.*

*--FOLD HERE*

SEAL WITH TAPE OR STAPLE

PLACE
STAMP
HERE

[NAME]
[Attn: _____ ]
[ADDRESS]
[ADDRESS]
[CITY, STATE ZIP CODE]

PLAINTIFFS' NOTE TO COURT:

THIS PAGE WILL BE PRINTED ON THE BACK OF THE JURISDICTIONAL INFORMATION FORM SO THAT THE FORM CAN BE MAILED BACK SIMPLY BY FOLDING THE PAGE IN HALF AND AFFIXING A STAMP.

A SIMILAR FORM WAS USED IN THE WRIGHT V. JECKLE CASE. See Exhibit 7 to Bollinger Declaration filed 6/21/2023 in Support of Joint Statement.

# [PLAINTIFFS' PROPOSED OPT-OUT FORM]

**Class Action Litigation**

**Angulo et al. v. Providence Health & Services et al, Case No. 2:22-cv-00915-JLR**

# REQUEST FOR EXCLUSION

I have read the Notice of Lawsuit and Request for Information, and I hereby wish to exclude myself from participating in the gathering of data regarding my state of residency and my status of U.S. citizenship.

1. First Name_____

2. Last Name_____

3. Signature_____

*--FOLD HERE*

Please complete, sign, and submit the form by [insert date]. You may submit this form by folding it in half, sealing it with tape, and returning it by first class mail by affixing a 63-cent stamp and having it postmarked on or before [insert date]. You do not need an envelope.

*BEFORE MAILING: DETATCH HERE. FOLD IN HALF SO THAT THE PRE-PRINTED ADDRESS IS SHOWING, AND SEAL WITH TAPE OR STAPLE.*

SEAL WITH TAPE OR STAPLE

PLACE
STAMP
HERE

[NAME]
[Attn:            ]
[ADDRESS]
[ADDRESS]
[CITY, STATE ZIP CODE]

**PLAINTIFFS' NOTE TO COURT:**

**THIS PAGE WILL BE PRINTED ON THE BACK OF THE "REQUEST FOR EXCLUSION" FORM SO THAT THE FORM CAN BE MAILED BACK SIMPLY BY FOLDING THE PAGE IN HALF AND AFFIXING A STAMP.**

**A SIMILAR FORM WAS USED IN THE WRIGHT V. JECKLE CASE. See Exhibit 7 to Bollinger Declaration filed 6/21/2023 in Support of Joint Statement.**

# EXHIBIT A-2

# PLAINTIFFS' ALTERNATIVE PROPOSED NOTICE –

## To Be Used If Court Orders Compliance With RCW 70.02.060(1)

**NOTE TO COURT – We propose two identical notices with the only difference being that "NOTICE A" (sent to patients identified by Providence as "may" being class members due to specific surgeries) includes the additional sentence indented on the next page.**

UNITED STATES DISTRICT COURT OF THE WESTERN
DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CAROLINE ANGULO, a single person, ERIC KELLER, a single person, ISABEL LINDSEY and CHARLES LINDSEY, a married couple, and CHRISTINE BASH, individually and as personal representative of the ESTATE OF STEVEN BASH, | NO.  22-CV-00915-JLR |
| Plaintiffs. | **NOTICE OF LAWSUIT AND REQUEST FOR INFORMATION** |
| v. | |
| PROVIDENCE HEALTH & SERVICES WASHINGTON, a non-profit Washington Corporation, also d/b/a PROVIDENCE ST. MARY MEDICAL CENTER; Dr. JASON A. DREYER, DO, and JANE DOE DREYER, husband and wife and the marital community thereof; Dr. DANIEL ELSKENS DO, and JANE DOE ELSKENS, husband and wife and the marital community thereof; and JOHN/JANE DOES 1-10, and any marital communities thereof, | |
| Defendants. | |

## NOTICE OF LAWSUIT AND REQUEST FOR INFORMATION

**The United States District Court for the Western District of Washington has approved this Notice to be distributed to patients who underwent surgery with Dr. Jason Dreyer and/or Dr. Daniel Elskens at Providence St. Mary Medical Center in Walla Walla, Washington.**

**This Notice is to inform you about a lawsuit in which you have information helpful for the Court's determination of whether it has jurisdiction over the matter in federal court.**

NO. 22-CV-00915-JLR

**DESCRIPTION OF THE LAWSUIT:** Former patients of Dr. Jason A. Dreyer and Dr. Daniel Elskens filed a class action lawsuit on behalf of themselves and other patients of these doctors such as yourself (collectively, "Potential Class Members") against those doctors and Providence Health & Services – Washington. The lawsuit alleges that Potential Class Members suffered damages as a result of medically unnecessary or otherwise improper surgeries done at Providence St. Mary Medical Center in Walla Walla, Washington.

