The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROLINE ANGULO, a single person, ERIC KELLER, a single person, ISABEL LINDSEY and CHARLES LINDSEY, a married couple, and CHRISTINE BASH, individually and as a personal representative of the ESTATE OF STEVEN BASH,

Plaintiffs,

v.

PROVIDENCE HEALTH & SERVICES – WASHINGTON, a non-profit Washington corporation, also d/b/a PROVIDENCE ST. MARY MEDICAL CENTER; DR. JASON A. DREYER, D.O., and JANE DOE DREYER, husband and wife and the marital community thereof; DR. DANIEL ELSKENS, D.O., and JANE DOE ELSKENS, husband and wife and the marital community thereof; and JOHN/JANE DOES 1-10, and any martial communities thereof,

Defendants.

No. 2:22-cv-00915-JLR

PROVIDENCE'S RESPONSE TO NON-PARTY MULTICARE HEALTH SYSTEM'S MOTION TO QUASH

NOTED ON MOTION CALENDAR:  July 7, 2023

PROVIDENCE'S RESPONSE TO NON-PARTY MULTICARE HEALTH SYSTEM'S MOTION TO QUASH
(2:22-cv-00915-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

On June 21, 2023, Non-Party MultiCare Health System ("MultiCare") moved to quash a subpoena Plaintiffs issued seeking information concerning the MultiCare patients who underwent surgeries with Defendant Dr. Jason Dreyer (the "Motion"). Dkt. 90. Plaintiffs ostensibly seek information related to the residency and citizenship of these patients as the third putative class for which they assert claims in this action. Dkt. 80 ¶ 6.2.3. Defendant Providence Health & Services – Washington ("Providence") supports MultiCare's Motion to the extent Plaintiffs' subpoena is overbroad in the information it seeks; implicates discovery to which MultiCare has objected in the case *Rae et al. v. MultiCare Health Sys. et al.*, Case No. 22-2-06780-8 (Spokane Cnty. Super. Ct.); fails to comply with notice requirements under RCW 70.02.060; and otherwise violates patient privacy rights and protections. *See* Motion at 4-9.

The Court accordingly should grant MultiCare's Motion and quash Plaintiffs' subpoena in its entirety. However, if the Court does not grant the Motion in full, Providence believes that the administrator (JND Legal Administration) it proposed to manage jurisdictional discovery with respect to the Providence patients at issue, could do so as well for the MultiCare patients, in the same manner Providence described in its proposal as set forth in the joint statement the parties filed on June 21, 2023 (Dkt. 92 at 3-4, 15-19).

As Providence explained in its joint statement positions, JND could manage the complete jurisdictional discovery process—including mailing notices to patients and compiling responses regarding patients' state residency and citizenship—to efficiently obtain the limited jurisdictional discovery necessary for the Court to determine whether it has subject matter jurisdiction in this case. JND could manage this process (subject to MultiCare's approval) for both the Providence and MultiCare patients by being engaged by Providence and MultiCare as a business associate under HIPAA such that Providence and MultiCare could disclose PHI to JND without patient authorization pursuant to RCW 70.02.050 to facilitate the jurisdictional discovery process. Providence's proposal is the most protective of PHI (requiring disclosure of patient identifying information only to JND, as opposed to the six or more different entities/individuals proposed by

PROVIDENCE'S RESPONSE TO
NON-PARTY MLUTICARE HEALTH
SYSTEM'S MOTION TO QUASH
(2:22-cv-00915-JLR) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiffs) and it addresses both Providence's and MultiCare's concerns regarding Plaintiffs' counsel's potential misuse of the narrow jurisdictional discovery permitted for solicitation purposes. *See* Dkt. 92 at 16-17; Motion at 9-10.

The Court should quash Plaintiffs' subpoena for the reasons MultiCare asserts. But if it does not, Providence asks the Court to adopt Providence's proposal whereby JND would manage the jurisdictional discovery process for both the Providence and MultiCare patients at issue.

DATED this 3rd day of July, 2023.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant Providence Health & Services – Washington

By *s/ Ross Siler*
Kenneth E. Payson, WSBA #26369
Ross Siler, WSBA #46486
Olivia Powar, WSBA #59504
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
Email: kenpayson@dwt.com
　　　　ross.siler@dwt.com
　　　　oliviapowar@dwt.com

LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for Defendant Providence Health & Services – Washington

Jennifer K. Oetter, WSBA #26140
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone: (971) 712-2800
Fax: (971) 712-2801
Email: jennifer.oetter@lewisbrisbois.com

PROVIDENCE'S RESPONSE TO
NON-PARTY MLUTICARE HEALTH
SYSTEM'S MOTION TO QUASH
(2:22-cv-00915-JLR) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I had the foregoing electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED: July 3, 2023

*s/ Ross Siler*
Ross Siler, WSBA #46486

PROVIDENCE'S RESPONSE TO
NON-PARTY MLUTICARE HEALTH
SYSTEM'S MOTION TO QUASH
(2:22-cv-00915-JLR) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax