William A. Gilbert, WSBA #30592
Gilbert Law Firm, P.S.
421 W. Riverside Ave, Suite 353
Spokane, WA 99201
T: 509·321·0750
F: 509·343·3315
E: bill@wagilbert.com
Attorney for Plaintiffs

The Honorable James L. Robart

UNITED STATES DISTRICT COURT OF THE WESTERN
DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CAROLINE ANGULO, a single person, ERIC KELLER, a single person, ISABEL LINDSEY and CHARLES LINDSEY, a married couple, and CHRISTINE BASH, individually and as a personal representative of the ESTATE OF STEVEN BASH,<br><br>           Plaintiffs.<br>   v.<br><br>PROVIDENCE HEALTH & SERVICES WASHINGTON, a non-profit Washington Corporation, also d/b/a PROVIDENCE ST. MARY MEDICAL CENTER; Dr. JASON A. DREYER, DO, and JANE DOE DREYER, husband and wife and the marital community thereof; Dr. DANIEL ELSKENS DO, and JANE DOE ELSKENS, husband and wife and the marital community thereof; and JOHN/JANE DOES 1-10, and any marital communities thereof,<br><br>           Defendants. | NO. 2:22-cv-00915-JLR<br><br>**PLAINTIFFS' RESPONSE TO MOTION TO QUASH** |

NO. 2:22-cv-00915
PLAINTIFFS' RESPONSE TO NON-PARTY
MULTICARE'S MOTION TO QUASH
PAGE 1 OF 14

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

# INTRODUCTION

Based on the need for judicial discovery on jurisdiction, this Court, by Order dated May 23, 2023 (*Docket #83*) authorized Plaintiffs to issue a subpoena to non-party MultiCare Health Systems ("MultiCare"), who is a keeper of patient residency data and/or contact information for Jason Dreyer patients treated at MultiCare who are the third of the subclasses of this class action lawsuit involving, *inter alia*, Providence Health & Services Washington ("Providence").

In response to the subsequently issued subpoena, and after correspondence and conference between counsel for Plaintiff and MultiCare, MultiCare filed a Motion to Quash, objecting to having to respond to any subpoena. Plaintiffs address those objections below. However, it does appear that, if a subpoena should issue, the parties have reached an agreement on how to proceed.

*First*, MultiCare asks that any patient data retrieval follow the same system that this Court approves for Providence patient data retrieval. *Motion, at 6, 10.* Plaintiffs have previously recommended this as one of the options to retrieve patient data retrieval from MultiCare and continue to agree to it here (and Plaintiffs also recommend its proposals, and not JND – the group proposed by Providence – for the reasons stated in the Joint Statement, *see Docket No. 93*).

*Second*, MultiCare objects to the production of county information. *Id., 4.* Plaintiffs agree; at the time the subpoena was issued, Plaintiffs believed county information was required but it appears that it is not and, therefore, Plaintiffs withdraw the request for county information.

*Third*, MultiCare seeks to have Plaintiffs bear the costs of discovery. As the Court is aware, on May 15, 2023, it ordered that Plaintiffs and Providence share evenly in the costs of the jurisdictional discovery since both parties require discovery to resolve jurisdictional issues. *See 5/15/2023 Order at 10-11.* Plaintiffs ask that the Court find that this May 15, 2023 Order includes

NO. 2:22-cv-00915
PLAINTIFFS' RESPONSE TO NON-PARTY
MULTICARE'S MOTION TO QUASH
PAGE 2 OF 14

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

the costs of the MultiCare patient data discovery so that the MultiCare discovery costs are shared evenly between Providence and Plaintiffs.

Plaintiffs dispute MultiCare's position that the U.S. citizenship status data is irrelevant and discuss it below. *See King v. Great American Chicken Corp.,* 903 F.3d 875 (9th Cir. 2018) (discussing U.S. citizenship requirements in class action cases). Certainly, this process would be easier without the U.S. citizenship issue needing resolution, but *King* is clear: U.S. citizenship data is needed. *Id*. at 879.

