The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLINE ANGULO, a single person, ERIC KELLER, a single person, ISABEL LINDSEY and CHARLES LINDSEY, a married couple, and CHRISTINE BASH, individually and as a personal representative of the ESTATE OF STEVEN BASH,<br><br>                Plaintiffs,<br><br>   v.<br><br>PROVIDENCE HEALTH & SERVICES – WASHINGTON, a non-profit Washington corporation, also d/b/a PROVIDENCE ST. MARY MEDICAL CENTER; DR. JASON A. DREYER, D.O., and JANE DOE DREYER, husband and wife and the marital community thereof; DR. DANIEL ELSKENS, D.O., and JANE DOE ELSKENS, husband and wife and the marital community thereof; and JOHN/JANE DOES 1-10, and any martial communities thereof,<br><br>                Defendants. | No. 2:22-cv-00915-JLR<br><br>PROVIDENCE'S REPLY TO PLAINTIFFS' RESPONSE TO MULTICARE HEALTH SYSTEM'S MOTION TO QUASH<br><br>NOTED ON MOTION CALENDAR: July 7, 2023 |

PROVIDENCE'S REPLY TO
PLS.' RESP. TO MULTICARE'S MOT. TO QUASH
(2:22-cv-00915-JLR)

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendant Providence Health & Services – Washington ("Providence") files this reply to an argument Plaintiffs raised against Providence for the first time in their response to Non-Party MultiCare Health System's ("MultiCare") Motion to Quash. Specifically, Plaintiffs ask that the Court "order the costs associated with obtaining the MultiCare discovery and patient data information be shared by Providence and the Plaintiffs equally." Dkt. 96 at 11. Plaintiffs' request that the Court compel Providence to pay jurisdictional discovery/notice costs concerning MultiCare's patients is inappropriate.

In its reconsideration Order, the Court agreed with Providence that Washington's Uniform Health Care Information Act ("UHCIA") requires Providence to provide *its* patients with advance notice before producing their names and contact information in response to discovery related to their medical treatment. Dkt. 79 at 7. The Court ordered Plaintiffs and Providence to share equally the cost of notice to *Providence* patients because such notice is required both for (1) jurisdictional discovery as to the applicability of a CAFA exception for which Plaintiffs bear the burden of proof and (2) to fulfill Providence's obligations under the UHCIA to *its* patients who might be proposed class members. Dkt. 79 at 10-11.

By contrast, Providence has no obligations pursuant to the UHCIA to the proposed MultiCare patient class members. The Court's rationale for having Providence share in the cost of jurisdictional discovery/notice to Providence's patients, therefore, does not apply to costs associated with the jurisdictional discovery Plaintiffs seek from MultiCare or its patients. If the Court does not quash Plaintiffs' subpoena to MultiCare entirely, it should order Plaintiffs to bear fully the costs in pursuit of jurisdictional discovery regarding the MultiCare patients.

As stated in its Response to MultiCare's Motion to Quash, Providence believes that JND Legal Administration can effectively manage jurisdictional discovery with respect to both Providence's and MultiCare's patients (subject to MultiCare's approval) if the Court does not quash Plaintiffs' subpoena in full. Dkt. 95. Further, costs for JND as administrator can be split by Providence and Plaintiffs for the Providence patients at issue, and borne solely by Plaintiffs

PROVIDENCE'S REPLY TO
PLS.' RESP. TO MULTICARE'S MOT. TO QUASH
(2:22-cv-00915-JLR) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

for the MultiCare patients at issue, in proportion to the number of Providence patients as compared to the number of MultiCare patients in the overall notice program. Such an arrangement avoids requiring Providence to bear jurisdictional discovery costs with respect to MultiCare patients to whom it has no notice responsibilities under the UHCIA.

DATED this 7th day of July, 2023.

DAVIS WRIGHT TREMAINE LLP

By *s/ Kenneth E. Payson*
   Kenneth E. Payson, WSBA #26369
   Ross Siler, WSBA #46486
   Olivia Powar, WSBA #59504
   920 Fifth Avenue, Suite 3300
   Seattle, WA  98104-1610
   Telephone: (206) 622-3150
   Fax: (206) 757-7700
   Email: kenpayson@dwt.com
          ross.siler@dwt.com
          oliviapowar@dwt.com

LEWIS BRISBOIS BISGAARD & SMITH LLP

   Jennifer K. Oetter, WSBA #26140
   888 SW Fifth Avenue, Suite 900
   Portland, OR  97204
   Telephone: (971) 712-2800
   Fax: (971) 712-2801
   Email: jennifer.oetter@lewisbrisbois.com

*Attorneys for Defendant Providence Health & Services – Washington*

PROVIDENCE'S REPLY TO
PLS.' RESP. TO MULTICARE'S MOT. TO QUASH
(2:22-cv-00915-JLR) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I had the foregoing electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED: July 7, 2023

*s/ Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369

PROVIDENCE'S REPLY TO
PLS.' RESP. TO MULTICARE'S MOT. TO QUASH
(2:22-cv-00915-JLR) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax