1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE

CAROLINE ANGULO, a single person, ERIC
KELLER, a single person, and ISABEL
LINDSEY and CHARLES LINDSEY, a
married couple,

                          Plaintiffs.

v.

PROVIDENCE HEALTH & SERVICES
WASHINGTON, a non-profit Washington
Corporation, also d/b/a PROVIDENCE ST.
MARY MEDICAL CENTER; Dr. JASON A.
DREYER, DO, and JANE DOE DREYER,
husband and wife and the marital community
thereof; Dr. DANIEL ELSKENS DO, and
JANE DOE ELSKENS, husband and wife and
the marital community thereof; and
JOHN/JANE DOES 1-10, and any marital
communities thereof,

                          Defendants.

NO. 22-CV-00915-JLR

**NON-PARTY MULTICARE HEALTH SYSTEM'S REPLY IN SUPPORT OF MOTION TO QUASH**

**NOTE ON MOTION CALENDAR: July 7, 2023**

**Request for Oral Argument**

## I. REPLY

       In response to the Motion to Quash, Plaintiffs have retreated from their original demands.

Their subpoena was for a deposition, at which MultiCare's 30(b)(6) designee was to provide a

NON-PARTY MULTICARE HEALTH SYSTEM'S
REPLY IN SUPPORT OF MOTION TO QUASH  - 1

**FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC**
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

1    list of patients' state and county of residence, and their "nationality." Plaintiffs' new demands in

2    their response have been reduced, but still impose an undue burden upon MultiCare, a non-party.

3    And despite Plaintiff counsel's protests, MultiCare has demonstrated good cause for a protective

4    order.

5        First, Plaintiffs concede that county information has no relevance to jurisdiction. This

6    Court should thus grant the request to quash the demand for county of residence information.

7        Second, Plaintiffs agree that MultiCare need not provide this information directly.

8    MultiCare is not in the business of tabulating the state citizenship and legal domicile of its

9    patients, and a non-party cannot be commanded to go out and gather information it does not

10   possess. See FED. R. CIV. P. 45(a)(1)(A)(iii).

11       Plaintiffs and MultiCare disagree, however, upon the importance of "nationality," which

12   Plaintiffs Response clarifies was a request for citizenship data. MultiCare is concerned about

13   national citizenship questions because patients without a legal immigration status live in fear.

14   Receiving a legal notice seeking information about their immigration status could cause

15   considerable and unnecessary distress to MultiCare patients. MultiCare's duty to patient privacy

16   exists to prevent precisely this type of harmful disruption to patient lives.

17       Plaintiff relies upon King v. Great Am. Chicken Corp., 903 F.3d 875 (9th Cir. 2018).

18   That case dealt with whether a stipulation about 2/3 of a class living in a particular state was

19   sufficient to deny jurisdiction; the Ninth Circuit held that it was not. King, 903 F.3d at 877.

20   Plaintiff reads too much into this decision; the point of King was that residence and domicile are

21   not the same—a greater inquiry was required than the stipulation to determine jurisdiction

22   definitively. Id. Nor does King contradict the rule that citizens of foreign nations are also citizens

23   of a state if they are lawful permanent residents. See 28 U.S.C. § 1332; see also, e.g., Aiken v.

24   Snee, No. 2:15-cv-00227-JAD-VCF, 2015 U.S. Dist. LEXIS 58760, at *11-12 (D. Nev. Apr. 14,

25

NON-PARTY MULTICARE HEALTH SYSTEM'S
REPLY IN SUPPORT OF MOTION TO QUASH  - 2

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094  •  f. 206-749-0194

1  2015) ("Even if she is a citizen of Vietnam, she is treated as a citizen of the state of Nevada if
2  she is a legal permanent resident.").

