William A. Gilbert, WSBA #30592
Gilbert Law Firm, P.S.
421 W. Riverside Ave, Suite 353
Spokane, WA  99201
T: 509·321·0750
F: 509·343·3315
E: bill@wagilbert.com
Attorney for Plaintiffs

The Honorable James L. Robart

UNITED STATES DISTRICT COURT OF THE WESTERN
DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CAROLINE ANGULO, a single person, ERIC KELLER, a single person, ISABEL LINDSEY and CHARLES LINDSEY, a married couple, and CHRISTINE BASH, individually and as a personal representative of the ESTATE OF STEVEN BASH,<br>　　　　　　　　　　Plaintiffs.<br>　v.<br><br>PROVIDENCE HEALTH & SERVICES WASHINGTON, a non-profit Washington Corporation, also d/b/a PROVIDENCE ST. MARY MEDICAL CENTER; Dr. JASON A. DREYER, DO, and JANE DOE DREYER, husband and wife and the marital community thereof; Dr. DANIEL ELSKENS DO, and JANE DOE ELSKENS, husband and wife and the marital community thereof; and JOHN/JANE DOES 1-10, and any marital communities thereof,<br>　　　　　　　　　　Defendants. | NO.  2:22-cv-00915-JLR<br><br>**PLAINTIFFS' SURREPLY TO REPLY BY NON-PARTY MULTICARE RE: MULTICARE MOTION TO QUASH**<br><br>NOTE ON MOTION CALENDAR:<br>July 7, 2023 |

NO. 2:22-cv-00915
PLAINTIFFS' SURREPLY TO REPLY BY NON-PARTY MULTICARE RE: MULTICARE MOTION TO QUASH
PAGE 1 OF 5

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

## SURREPLY

Pursuant to Local Rule 7(g), Plaintiffs hereby file this Surreply in response to the Reply Brief filed by non-party MultiCare Health Systems ("MultiCare") on July 7, 2023. See Docket No. 99. Specifically, Plaintiffs move to strike lines 22-25 of page 2 of the Reply and lines 1-8 of page 3, which contains caselaw and argument cited for the first time on the issue of whether citizens of foreign countries who are also permanent residents in the United States are considered residents of the State in which they reside for purposes of 28 U.S.C. 1332 "citizenship" definitions.

Because this new argument is contrary to law governing subject matter jurisdiction, which is of paramount importance to this Court for the jurisdictional discovery being litigated, we file this Motion to Strike.

"New arguments may not be introduced in a reply brief," *United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992), and a court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). If new arguments are introduced, the nonmoving party may file a surreply requesting that the court strike the material. *See LCR 7(g); Philips N. Am. LLC v. Summit Imaging Inc.*, 19-cv-1745-JLR, 2021 U.S. Dist. LEXIS 98630, *23 (W.D. Wash. May 14, 2021). In such a circumstance, courts have the discretion to either strike the portions of the reply brief that present new material or consider the new material after affording the nonmoving party an opportunity to respond. *See HDT Bio Corp. v. Emcure Pharms., Ltd.,* 22-cv-0334-JLR, 2022 U.S. Dist. LEXIS 135304, *7-8 (W.D. Wash. July 29, 2022) (and cases cited therein).

MultiCare mentioned the phrase "permanent residents" in its Motion to Quash but cited to no case law and only cited to 28 U.S.C. § 1332 generally, in the context of stating that nationality

NO. 2:22-cv-00915
PLAINTIFFS' SURREPLY TO REPLY BY NON-PARTY MULTICARE RE: MULTICARE MOTION TO QUASH
PAGE 2 OF 5

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

should not be a part of the subpoena request. *See Motion at 5*. In their Response, Plaintiffs cited to *King v. Great Am. Chicken Corp.,* 903 F.3d 875 (9th Cir. 2018), to explain that jurisdictional discovery as to nationality is a requirement. *Response at 3, 7.*

For the first time in its Reply, MultiCare cited to *Aiken v.Snee, No. 2:15-cv-00227-JAD-VCF,* 2015 U.S. Dist. LEXIS 58760, at *11-12 (D. Nev. Apr. 14, 2015), for the proposition that "citizens of foreign nations are also citizens of a state if they are lawful permanent residents." *MultiCare Reply at 2*. This is an incorrect argument and should be stricken, as should all related argument (see page 2, lines 22-25 through page 3, lines 1-8).

