UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLINE ANGULO, et al., | CASE NO. C22-0915JLR |
| Plaintiffs, | ORDER |
| v. | |
| PROVIDENCE HEALTH & SERVICES – WASHINGTON, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court are (1) non-party MultiCare Health System's ("MultiCare") motion to quash a subpoena (Mot. (Dkt. # 90); Am. Reply (Dkt. # 102-1)) and (2) a joint statement filed by Plaintiffs Caroline Angulo, Eric Kelley, Isabel Lindsey, Charles Lindsey, and Dana Bash's (collectively, "Plaintiffs") and Defendant Providence Health & Services – Washington ("Providence") (collectively, "the parties") regarding the parties' proposed procedures for jurisdictional discovery (Joint Statement (Dkt. # 92)). Both Plaintiffs and Providence filed responses to MultiCare's motion to quash (Pls. Resp.

(Dkt. # 96); Providence Resp. (Dkt. # 95)). Plaintiffs also filed a motion to strike certain material in MultiCare's original reply (Surreply (Dkt. # 101)), and MultiCare filed an amended reply omitting most of the material Plaintiffs identified in their surreply (*see* Praecipe (Dkt. # 102); Am. Reply). The court has reviewed MulitCare's and the parties' submissions, the relevant portions of the record, and applicable law. Being fully advised,[1] the court GRANTS in part and DENIES in part MultiCare's motion to quash, DENIES Plaintiffs' motion to strike, and resolves the parties' disputes regarding jurisdictional discovery procedures.

## II.     BACKGROUND[2]

On March 17, 2023, the court ordered the parties to engage in jurisdictional discovery to determine whether the proposed classes meet any exception to federal jurisdiction under the Class Action Fairness Act ("CAFA"). (3/17/23 Order at 15-16.) On May 15, 2023, the court partially modified its March 17, 2023 order to require the parties to notify proposed class members through a third-party administrator, and ordered a joint statement from the parties setting forth a plan for jurisdictional discovery. (*See* 5/15/23 Order (Dkt. # 79) at 11.) The court indicated it would resolve any remaining areas of dispute. (*Id.*) On May 23, 2023, as part of the jurisdictional discovery process, the court granted Plaintiffs' motion for leave to issue subpoenas to non-party MultiCare

---

[1] MultiCare requests oral argument for its motion to quash (*see* Mot. at 1), but the court has determined that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] The court previously detailed the factual and procedural background of this case and does not repeat it here. (*See* 3/17/23 Order (Dkt. # 66) at 2-5.)

for discovery regarding the citizenship of proposed class members who received care at MultiCare (the "Proposed MultiCare Class"). (5/23/23 Order (Dkt. # 83).) On June 21, 2023, MultiCare filed the instant motion to quash and the parties filed their joint statement on the same day. (*See* Dkt.) As an alternative to quashing the subpoena, the parties and MultiCare each propose submitting the discovery Plaintiffs seek from MultiCare to the jurisdictional discovery process between Plaintiffs and Providence. (*See* Mot. at 6; Pls. Resp. at 5; Providence Resp. at 1.) Accordingly, the court addresses MultiCare's motion and the outstanding jurisdictional discovery issues in a single order.

### III.   ANALYSIS

The court addresses Plaintiffs' motion to strike before turning to MultiCare's motion to quash and then sets forth the terms of jurisdictional discovery.

**A.   Plaintiffs' Motion to Strike**

Plaintiffs moved to strike several lines from MultiCare's original reply that purportedly raised new arguments for the first time, and MultiCare filed an amended reply omitting most of the disputed material. (*Compare* Surreply at 4 (asking the court to strike lines 22-25 of page 2 and lines 1-8 of page 3); *with* Praecipe at 2 (indicating deletion of lines 17-25 of page 2 and lines 1-2 of page 3); *see also* Am. Reply.) Thus, the court need only address whether the material on page 2, lines 17-22 of MultiCare's amended reply (page 3, lines 3-8 of the original reply) raises a new argument. *See, e.g., Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (noting courts have authority to strike new arguments or evidence raised on reply).

Plaintiffs assert that MultiCare argues for the first time that citizenship data for members of the Proposed MultiCare Class is not necessary to the court's jurisdictional discovery inquiry. (*See generally* Surreply.) The court concludes that MultiCare's amended reply merely restates an argument MultiCare first raised in its motion to quash. (*Compare* Mot. at 4-5 ("Nor would [patients' citizenship] information be dispositive of jurisdiction, because citizens of foreign countries lawfully domiciled in a state as legal permanent residents are citizens of that state for purposes of diversity jurisdiction . . . ."); *with* Am. Reply at 2 ("Question about national citizenship and immigration status is particularly needless because the question only matters to patients who reside in Washington.").) Accordingly, the court DENIES Plaintiffs' motion to strike.