This lawsuit was filed after Providence paid the United States and Washington governments $22 million to settle false health care claims against it, regarding claims of medically unnecessary or otherwise improper surgeries done at Providence St. Mary Medical Center by the two surgeons.

Defendants deny all allegations of wrongdoing. The case is currently in the early pretrial stage. The Court has taken no position on the validity of the claims asserted in this lawsuit.

> [**NOTE TO COURT** – Plaintiffs' Proposed Notices [NOTICE A and NOTICE B] are identical except **NOTICE A** – to identified patients – **also includes the following:**]

> However, you have been identified by Providence as a past patient of Dr. Dreyer or Dr. Elskens who may qualify as a class member because of the specific medical care that you received. –

**REQUEST FOR INFORMATION**: In order for the case to proceed, the Court must first determine whether it has jurisdiction over the matter. That determination requires the Court to evaluate state residency and U.S. citizenship status of Potential Class Members as of the date of the filing of this lawsuit on May 13, 2022. In aid of that determination, the Court has authorized this Notice to provide Potential Class Members the opportunity to provide information to the Court regarding their state residency and U.S. citizenship status as of the May 13, 2022 date. Providing such information is optional. Your rights with respect to this lawsuit or otherwise will not be affected by your decision to provide or not to provide the requested information.

**WHAT YOU CAN DO TO PROVIDE INFORMATION**: There are three ways that you can provide the needed information of your state of residency and your U.S. citizenship status.

> (1) You can return the self-addressed form with all the relevant information filled out;
> (2) You can provide the information pursuant to the following website [insert website here] – the website operator has a dedicated phone line for you to call with questions: [insert phone number here]; or
> (3) You can wait until counsel contacts you (which will not be until __ days after this Notice is sent).

You also can "opt out" – that is, you can send the attached form to be received by ____, 2023, and ask to have your name removed from the list of patients to be contacted for this information.

Any questions you may have about the lawsuit can be answered by reviewing the case online (https://pacer.uscourts.gov, a service that requires registration and payment) or by contacting the attorneys in the case. They are listed at the end of this Notice.

NO. 22-CV-00915-JLR

**CONFIDENTIALITY**: [The third-party administrator(s)] (who mailed this notice) received your contact information **for the limited purpose of identifying your state residency and U.S. citizenship status only** and have executed a Business Associate Agreement to ensure that your information obtained via this Notice is not used for any purpose other than to identify this needed information.

If you do not return the "opt out" form (attached) by _____, 2023, the Gilbert Law Firm (plaintiffs' counsel) will receive your contact information in compliance with RCW 70.02.060(1) and may contact you to **for the limited purpose of identifying your state residency and U.S. citizenship status only.**

All communications made via this Notice are in compliance with health information privacy laws under federal law (HIPAA) and Washington state law (UHCIA) and is in compliance with RCW 70.02.060(1), which preserves your right to object to your contact information be shared with the Gilbert Law Firm (plaintiffs' counsel).

This notice has been agreed to by Plaintiffs and Defendants and approved by the Court.

DATED:_____

_____
The Honorable James L. Robart
United States District Judge

GILBERT LAW FIRM, P.S.
Attorneys for Class Action Plaintiffs

    William A. Gilbert, WSBA #30592
    Beth M. Bollinger, WSBA #26645
    Ashley A. Richards, WSBA #33047
    421 W. Riverside Avenue, Suite 353
    Spokane, WA 99201
    Telephone: (509) 321-0750

    Email: bill@wagilbert.com
            beth@wagilbert.com
            ashley@wagilbert.com

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant Providence Health & Services – Washington

    Kenneth E. Payson, WSBA #26369
    Ross Siler, WSBA #46486
    Olivia M. Powar, WSBA #59504
    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1610
    Telephone: (206) 622-3150

    Email: kenpayson@dwt.com
           ross.siler@dwt.com
           oliviapowar@dwt.com

LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for Defendant Providence Health & Services – Washington

    Jennifer K. Oetter, WSBA #26140

WITHERSPOON BRAJCICH MCPHEE, PLLC
Attorneys for Defendants Jason Dreyer, DO and Jane Doe Dreyer