Plaintiffs object to MultiCare's proposal of a restrictive protective order prohibiting Plaintiffs from contacting putative class members from this point forward. That is not the law on class contacts, nor is it a requirement that this Court has imposed. Plaintiffs and Providence have filed a Joint Statement and this issue is addressed there, *see Docket No. 92 at 14-15,* including citation to caselaw. We further address it below.

But other than the issuance of the subpoena overall, the parties are in basic agreement regarding next steps. The possibility of needing to hone the details of those next steps reinforces the need for involvement of the magistrate judge (a proposal made by Plaintiffs in the Joint Statement filed June 21, 2023, *see Docket No. 92 at e.g., pp. 3, 11, 14-15).*

## **BACKGROUND**

As the Court is aware, Plaintiffs filed this class action lawsuit in King County Superior Court in May 2022, against, *inter alia*, Providence. The complaint arose from allegations made by the federal government that Providence used a compensation structure that incentivized Defendants Jason Dreyer and Daniel Elskens to perform medically unnecessary, overly complex, and otherwise improper spinal surgeries and, in many cases, to file false claims for

NO. 2:22-cv-00915
PLAINTIFFS' RESPONSE TO NON-PARTY
MULTICARE'S MOTION TO QUASH
PAGE 3 OF 14

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

reimbursement with government health insurance programs. In that first Complaint (as we have mentioned to the Court before, *see Docket No. 68, p. 2*), MultiCare was listed but was not named as a defendant. *Docket No. 1-4, p. 8.*

At all times the instant Class Action Complaint has alleged a MultiCare patient subclass, *see e.g. Docket No. 80, p. 34* (Second Amended Complaint), which is based on Providence's admissions in its March 2022 settlement agreement with the Justice Department that it let Dr. Dreyer resign without reporting him to the National Practitioner Data Base (NPDB) or Washington Department of Health (WDOH) despite being a mandatory reporter. *See id., Exh. 2, p. 3 (Settlement Agreement admissions).* A failure-to-report claim against Providence for the MultiCare class is found at Count VIII, *id., p. 48,* and involves MultiCare patients due to allegations of an implied statutory duty of care by Providence to Jason Dreyer's subsequent patients (i.e., MultiCare patients in Spokane, Washington).[1]

As the Court is aware, Providence removed this action to this federal court on June 30, 2022, and the parties have disputed federal jurisdiction. This required the instant jurisdictional discovery, which involves retrieving data not just for Providence patients but also for MultiCare patients (data on state residency and U.S. citizenship status). Providence would not have access to the MultiCare data, or to contact information for the MultiCare class (as this Court recognized in its March 17, 2023 Order at p. 12). Plaintiffs submitted supplemental briefing to this Court, per Court order, proposing the instant subpoena, which this Court granted. *Docket Nos. 68, 83.*

---

[1] Plaintiffs have recently learned that, in November 2022, the Washington Department of Health determined that Providence failed to comply with its mandatory reporting requirements and that Providence entered a Plan of Correction with the WDOH in December 2022. *See Bollinger Decl. Filed re Motion to Quash, ¶ 6, Exh. 3.*

NO. 2:22-cv-00915
PLAINTIFFS' RESPONSE TO NON-PARTY
MULTICARE'S MOTION TO QUASH
PAGE 4 OF 14

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

As explained in its Supplemental Briefing, MultiCare surgeries occurred more recently than Providence surgeries (between June 2019 and March 2021), *Docket No. 68 at p. 2*, which would make MultiCare patient contact information more current than Providence patient contact information. Plaintiffs also anticipated fewer patients, given that Dr. Dreyer was in Spokane for less than two years, during COVID (when presumably fewer surgeries were conducted). *Id*.

Plaintiffs were hopeful that MultiCare may have citizenship data. If it did, it potentially could compile the needed data without having to make a specific production of patient contact information – especially since the MultiCare surgeries are relatively recent and so the MultiCare records of state residency likely are more reliable (unlike Providence, where the surgeries were prior to 2019 and so state residency does need verification – as does U.S. citizenship data, since Providence has explained that it does not maintain that information).