3       Questioning about national citizenship and immigration status is particularly needless
4  because the question only matters to patients who reside in Washington. In terms of diversity,
5  patients living outside Washington are no less diverse if they are also citizens of foreign nations.
6  Therefore, unless two-thirds of patients are Washington residents, questioning about national
7  citizenship or immigration status is not relevant to jurisdiction. This Court should quash the
8  request for information about the national citizenship and/or immigration status of patients.

9       As to the UHCIA's requirement that Plaintiff provide notice to patients, Plaintiff does
10 not dispute the statutory language but dismisses it as a formality. Plaintiff relies upon Wright v.
11 Jeckle, 121 Wn. App. 624, 90 P.3d 65 (2004). Wright dealt with a discovery order to a party (the
12 defendant doctor) to provide class-action notices to his patients. Wright did not deal with a
13 subpoena to a non-party healthcare provider, seeking not notification to patients, but residence
14 and immigration information about those patients.

15      Plaintiff deflects discussion away from MultiCare's patients' federal privacy rights,
16 which were not addressed in Wright. See Wright, 121 Wn. App. at 631-32, 90 P.3d at 69
17 (Holding that scope of review was limited to whether court's procedure required defendant to
18 violate UHCIA notice provisions). Ninth Circuit law holds that patients have a federally
19 protected privacy right in their medical information. See Tucson Woman's Clinic v. Eden, 379
20 F.3d 531, 551 (9th Cir. 2004) (Patients "have a constitutionally protected interest in avoiding
21 disclosure of personal matters, including medical information."), citing Whalen v. Roe, 429 U.S.
22 589, 599, 51 L. Ed. 2d 64, 97 S. Ct. 869 (1977). Plaintiff's only response is that this Court has
23 the "authority" to order production of the information. Response p. 10:3-9. The question is not
24 the Court's authority, but the balancing of Plaintiffs' need for the information against the privacy
25 interests of MultiCare's patients.

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094 · f. 206-749-0194

1   Finally, if Plaintiff's request is allowed to proceed, this Court should enter a protective

2   order limiting the use of patient information to briefing on jurisdiction. Plaintiff counsel's

3   response demonstrates that he will use any discovery provided to identify and contact patients

4   about their medical records. Plaintiff counsel insists this request is focused solely on

5   jurisdictional discovery. <u>See</u> Response p. 12:4-5 ("we are focused on the assigned purpose of the

6   discovery"). Yet Plaintiff counsel bristles at the suggestion of a protective order limiting the use

7   of the information to jurisdiction—insisting that "discovery of the contact information of

8   putative class members is routinely allowed." <u>See</u> Response p. 11-13. The insistence that this is

9   about jurisdiction, while at the same time demanding to be able to use information to identify

10  and contact "putative class members" (i.e., medical patients) directly, gives the game away.

11  Plaintiffs' decision to use duplicate lawsuits also demonstrates good cause for a

12  protective order. Plaintiffs admit they have filed two lawsuits between the same plaintiff (the

13  Lindseys), the same defendant (Dr. Dreyer), for the same alleged damages (surgeries). Frustrated

14  by the failure to gain discovery in one action, Plaintiffs seek an end-run to collect "contact

15  information of putative class members," which was <u>not</u> authorized by this Court's order for

16  jurisdictional discovery. Non-party MultiCare has a duty to protect patient privacy, and Plaintiff

17  counsel's expressed intent to identify and contact Multicare patients constitutes good cause to

18  issue a protective order. Limiting the use of private patient health information to only

19  jurisdictional briefing strikes the correct balance. <u>See generally</u>, <u>Phillips v. GMC</u>, 307 F.3d 1206,

20  1210-11 (9th Cir. 2002) (Discussing good cause for protective order under Fed. R. Civ. P. 26.)