*Aiken* relies on an out-of-date version of 28 U.S.C. § 1332 (active between 1988 through 2011) which included language that, "[f]or the purposes of this section … an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." *See Aiken, at *11-12* (citing to "1988" version of statute). That clause, known as the "deeming clause," was deleted by 2012. *See Yokeno v. Sekiguchi*, 754 F.3d 649, 653 (9th Cir. 2014). *Aiken'*s out-of-date citation was noted in *Polunin v. Fedotov*, 16-cv-00664-HG-KSC, 2017 U.S. Dist. LEXIS 47012 (D. Haw. March 29, 2017), which is the only case found by the undersigned to cite to the *Aiken* case. *See Polunin at *8-9* (D. Haw. March 29, 2017) (explaining that *Aiken* is "not persuasive" because it applied the out-of-date version of the federal diversity statute).[1]

The current law, which no longer has the "deeming" clause, has been held to <u>not convey</u> state citizenship on permanent residents. *See Cavalieri v. Avior Airlines C.A.*, 25 F.4th 843, 848 (11th Cir. 2022) (per curium) (class action case) (under current version of 28 U.S.C. 1332, a foreign

---

[1] Moreover, in 2014, the Ninth Circuit declined to apply the "deeming clause" in a manner similar how MultiCare argues on the basis that it exceeded constitutional authority. *Yokeno*, *supra,* at 654.

NO. 2:22-cv-00915
PLAINTIFFS' SURREPLY TO REPLY BY NON-PARTY MULTICARE RE: MULTICARE MOTION TO QUASH
PAGE 3 OF 5

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

citizen admitted to the United States for permanent residence "is not a 'citizen[] of the State,' but rather a 'citizen[] or subject[] of a foreign state'"); *Tagger v. Strauss Grp. Ltd.,* 951 F.3d 124, 127 (2d Cir. 2020), cert. denied 141 S. Ct. 1073 (2021) (per curium) (same); *see also Qi Qin v. Deslongchamps*, 31 F.4th 576, 580 n.2 (7th Cir. 2022) (noting the 2011 removal of the "deeming clause" from 28 U.S.C. § 1332 as well as noting the *Tagger* and *Cavalieri* decisions).

Given that this argument by MultiCare is presented for the first time in the Reply, Plaintiffs ask that it be stricken pursuant to Local Rule 7(g) in order to accurately address the issues of jurisdictional discovery. In the alternative, Plaintiffs ask that the Court consider the above citations when deciding this Motion. *See HDT Bio Corp.*, at *8 (and cases cited therein).

## **CONCLUSION**

For the foregoing reasons, Plaintiffs ask that this Court lines 22-25 of page 2 and lines 1-8 of page 3 of non-party MultiCare's Reply be stricken pursuant to LCR 7(g). In the alternative, Plaintiffs ask that the contrary caselaw cited above is allowed to be considered.

I certify that this memorandum contains 878 words in compliance with the Local Civil Rules.

DATED THIS 12th day of July 2023.

Respectfully Submitted,

GILBERT LAW FIRM, P.S.
Attorneys for Plaintiffs


By *s/ Beth M. Bollinger*
William A. Gilbert, WSBA #30592
Beth M. Bollinger, WSBA #26645
421 W. Riverside Avenue, Suite 353
Spokane, WA 99201
Telephone: (509) 321-0750
Email: bill@wagilbert.com
beth@wagilbert.com

NO. 2:22-cv-00915
PLAINTIFFS' SURREPLY TO REPLY BY NON-PARTY MULTICARE RE: MULTICARE MOTION TO QUASH
PAGE 4 OF 5

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I had the foregoing electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 12th day of July 2023.

*/s/ Joel Chavez*

JOEL CHAVEZ

NO. 2:22-cv-00915
PLAINTIFFS' SURREPLY TO REPLY BY NON-PARTY MULTICARE RE: MULTICARE MOTION TO QUASH
PAGE 5 OF 5

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 353
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315