**B.     MultiCare's Motion to Quash**

MultiCare moves to quash the subpoena entirely, or in the alternative, to quash the subpoena and order that any jurisdictional discovery of the Proposed MultiCare Class follow the same procedures in the parties' jurisdictional discovery plan. (Mot. at 3, 6.) The parties largely agree to MultiCare's participation in their jurisdictional discovery procedures. (Pls. Resp. at 5; Providence Resp. at 1.) Accordingly, the court will quash the subpoena and order MutliCare to participate in the parties' jurisdictional discovery process as set forth in this order. The court, however, must first resolve three remaining areas of dispute between Plaintiffs and MultiCare: (1) whether Plaintiffs or Providence must bear the costs of the Proposed MultiCare Class discovery; (2) whether Plaintiffs must enter a protective order precluding their use of the Proposed MultiCare Class

1 discovery in other lawsuits; and (3) whether the Proposed MultiCare Class members'

2 citizenship information is necessary.  The court addresses each dispute in turn.

3       First, the parties disagree on who should bear the costs of Proposed MultiCare

4 Class discovery.  (*See* Mot. at 6 & Providence Resp. at 1-2 (each arguing Plaintiffs

5 should bear the costs); Pls. Resp. at 2-3 (arguing Providence and Plaintiffs should split

6 these costs evenly).)  The court agrees with MultiCare and Providence that Plaintiffs must

7 bear costs of the Proposed MultiCare Class discovery.  The court previously ordered that

8 Providence share in the cost of notifying its patients because that notice procedure "is

9 intended to fulfill Providence's obligations to proposed class members" under privacy

10 laws.  (*See* 5/15/23 Order at 10-11 (citing RCW 70.02.020, .060)[3].)  That reasoning

11 plainly does not apply to members of the Proposed MultiCare Class, to whom Providence

12 has no such obligations.  Plaintiffs, however, bear the burden of demonstrating that an

13 exception to CAFA applies.  *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S.

14 81, 89 (2014).  Plaintiffs will therefore pay the costs of notifying Proposed MultiCare

15 Class members through the jurisdictional discovery process.

16       Second, MultiCare argues that Proposed MultiCare Class discovery should be

17 subject to a protective order similar to the protective order entered into by the parties.

18 (*See* Mot. at 6; *see* Prot. Order (Dkt. # 74).)  Specifically, MultiCare raises concerns that

19 without such an order, Plaintiffs will use the Proposed MultiCare Class jurisdictional

20 discovery in a parallel case filed by Plaintiffs Isabel and Charles Lindsey and represented

21

22    [3] RCW 70.02.005 *et seq*. contains Washington's Uniform Health Care Information Act ("UHCIA").

1  by Plaintiffs' counsel against MultiCare regarding the same claims at issue here. (*See*
2  Mot. at 2 (citing *Rae et al. v. MultiCare Health System, et al.*, Spokane County Superior
3  Court Case No. 22-2-6780-8); Reply at 4.) This court already ruled the Health Insurance
4  Portability and Accountability Act ("HIPAA") requires a protective order prohibiting the
5  parties from disclosing protected healthcare information ("PHI") or using it in other
6  litigation. (4/13/23 Order (Dkt. # 72) at 4-5 (citing 45 C.F.R. § 164.512(1)(e)(v)).)
7  Accordingly, Plaintiffs and MultiCare must enter a stipulated protective order that is
8  either materially identical to the parties' protective order, or otherwise consistent with the
9  court's April 13, 2023 order.

10         Third, MultiCare argues that Proposed MultiCare Class members' citizenship
11  information is unnecessary to the court's jurisdictional inquiry, but Plaintiffs disagree.
12  (Mot. at 4-5; Pls. Resp. at 7 (citing *King v. Great Am Chicken Corp.*, 903 F.3d 875 (9th
13  Cir. 2018)).) The court agrees with Plaintiffs. As this court has previously recognized,
14  "[t]o be a citizen of a state, a natural person must first be a citizen of the United States."
15  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); (*see also* 3/17/23
16  Order at 10 (citing *Kanter*).) Therefore, the Proposed MultiCare Class members must
17  answer the same set of questions as other members of the proposed classes.