    Ryan M. Beaudoin, WSBA #30598

NO. 22-CV-00915-JLR

888 SW Fifth Avenue, Suite 900
Portland, OR 97204
Telephone: (971) 712-2800
Email: jennifer.oetter@lewisbrisbois.com

ETTER, MCMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
Attorneys for Defendants Daniel Elskens, DO
and Jane Doe Elskens

Stephen M. Lamberson, WSBA #12985
Ronald A. Van Wert, WSBA #32050
618 W. Riverside Avenue, Suite 210
Spokane, WA 99201
Telephone: (509) 747-9100
Email: lambo74@ettermcmahon.com
        rvw@ettermcmahon.com

Jeffrey R. Galloway, WSBA #44059
James A. McPhee, WSBA #26323
Bryce J. Wilcox, WSBA #21728
Steven J. Dixson, WSBA #38101
601 W. Main Avenue, Suite 1400
Spokane, WA 99201-0677
Telephone: (509) 455-9077

Email: rbeaudoin@workwith.com
        jgalloway@workwith.com
        jmcphee@workwith.com
        bwilcox@workwith.com
        sdixson@workwith.com

# [PLAINTIFFS' PROPOSED INFORMATION FORM]

## Class Action Litigation

**Angulo et al. v. Providence Health & Services et al, Case No. 2:22-cv-00915-JLR**

# JURISDICTIONAL INFORMATION FORM

Pursuant to the Notice of Lawsuit and Request for Information, I hereby submit this Jurisdictional Information Form.

1.  First Name_____

2.  Last Name_____

3.  Last Four Digits of Social Security Number (for verification purposes) _____

4.  I underwent surgery by [ ] Dr. Jason A. Dreyer / [ ] Dr. Daniel Elskens on or approximately this/these date(s) at Providence St. Mary Medical Center in Walla Walla, Washington: _____.

5.  On May 13, 2022, my state of residence was: _____.

6.  On May 13, 2022, I [ ] was / [ ] was not a U.S. Citizen.


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on this date: _____ at this city:_____

and this state: _____.

Signature: _____

Please complete, sign, and submit the form by [insert date]. You may submit this form by folding it in half, sealing it with tape, and returning it by first class mail by affixing a 63-cent stamp and having it postmarked on or before [insert date]. You do not need an envelope.

*BEFORE MAILING: DETACH HERE. FOLD IN HALF SO THAT THE PRE-PRINTED ADDRESS IS SHOWING, AND SEAL WITH TAPE OR STAPLE.*

*--FOLD HERE*

SEAL WITH TAPE OR STAPLE

PLACE
STAMP
HERE

[NAME]
[Attn: _____ ]
[ADDRESS]
[ADDRESS]
[CITY, STATE ZIP CODE]

**PLAINTIFFS' NOTE TO COURT:**

**THIS PAGE WILL BE PRINTED ON THE BACK OF THE JURISDICTIONAL INFORMATION FORM SO THAT THE FORM CAN BE MAILED BACK SIMPLY BY FOLDING THE PAGE IN HALF AND AFFIXING A STAMP.**

**A SIMILAR FORM WAS USED IN THE WRIGHT V. JECKLE CASE. See Exhibit 7 to Bollinger Declaration filed 6/21/2023 in Support of Joint Statement.**

# [PLAINTIFFS' PROPOSED OPT-OUT FORM]

**Class Action Litigation**

**Angulo et al. v. Providence Health & Services et al, Case No. 2:22-cv-00915-JLR**

# REQUEST FOR EXCLUSION

I have read the Notice of Lawsuit and Request for Information, and I hereby wish to exclude myself from participating in the gathering of data regarding my state of residency and my status of U.S. citizenship.

1. First Name_____

2. Last Name_____

3. Signature_____

*--FOLD HERE*

Please complete, sign, and submit the form by [insert date]. You may submit this form by folding it in half, sealing it with tape, and returning it by first class mail by affixing a 63-cent stamp and having it postmarked on or before [insert date]. You do not need an envelope.