In the end, it turns out that MultiCare does not maintain citizenship data, *Motion at 4,* so a different method of retrieval appears necessary. MultiCare asks that, if the Motion to Quash is denied, the Court order the same method of data retrieval for MultiCare as is used for Providence patients. *Id., p. 6, 10*. This is a reasonable proposal and one that Plaintiffs have made too.

MultiCare seems to conflate the need for data in this case with the fact that another class action exists against MultiCare in a separate, state court case and alleges that Plaintiffs are trying to avoid discovery issues in that other case through the jurisdictional discovery process here. *Id., p. 9. See Rae v. Multicare*, No. 23-2-01703-32 (Spokane County Superior Court, Washington). Parties have begun discovery in the MultiCare class action and MultiCare has produced some responses, but no motions to compel have been filed. *Bollinger Decl. filed Re Motion to Quash ("Bollinger Decl.), ¶ 2*. In fact, MultiCare is currently challenging judge assignments for that

NO. 2:22-cv-00915
PLAINTIFFS' RESPONSE TO NON-PARTY
MULTICARE'S MOTION TO QUASH
PAGE 5 OF 14

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

case (with a hearing set for August 4, 2023, and a status conference set for August 18, 2023) so a motion to compel, if needed, cannot efficiently be filed in that case until these preliminary issues raised by MultiCare can be resolved. *Id.* In the meantime, the issue of this subpoena arose because of specific jurisdictional discovery needed in <u>this</u> Court because of the MultiCare patient class claim against Providence, pursuant to Count VIII, for its failure to report Dr. Dreyer to authorities. This was a problem requiring a solution in <u>this</u> class action. The instant suggested subpoena was the result.

The parties have conferred, as MultiCare counsel notes. Plaintiff counsel initially sent an email with this Court's May 23, 2023 Order authorizing a subpoena, resulting in some email exchange right before the June 5, 2023 Zoom conference, including a suggestion from Plaintiffs that the parties use the same method of data collection that ultimately is used with the Providence classes. *Bollinger Decl.,* ¶ 3, Exh. 1. After conferring, Plaintiff counsel sent a subpoena with a letter memorializing the conference with all the various issues and options discussed, *see Docket No. 91 (Norman Decl.), ¶3.B, Exh. B,* and anticipated a response from MultiCare counsel but did not hear back from MultiCare except through the filing of this Motion to Quash. As noted above, if the Motion to Quash is denied as an overall matter, the parties seem to agree on how to retrieve the data. Plaintiffs further propose that costs be split evenly with Providence (not MultiCare) and that MultiCare's additional request for a restrictive protective order be denied.

## **ARGUMENT**

A. <u>The Motion to Quash Should Be Denied</u>.

MultiCare seems to ask for Plaintiffs' subpoena to be quashed generally – it speaks of a *de minimis* need for the subpoenaed discovery, *Motion at 3,* but this Court has already ruled that

NO. 2:22-cv-00915
PLAINTIFFS' RESPONSE TO NON-PARTY
MULTICARE'S MOTION TO QUASH
PAGE 6 OF 14

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

retrieval of citizenship data for MultiCare patients is important enough to justify the subpoena. *See e.g., March 17, 2023 Order at 12; May 23, 2023 Order at 2-3.*

MultiCare also appears to ask for a 14-day period before the subpoena issues and also suggests that Plaintiffs cannot "send" the notice pursuant to RCW 70.02.060(1) and therefore cannot comply with that requirement. *Motion at 5, 6-7.* As discussed below, this latter issue is putting form over substance; there are solutions. However, MultiCare also states its desire to use the same method for patient data retrieval that is used for the Providence patient data retrieval, to which Plaintiffs agree, making the bulk of these arguments moot. Certainly, it makes moot the Motion to Quash the subpoena in its entirety as an overall issue. As to specifics:

*First*, MultiCare objects to production of county information. Plaintiff agrees. That no longer is part of Plaintiffs' proposal with regard to Providence patient data, *see Docket No. 92, Exh. A-1 and A-2,* and Plaintiffs withdraw it from its request for MultiCare patient data.