## II. CONCLUSION

22  I certify that this memorandum contains 969 words, in compliance with the Local Civil

23  Rules.

24  //

25  //

NON-PARTY MULTICARE HEALTH SYSTEM'S
REPLY IN SUPPORT OF MOTION TO QUASH - 4

**Fain Anderson VanDerhoef**
**Rosendahl O'Halloran Spillane, PLLC**
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094 • f. 206-749-0194

1    DATED this 7th day of July, 2023, in Seattle, Washington.

2

3                                    FAIN ANDERSON VANDERHOEF
                                     ROSENDAHL O'HALLORAN SPILLANE, PLLC

4

5                                    By s/ Michelle L. Hyer
                                     Michelle L. Hyer, WSBA No. 32724
6                                    Attorney for MultiCare
                                     3131 Elliott Ave, Suite 300
7                                    Seattle, WA 98121
                                     Telephone: (206) 515-2153
8                                    Facsimile: (206) 749-0194
9                                                michelleh@favros.com

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on the date below, I electronically filed the foregoing with the
3    Clerk of the Court using the CM/ECF system, which will send notification of such filing to the
following:

4

5    ***Counsel for Plaintiffs***                       ☑ E-Filed with CM/ECF
William A. Gilbert, WSBA No. 30592        ☐ Facsimile
Beth Bollinger, WSBA No. 26645           ☐ Regular U.S. Mail
6    Gilbert Law Firm, P.S.                   ☑ E-mail
421 W. Riverside Avenue, Suite 353
7    Spokane, WA 99201
bill@wagilbert.com
8    beth@wagilbert.com

9    ***Counsel for Defendant Jason A. Dreyer, DO***   ☑ E-Filed with CM/ECF
Ryan M. Beaudoin, WSBA No. 30598         ☐ Facsimile
10   Jeffrey R Galloway, WSBA No. 44059       ☐ Regular U.S. Mail
Witherspoon Brajcich McPhee, PLLC        ☑ E-mail
11   601 W. Main Ave. Ste. Suite 1400
Spokane, WA 99201
12   rbeaudoin@workwith.com
jgalloway@workwith.com

13   ***Counsel for Defendants Daniel Elskens, DO***   ☑ E-Filed with CM/ECF
***and Jane Doe Elskens***                    ☐ Facsimile
14   Stephen M. Lamberson, WSBA No.12985      ☐ Regular U.S. Mail
Ronald A. Van Wert, WSBA No. 32050       ☑ E-mail
15   Etter, McMahon, Lamberson, Van Wert &
Oreskovich, P.C.
16   618 W. Riverside Ave., Ste. 210
Spokane, WA 99201
17   lambo@ettermcmahon.com
rvw@ettermcmahon.com
18

19   ***Co-Counsel for Defendant Providence***         ☑ E-Filed with CM/ECF
***Health & Services Washington***            ☐ Facsimile
20   Kenneth E. Payson, WSBA No. 26369        ☐ Regular U.S. Mail
Ross Siler, WSBA No. 46486               ☑ E-mail
21   Olivia Powar, WSBA No. 59504
Davis Wright Tremaine LLP
22   920 Fifth Ave., Ste. 3300
Seattle, WA 98104-1610
23   kenpayson@dwt.com
ross.siler@dwt.com
24   oliviapowar@dwt.com

25

NON-PARTY MULTICARE HEALTH SYSTEM'S
REPLY IN SUPPORT OF MOTION TO QUASH  - 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

***Co-Counsel for Defendant Providence
Health & Services Washington***
Jennifer K. Oetter, WSBA No. 26140
Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Ave., Ste. 900
Portland, OR 97204-2025
jennifer.oetter@lewisbrisbois.com

☑ E-Filed with CM/ECF
☐ Facsimile
☐ Regular U.S. Mail
☑ E-mail

Signed at Seattle, Washington this 7th day of July, 2023.

*/s/ Yazmin Haerling*
Yazmin Haerling, Legal Assistant

NON-PARTY MULTICARE HEALTH SYSTEM'S
REPLY IN SUPPORT OF MOTION TO QUASH  - 7

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE, PLLC
3131 Elliott Ave, Suite 300
Seattle, WA 98121
p. 206-749-0094 • f. 206-749-0194