18         In sum, the court GRANTS in part MultiCare's motion: the court QUASHES
19  Plaintiffs' subpoena and ORDERS MultiCare to participate in the jurisdictional discovery
20  process as set forth below and ORDERS Plaintiffs and MultiCare to enter into and file a
21  protective order consistent with this order by no later than **August 4, 2023**.
22

ORDER - 6

## C. The Jurisdictional Discovery Plan

On May 15, 2023, the court ordered the parties to: (1) identify an administrator to manage the jurisdictional discovery process; (2) describe the process by which the administrator will identify current addresses for the proposed class members; (3) determine how the notice process itself will comply with the UHCIA; (5) agree on the content of the notice and the information form; (6) identify the relevant date to determine the proposed class members' state residency; and (7) propose a new schedule for completing jurisdictional discovery. (5/15/23 Order at 11.) The parties agree on the content of the information form and that the relevant date to determine class members' state residency is May 13, 2022. (*See* Joint Statement at 32, 51, 59-60.) The court resolves each remaining area of dispute between the parties with respect to these topics.

### 1. JND Shall Administer the Notice Program.

Providence proposes appointing a third-party settlement administrator, JND Legal Administration ("JND"), to issue notice and anonymously collect and report patient data. (Joint Statement at 3-4, 17.) Providence represents that JND will be able to identify current addresses for patients, mail them notice forms, and re-mail forms to updated addresses that are returned as undeliverable. (*Id*. at 17.) Providence believes disclosing patients' PHI to JND without prior notice will not violate HIPAA if Providence and JND enter a "business associate agreement" ("BAA"), designating JND to act on Providence's behalf pursuant to HIPAA regulations. (*See id*. at 15-16 (citing 45 C.F.R. § 160.103).) Providence further explains that the UHCIA provides that a person who requires PIH to provide "'administrative' or 'legal' services to or 'other health care operations' 'for or on

behalf of the health care provider or health care facility'" need not comply with the UHCIA's notice requirements. (*Id*. at 23 (quoting RCW 70.02.050(1)(b))). An entity subject to a BAA, Providence asserts, meets the UHCIA's requirements. (*Id*.) Providence represents that JND has confirmed it can comply with the data privacy protections and has worked under BAAs in the past.[4] (*Id*. at 17-18.) Plaintiffs object to the appointment of JND because it is too large, has received several consumer complaints about its recent performance, and charges higher hourly rates than the administrator Plaintiffs identify charges (see below). (*See id.* at 7-9.)

Plaintiffs offer two alternative proposals, each involving multiple entities. (*Id*. at 4-10.) For both proposals, Plaintiffs ask the court to appoint a magistrate judge to oversee the jurisdictional discovery process. (*Id*. at 10.) Under Plaintiffs' first proposal, the court would essentially designate counsel for Plaintiffs, the Gilbert Law Firm ("Gilbert"), as the primary administrator. (*Id*. at 5-6.) This would require Providence to and Gilbert to enter a BAA. (*Id*. at 5.) In the alternative, Plaintiffs propose that the court appoint Gilbert as interim class counsel. (*Id*. at 12, 23.) Gilbert would engage Spokane-based Walt's Mailing Service and two Spokane-based paralegals ("contracted paralegals") to issue notice by mail. (*Id*. at 6.) Plaintiffs' first proposal would also engage Tallahassee, Florida-based settlement administrator, Settlement Services, Inc. ("SSI"), to develop a website for online submissions and operate a phone line to answer proposed class members' questions. (*Id*.) Finally, using their access to PHI pursuant to

---

[4] Providence represents that JND would be able to manage the notice process for all proposed class members, including the MultiCare Proposed Class. (Providence Resp. at 1.)

the BAA, Gilbert and the contracted paralegals would follow up with proposed class members by phone.  (*Id*.)  In the alternative, Plaintiffs' second proposal designates SSI as the third-party administrator and allows Gilbert and the contracted paralegals to conduct follow-up phone calls.  (*Id*. at 7.)

Providence objects to both of Plaintiffs' proposals because:  (1) Gilbert does not meet the definition of a business associate under HIPAA regulations and does not provide any assurances that Walt's Mailing Service or the contracted paralegals would, either; (2) SSI has never administered a class notice program pursuant to a BAA; and (3) appointing a magistrate judge to oversee the process unnecessarily complicates the process and is a waste of judicial resources.  (*Id*. at 16-19.)

The court concludes that Providence's proposal that JND administer the notice process is most consistent with its May 15, 2023 order.  (*See* 5/15/23 Order at 9-11.)  The court is satisfied that JND will identify proposed class members' current addresses and that its appointment pursuant to a BAA with Providence will comply with the requirements of HIPAA and the UHCIA.  (*See id*. at 11; *see also* Joint Statement at 15-18.)  Although SSI's hourly rates are lower, JND's superior experience, particularly its experience running class notice programs in conformity with HIPAA, make JND a better option.  (*See* Joint Statement at 9, 17, n.10.)  The court rejects Plaintiffs' requests for the following appointments as needlessly complicated, duplicative of JND's work, or otherwise unnecessary:  a magistrate judge to oversee the process (*id*. at 3); Gilbert as a

"business associate" of Providence under HIPAA's implementing regulations[5] (*id*. at 10-12); Walt's Mailing Service (*id*. at 6); the contracted paralegals (*id*.); and Gilbert as interim class counsel (*id*. at 12, 23.) Accordingly, the court APPOINTS JND Legal Services to administer the notice process for jurisdictional discovery.