*BEFORE MAILING: DETATCH HERE. FOLD IN HALF SO THAT THE PRE-PRINTED ADDRESS IS SHOWING, AND SEAL WITH TAPE OR STAPLE.*

SEAL WITH TAPE OR STAPLE

PLACE
STAMP
HERE

[NAME]
[Attn:            ]
[ADDRESS]
[ADDRESS]
[CITY, STATE ZIP CODE]

**PLAINTIFFS' NOTE TO COURT:**

**THIS PAGE WILL BE PRINTED ON THE BACK OF THE "REQUEST FOR EXCLUSION" FORM SO THAT THE FORM CAN BE MAILED BACK SIMPLY BY FOLDING THE PAGE IN HALF AND AFFIXING A STAMP.**

**A SIMILAR FORM WAS USED IN THE WRIGHT V. JECKLE CASE. See Exhibit 7 to Bollinger Declaration filed 6/21/2023 in Support of Joint Statement.**

# EXHIBIT B

1                                                        The Honorable James L. Robart

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9

10  CAROLINE ANGULO, a single person, ERIC
    KELLER, a single person, and ISABEL
    LINDSEY AND CHARLES LINDSEY, a              No. 2:22-cv-00915-JLR
11  married couple, and CHRISTINE BASH,
    individually and as personal representative of the   NOTICE OF LAWSUIT AND
12  ESTATE OF STEVEN BASH,                      REQUEST FOR INFORMATION

13                          Plaintiffs,

14         v.

15  PROVIDENCE HEALTH & SERVICES –
    WASHINGTON, a non-profit Washington
16  corporation, also d/b/a PROVIDENCE ST.
    MARY MEDICAL CENTER; DR. JASON A.
17  DREYER, D.O., and JANE DOE DREYER,
    husband and wife and the marital community
18  thereof; DR. DANIEL ELSKENS, D.O., and
    JANE DOE ELSKENS, husband and wife and
19  the marital community thereof; and JOHN/JANE
    DOES 1-10, and any martial communities
20  thereof,

21                          Defendants.

22

23

24

25

26

27

**NOTICE OF LAWSUIT AND REQUEST FOR INFORMATION**

The United States District Court for the Western District of Washington has approved this Notice to be distributed to patients who underwent surgery with Dr. Jason A. Dreyer and/or Dr. Daniel Elskens at Providence St. Mary Medical Center in Walla Walla, Washington.

This Notice is to inform you about a lawsuit in which you might have information helpful for the Court's determination of whether it has jurisdiction over the matter.

**I.    DESCRIPTION OF THE LAWSUIT**

Former patients of Dr. Jason A. Dreyer and Dr. Daniel Elskens filed a putative class action lawsuit against those doctors and Providence Health & Services – Washington on behalf of themselves and other patients of these doctors (collectively, "Potential Class Members"). The lawsuit alleges that Potential Class Members suffered damages as a result of medically unnecessary or improper surgeries at Providence St. Mary Medical Center in Walla Walla, Washington.

Defendants deny all allegations of wrongdoing. The case is currently in the early pretrial stage. The Court has taken no position on the validity of the claims asserted in this lawsuit.

**II.    REQUEST FOR INFORMATION**

In order for the case to proceed, the Court must first determine whether it has jurisdiction over the matter. That determination requires the Court to evaluate the state residency and U.S. citizenship status of Potential Class Members as of the date of the filing of this lawsuit on May 13, 2022. In aid of that determination, the Court has authorized this Notice to provide Potential Class Members the opportunity to provide information to the Court regarding their state residency and U.S. citizenship status as of the date of the filing of this lawsuit on May 13, 2022. Providing such information is optional. Your rights with respect to this lawsuit or otherwise will not be affected by your decision to provide or not to provide the requested information.

### III. HOW TO PROVIDE REQUESTED INFORMATION

If you wish to provide information to assist the Court with its determination of jurisdiction, please submit the "Jurisdictional Information Form," which is attached to this Notice.  Please complete, sign, and submit the form by _____.   You may mail or email your completed form to:

[insert notice administrator info].

You can also submit this information online at [website address], a website maintained by [notice administrator].

### IV. INFORMATION THAT WOULD BE PROVIDED TO COUNSEL

The only information that [notice administrator] would provide to counsel for Plaintiffs and Defendants would be: (1) the number of patients to whom this Notice of Lawsuit and Request for Information were mailed; (2) the number of patients who returned the Jurisdictional Information Form or submitted information through the above website; (3) summary state residency information for the patients who returned the information form or submitted their information online (i.e., the number of patients whose residency as of May 13, 2022, was Washington, Oregon, or some other state/country); and (4) summary U.S. citizenship information for the patients who returned the information form or submitted their information online (i.e., the number of patients who were U.S. citizens as of May 13, 2022).