*Second*, MultiCare objects to production of U.S. citizenship data. *Motion at 4*. However, this is required in federal class action cases when determining federal jurisdiction questions. In *King v. Great Am. Chicken Corp.*, 903 F.3d 875 (9th Cir. 2018), the Ninth Circuit has explained that, in determining whether remand to state court is appropriate, a federal court must review proposed class members' state "citizenship" which, in turn, requires inspection of whether that person is a United States citizen. *See King.*, 903 F.3d at 879 (to be a citizen of a state, a natural person must first be a citizen of the United States) (quotation omitted). As noted there, "It cannot be assumed that all residents of [a state] are citizens of the United States." *Id*. And although citizenship data need not be exact, *King*, *supra*, a need for at least some data exists.

NO. 2:22-cv-00915
PLAINTIFFS' RESPONSE TO NON-PARTY
MULTICARE'S MOTION TO QUASH
PAGE 7 OF 14

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

*Third,* MultiCare questions whether Plaintiffs can comply with the directive of RCW 70.02.060(1) that Plaintiffs be the source of notice – i.e., whether Plaintiffs technically can send notices to MultiCare Dreyer patients because Plaintiffs do not have addresses. *Motion at 6-7.* This elevates form over substance. For example, if a Notice from the Court indicates that the Notice is being sent by the Court on behalf of the parties, then Plaintiffs have "sent" the Notice to the MultiCare patient, the requirements of RCW 70.02.060(1) are met, and Plaintiffs are authorized to conduct follow-up contact if the patient does not register an objection. This is the method proposed by Plaintiffs in their Exhibit A-2 of the Joint Statement, found at Docket No. 92. In addition, there is no prohibition to MultiCare sending notices on Plaintiffs' behalf.

The Court also could implement the method used successfully in *Wright v. Jeckle*, 90 P.3d 65, 68-69 (Wash. Ct. App. 2004), where one contractor stuffed envelopes, another mailed the envelopes, and the recipient had the option to opt out by sending a notice to the Court's judicial assistant. *See also Bollinger Decl., ¶ 5, Exh. 2.* The envelope could use the Gilbert Law Firm return address and explain the Firm had no access to the patient's address when sending the Notice. It thus would be "sent" by Plaintiff counsel without violation of privacy. Plaintiffs believe that is more than is required, but it is an option and is a method that has been found in compliance with the UHCIA. *See Wright, supra.*

Plaintiffs reiterate what it has said to this Court in the Joint Statement, *see Docket No. 92 at p. 15* – this is discovery, all parties are authorized to be involved and should be involved, and it is Plaintiffs' burden to establish the required data. Plaintiffs should not be barred from using previously authorized discovery to meet its burden. Furthermore, the Ninth Circuit has held it is

NO. 2:22-cv-00915
PLAINTIFFS' RESPONSE TO NON-PARTY
MULTICARE'S MOTION TO QUASH
PAGE 8 OF 14

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

an abuse of discretion to deny pre-certification discovery that is likely to substantiate class allegations:

> The plaintiff in a class action "bears the burden of … showing that … discovery is likely to produce substantiation of the class allegations." [quotation omitted] Once this showing is made, it is an abuse of discretion to deny precertification discovery. … Further failing to allow precertification discovery where it is necessary to determine the existence of a class is an abuse of discretion.

*Perez v. Safelite Grp. Inc*, No. 12-55657, 2014 U.S. App. LEXIS 4353 (9th Cir. Mar. 7, 2014).

Determining, and resolving, the discovery issues here only emphasizes the ways in which a magistrate judge could assist the parties. This was a proposal made by Plaintiffs in the Joint Statement, *see Docket No. 92 at e.g., 3, 11, 14-15*. Given the discovery and jurisdictional nature of the issues, and the potential need to enforce a subpoena (or to ensure the parties remain in agreement to the retrieval of the patient data information on citizenship in a way that meets PHI and UHCIA requirements), Plaintiffs continue to recommend the appointment of Judge Magistrate Theiler to this process.