2. <u>The Parties Must Use Providence's Proposed Notice Form.</u>

Plaintiffs' proposed notice describes this lawsuit and purpose of the inquiry in neutral terms and includes a paragraph describing the settlement between Providence, Washington State, and the United States Department of Justice. (*See* Joint Statement, Ex. A-2 ("Pls' Not.").)[6] Plaintiffs' proposal provides three options for recipients to provide the requested information: complete and return the form via mail; submit the information online; or "wait until counsel contacts you". (*Id*. at 48.)[7] Plaintiffs' Notice further instructs recipients who wish to "opt out" of the process to submit a form by a specified date, gives contact information for Gilbert, and warns recipients that Gilbert will contact them on a certain date unless they "opt out." (*Id*. at 49; *see also id*. at 53 (providing exclusion form).) Providence's proposed notice uses the same description of the lawsuit and purpose of the inquiry as Plaintiffs', and invites the recipient to complete and return

---

[5] There is nothing before the court to indicate that Gilbert meets the requirements of a "business associate" under HIPAA's implementing regulations or authorized party under the UHCIA. (*See generally* Joint Statement); 45 C.F.R § 160.103; RCW 70.02.050(1)(b).

[6] Plaintiffs propose two alternative notice forms (*see* Joint Statement, Exs. A-1, Pls. Not.), but Plaintiffs' first proposed notice (*id.* at Ex. A-1) would only be used if the court were to appoint Gilbert as a business associate of Providence (*see id.* at 29). Because the court rejects this request (*see supra* § III.C.1), it only reviews Plaintiffs' second proposed notice (Pls. Not.).

[7] The court uses the page numbers in the CM/ECF header when citing to the pages in the parties' exhibits.

ORDER - 10

an information form or submit one online. (*See id.*, Ex. B ("Providence Not.").) Both parties' information forms seek the same information. (*See id.* at 51, 59-60.)

The court selects Providence's proposed notice form because it provides only the necessary information and best serves the procedures set forth above. (*See supra* § III.C.1.) Plaintiffs' description of the settlement between Providence, Washington State, and the United States Department of Justice is irrelevant to the task at hand and need not appear in the notice. (*See* Pls. Not.) Plaintiffs' proposed follow-up call procedure is both unnecessary to this limited jurisdictional inquiry and impractical, because Gilbert will not have access to proposed class members' contact information. (*See id.*; *see also supra* § III.C.1 (declining to grant Gilbert access to proposed class members' PHI, including contact information).) For the same reasons, the court rejects Plaintiffs' proposed "opt-out" procedure. (*See* Pls. Not. at 48-49, 53.) The court therefore ADOPTS Providence's proposed notice. The court further DIRECTS Plaintiffs and MultiCare to create and file on the docket a notice for the MultiCare Proposed Class that replaces references to Providence and its healthcare facilities with references to MultiCare and its facilities, but is otherwise identical to Providence's proposed notice.

3. <u>The Parties Must Complete Jurisdictional Discovery in Three Months.</u>

Providence proposes a three-month timeline to complete jurisdictional discovery, consistent with this court's prior deadline in its March 17, 2023 order. (*See* Joint Statement at 33-34 (citing 3/17/23 Order).) Plaintiffs do not identify a specific deadline but reject Providence's suggested three-month timeline and ask the court to impose "checkpoints." (*Id.* at 32-33.) The court ORDERS the parties to complete jurisdictional

discovery by no later than **October 20, 2023**. The court further ORDERS the parties to submit a joint status report describing the progress of the notice process and raising any concerns to the court by no later than **September 5, 2023**.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part MultiCare's motion to quash (Dkt. # 90) and ORDERS the parties and MultiCare to engage in jurisdictional discovery pursuant to the terms set forth in this order. The parties submit a joint status report on **September 5, 2023** and must complete the jurisdictional discovery process by **October 20, 2023**. The court DENIES Plaintiffs' motion to strike (Dkt. # 101). The court ORDERS Plaintiffs and MultiCare to enter a protective order and file a copy of a notice form for the Proposed MultiCare Class on the docket by no later than **August 4, 2023**.

Dated this 24th day of July, 2023.

JAMES L. ROBART
United States District Judge