Pursuant to a Business Associate Agreement executed with Providence, [notice administrator] has agreed to keep confidential and not disclose for any purpose: (1) the identities of patients it was provided to facilitate mailing this Notice of Lawsuit and Request for Information, and (2) the Jurisdictional Information Forms returned by patients or online submissions and patient-specific information contained in the same.

This notice has been agreed to by Plaintiffs and Defendants and approved by the Court.

DATED this ___ day of _____ 2023.

1                                                    The Honorable James L. Robart

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
8                                    AT SEATTLE

9

10   CAROLINE ANGULO, a single person, ERIC
     KELLER, a single person, and ISABEL
11   LINDSEY AND CHARLES LINDSEY, a             No. 2:22-cv-00915-JLR
     married couple, and CHRISTINE BASH,
12   individually and as personal representative of the   JURISDICTIONAL
     ESTATE OF STEVEN BASH,                     INFORMATION FORM

13                      Plaintiffs,

14          v.

15   PROVIDENCE HEALTH & SERVICES –
     WASHINGTON, a non-profit Washington
16   corporation, also d/b/a PROVIDENCE ST.
     MARY MEDICAL CENTER; DR. JASON A.
17   DREYER, D.O., and JANE DOE DREYER,
     husband and wife and the marital community
18   thereof; DR. DANIEL ELSKENS, D.O., and
     JANE DOE ELSKENS, husband and wife and
19   the marital community thereof; and JOHN/JANE
     DOES 1-10, and any martial communities
20   thereof,

21                      Defendants.

22

23          Pursuant to the Notice of Lawsuit and Request for Information, I hereby submit this

24   Jurisdictional Information Form.

25          1.  First Name:_____

26          2.  Last Name:_____

27          3.  Last Four Digits of Social Security Number (for verification purposes):_____

4.  I underwent surgery by [ ] Dr. Jason A. Dreyer / [ ] Dr. Daniel Elskens on or approximately this/these date(s) at Providence St. Mary Medical Center in Walla Walla, Washington: _____.

5.  On May 13, 2022, my state of residence was:_____

6.  On May 13, 2022, I [ ] was / [ ] was not a U.S. Citizen.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on this date: _____ at this city:_____

_____ and this state:_____.

Signature:_____

Please complete, sign, and submit the form by _____.  You may mail or email your completed form to:

[insert notice administrator info]

You can also submit this information online at [website address], a website maintained by [notice administrator].

1          The Honorable James L. Robart

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
8                        AT SEATTLE

9

10   CAROLINE ANGULO, a single person, ERIC
     KELLER, a single person, and ISABEL
     LINDSEY AND CHARLES LINDSEY, a          No. 2:22-cv-00915-JLR
11   married couple, and CHRISTINE BASH,
     individually and as personal representative of the   NOTICE OF LAWSUIT AND
12   ESTATE OF STEVEN BASH,                   REQUEST FOR INFORMATION

13                      Plaintiffs,

14          v.

15   PROVIDENCE HEALTH & SERVICES –
     WASHINGTON, a non-profit Washington
16   corporation, also d/b/a PROVIDENCE ST.
     MARY MEDICAL CENTER; DR. JASON A.
17   DREYER, D.O., and JANE DOE DREYER,
     husband and wife and the marital community
18   thereof; DR. DANIEL ELSKENS, D.O., and
     JANE DOE ELSKENS, husband and wife and
19   the marital community thereof; and JOHN/JANE
     DOES 1-10, and any martial communities
20   thereof,

21                      Defendants.

22

23

24

25

26

27

**NOTICE OF LAWSUIT AND REQUEST FOR INFORMATION**

The United States District Court for the Western District of Washington has approved this Notice to be distributed to patients who underwent surgery with Dr. Jason A. Dreyer and/or Dr. Daniel Elskens at Providence St. Mary Medical Center in Walla Walla, Washington, and patients who underwent surgery with Dr. Dreyer with MultiCare Health System in Spokane, Washington.

This Notice is to inform you about a lawsuit in which you might have information helpful for the Court's determination of whether it has jurisdiction over the matter.

**I.    DESCRIPTION OF THE LAWSUIT**

Former patients of Dr. Jason A. Dreyer and Dr. Daniel Elskens filed a putative class action lawsuit against those doctors and Providence Health & Services – Washington on behalf of themselves and other patients of these doctors (collectively, "Potential Class Members").  The lawsuit alleges that Potential Class Members suffered damages as a result of medically unnecessary or improper surgeries at either Providence St. Mary Medical Center in Walla Walla, Washington, or at MultiCare Health System in Spokane, Washington.