MultiCare does cite to out-of-jurisdiction cases for the proposition that non-party patient records should not be discoverable. *Motion, at 6-7*. The caveat here (besides the fact that these are out-of-jurisdiction cases applying other states' laws) is that the requested contact information is for potential class members – i.e., parties. In fact, contact information on putative class members is routinely allowed in precertification discovery. *Coleman v. Jenny Craig, Inc.,* 2103 WL 2896884, at *7 (S.D. Cal. June 12, 2013) (and cases cited therein). Plaintiffs have proposed an opt-out procedure if individuals prefer not to be contacted at this time, mirroring the procedure used in *Wright v. Jeckle*. *See Bollinger Decl., ¶ 5, Exh. 2.* The Court has asked the

NO. 2:22-cv-00915
PLAINTIFFS' RESPONSE TO NON-PARTY
MULTICARE'S MOTION TO QUASH
PAGE 9 OF 14

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

parties how to conduct this discovery within UHCIA parameters. Plaintiffs believe that goal has been accomplished and can be similarly accomplished for MultiCare patients.

MultiCare also cites federal law regarding privacy rights. *Motion, 7-8*. But as this Court has recognized, it has the authority under HIPAA/federal law to issue an order for needed PHI information. *5/15/2023 Motion at 6*. Plaintiffs take patient privacy seriously and have promoted pre-contact notice. *See e.g., Docket No. 75 at 7-8*. Plaintiffs also propose an opt-out process for this class data information. *Bollinger Decl. at ¶ 5, Exh. 2; Docket No. 92 at Exhs. A-1, A-2*. This is needed information for the potential benefit of putative class members and should be permitted through this reasonably-proposed discovery process.

MultiCare also suggests that the Court delay the discovery and force Plaintiffs to seek it in a different forum, in the other court class action in Spokane County. *Motion at 9*. The subject matter of the inquiry and needed discovery is this Court's federal jurisdiction, and that is not a task delegable to a state court. At a minimum, this does not meet standard requirements that this Court has for its own court system, to process cases efficiently and effectively, resolving the issues placed before the Court. Here, this case has been pending before this Court for a year without resolution of jurisdiction. It is time to move forward on jurisdictional issues. We ask that the Court deny MultiCare's motion to quash on this ground.

MultiCare complains about Plaintiffs' "goals." *Id*. Plaintiffs are in federal court because of Providence, not Plaintiffs. The subpoena was issued pursuant to this Court's order. Plaintiffs offered ways for MultiCare to produce data only, but MultiCare claims that it does not possess it. Plaintiffs' goal is to move forward with the case. This jurisdictional discovery is one necessary step.

NO. 2:22-cv-00915
PLAINTIFFS' RESPONSE TO NON-PARTY
MULTICARE'S MOTION TO QUASH
PAGE 10 OF 14

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

In the end, this is a moot point since MultiCare has asked to implement the same method of patient data retrieval as is used by Providence. That is an issue being resolved by the Court at this time – both of Plaintiffs' plans would be able to manage MultiCare patients as well (and Plaintiffs continue to object to JND for the reasons cited in the Joint Statement). The ultimate ruling on that issue will properly protect PHI (the main concern here). If MultiCare is asking to quash the subpoena because of its agreement to cooperate in the process designated by the Court with Providence patient data collection, then we have no objection to resort to that process.

B. <u>Costs Should Be Shared by Providence and Plaintiffs</u>.

MultiCare raises the issue of costs. *Motion at 3, 10.* In its May 15, 2023 Order, the Court ordered parties (Providence and Plaintiffs) to share jurisdictional discovery costs evenly. *See 5/15/2023 Order at 10-11.* Though this is discovery from MultiCare, not defendant Providence, the principles applied by the Court in the May 15, 2023 Order apply here. We ask that the Court order the costs associated with obtaining the MultiCare discovery and patient data information be shared by Providence and the Plaintiffs equally.