Defendants deny all allegations of wrongdoing.  The case is currently in the early pretrial stage.  The Court has taken no position on the validity of the claims asserted in this lawsuit.

**II.    REQUEST FOR INFORMATION**

In order for the case to proceed, the Court must first determine whether it has jurisdiction over the matter.  That determination requires the Court to evaluate the state residency and U.S. citizenship status of Potential Class Members as of the date of the filing of this lawsuit on May 13, 2022.  In aid of that determination, the Court has authorized this Notice to provide Potential Class Members the opportunity to provide information to the Court regarding their state residency and U.S. citizenship status as of the date of the filing of this lawsuit on May 13, 2022.  Providing such information is optional.  Your rights with respect to this lawsuit or otherwise will not be affected by your decision to provide or not to provide the requested information.

III.    **HOW TO PROVIDE REQUESTED INFORMATION**

If you wish to provide information to assist the Court with its determination of jurisdiction, please submit the "Jurisdictional Information Form," which is attached to this Notice.  Please complete, sign, and submit the form by ~~[14 days after notice is mailed]~~_____.  You may mail or email your completed form to:

[insert ~~claims~~ notice administrator info]_.

You can also submit this information online at [website address], a website maintained by [notice administrator].

IV.    **INFORMATION THAT WOULD BE PROVIDED TO COUNSEL**

The only information that [notice administrator] would provide to counsel for Plaintiffs and Defendants would be: (1) the number of patients to whom this Notice of Lawsuit and Request for Information were mailed; (2) the number of patients who returned the Jurisdictional Information Form or submitted information through the above website; (3) summary state residency information for the patients who returned the information form or submitted their information online (i.e., the number of patients whose residency as of May 13, 2022, was Washington, Oregon, or some other state/country); and (4) summary U.S. citizenship information for the patients who returned the information form or submitted their information online (i.e., the number of patients who were U.S. citizens as of May 13, 2022).

Pursuant to a Business Associate Agreement executed with Providence, [notice administrator] has agreed to keep confidential and not disclose for any purpose: (1) the identities of patients it was provided to facilitate mailing this Notice of Lawsuit and Request for Information, and (2) the Jurisdictional Information Forms returned by patients or online submissions and patient-specific information contained in the same.

This notice has been agreed to by Plaintiffs and Defendants and approved by the Court.

DATED this ____ day of _____ 2023.

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROLINE ANGULO, a single person, ERIC
KELLER, a single person, and ISABEL
LINDSEY AND CHARLES LINDSEY, a
married couple, and CHRISTINE BASH,
individually and as personal representative of the
ESTATE OF STEVEN BASH,

                        Plaintiffs,

          v.

PROVIDENCE HEALTH & SERVICES –
WASHINGTON, a non-profit Washington
corporation, also d/b/a PROVIDENCE ST.
MARY MEDICAL CENTER; DR. JASON A.
DREYER, D.O., and JANE DOE DREYER,
husband and wife and the marital community
thereof; DR. DANIEL ELSKENS, D.O., and
JANE DOE ELSKENS, husband and wife and
the marital community thereof; and JOHN/JANE
DOES 1-10, and any martial communities
thereof,

                        Defendants.

No. 2:22-cv-00915-JLR

JURISDICTIONAL
INFORMATION FORM

          Pursuant to the Notice of Lawsuit and Request for Information, I hereby submit this

Jurisdictional Information Form.

          1.  First Name:_____

          2.  Last Name:_____

          3.  Last Four Digits of Social Security Number (for verification purposes):_____

4.  I underwent surgery by [ ] Dr. Jason A. Dreyer / [ ] Dr. Daniel Elskens on or approximately ~~this/these~~ date(s) at Providence St. Mary Medical Center in Walla Walla, Washington: _____ _____.

~~5.  I underwent surgery by Drs. Dreyer or Elskens at [ ] Providence St. Mary Medical~~ ~~Center in Walla Walla, Washington / [ ] MultiCare Health System in Spokane,~~ ~~Washington.~~

~~6.~~5. On May 13, 2022, my state of residence was:_____

~~7.~~6. On May 13, 2022, I [ ] was / [ ] was not a U.S. Citizen.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on this date:_____ at this city:_____ _____ and this state:_____.

Signature:_____

Please complete, sign, and submit the form by ~~[14 days after notice is~~ ~~mailed]~~_____.  You may mail or email your completed form to:

[insert ~~claims~~ notice administrator info]

You can also submit this information online at [website address], a website maintained by [notice administrator].