C. <u>The Court Should Deny Multicare's Proposed New Restrictive Protective Order</u>.

MultiCare also seems to propose Plaintiffs be subjected to a restrictive protective order even though a protective order is already in place in this case. *Motion at 9-10.* Indeed, prior to the UHCIA issue arising, the Court anticipated that Plaintiff counsel would conduct outreach to determine these jurisdictional questions and would do so ethically. *3/17/2023 Order at 14, 16.*

MultiCare's allegations for a protective order mirror those of Providence, who likewise has attempted to restrict Plaintiffs' involvement with this important discovery process. We have objected to Providence's restrictions as well. *See Docket No. 92, at p. 5, 13-14.*

NO. 2:22-cv-00915
PLAINTIFFS' RESPONSE TO NON-PARTY
MULTICARE'S MOTION TO QUASH
PAGE 11 OF 14

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

These concerns about patient contact continue to be unfounded. Plaintiffs have built a procedure into these Notices that explain the putative claimants' rights while also ensuring that the information will be used for jurisdictional discovery. *Docket No. 92 at Exh. A-1, A-2*. As officers of the Court, we are focused on the assigned purpose of the discovery. MultiCare proposes entering an order that has the potential to restrict contact with putative class members because MultiCare provided addresses at this time – or could foment allegations of improper contact inconsistent with governing law. Jurisdictional discovery should not result in the inability of putative class members to contact Plaintiff counsel about the class action.

"As a general rule, before class certification has taken place, all parties are entitled to equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties." *Coleman, supra*, *23 (quotation omitted). "Moreover, discovery of the contact information of putative class members is routinely allowed." *Id.; see also Artis v. Deere & Co.,* 276 F.R.D. 348, 351 (N.D. Cal. 2011) (disclosure of names, addresses and phone numbers is a common practice in the class action context). *See also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-02, 101 S. Ct. 2193 (1981) (recognizing that class counsel in Rule 23 class actions must be allowed to communicate with potential class members for the purpose of notification and gathering information, even prior to class certification), *cited with approval in Coleman*, at *24. A protective order can be sufficient to protect the information of putative class members. *Cf. Tavakolian v. Great Am. Life Ins. Co.*, 2022 U.S. Dist. LEXIS 185859, *26-27 (involving life insurance policies).

NO. 2:22-cv-00915
PLAINTIFFS' RESPONSE TO NON-PARTY
MULTICARE'S MOTION TO QUASH
PAGE 12 OF 14

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

The fact that this jurisdictional discovery is needed should not stand in the way of a putative patient class member contacting the attorneys in this case. The claims are theirs, not those of MultiCare. The current protective order suffices to protect parties, named or unnamed.

## CONCLUSION

For the foregoing reasons, Plaintiffs ask that this Court:

1. Deny MultiCare's motion to quash (with the exception of the request for county information, which is withdrawn);
2. Deny MultiCare's request for an additional protective order;
3. Order that a Notice consistent with the ultimate procedure ordered by this Court regarding Providence records; and
4. Order that all costs associated with the Notice be borne equally between the Plaintiffs and Providence.

I certify that this memorandum contains 3,559 words in compliance with the Local Civil Rules.

DATED THIS 3rd day of July 2023

Respectfully Submitted,

GILBERT LAW FIRM, P.S.
Attorneys for Plaintiffs


By *s/ William A. Gilbert*
William A. Gilbert, WSBA #30592
Beth M. Bollinger, WSBA #26645
421 W. Riverside Avenue, Suite 353
Spokane, WA 99201
Telephone: (509) 321-0750
Email: bill@wagilbert.com
beth@wagilbert.com

NO. 2:22-cv-00915
PLAINTIFFS' RESPONSE TO NON-PARTY
MULTICARE'S MOTION TO QUASH
PAGE 13 OF 14

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I had the foregoing electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 3rd day of July 2023.

_____
JOEL CHAVEZ

NO. 2:22-cv-00915
PLAINTIFFS' RESPONSE TO NON-PARTY
MULTICARE'S MOTION TO QUASH
PAGE 14 OF 14

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315