UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLINE ANGULO, et al., | CASE NO. C22-0915JLR |
| Plaintiffs, | ORDER |
| v. | |
| PROVIDENCE HEALTH AND SERVICES - WASHINGTON, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is Plaintiffs' motion for leave to file an amended motion to remand and to set an expedited briefing schedule for the same. (Mot. (Dkt. # 154); Reply (Dkt. # 159).)  Defendants Providence Health & Services – Washington ("Providence"), Dr. Jason Dreyer, DO, Jane Doe Dreyer, Dr. Daniel Elskens, DO, and Jane Doe Elskens (collectively, "Defendants") oppose Plaintiffs' motion. (Resp. (Dkt. # 157); *see* Dreyer Joinder (Dkt. # 156) (joining in Providence's opposition); Elskens Joinder (Dkt. # 158)

ORDER - 1

1  (same).)  The court has considered the motion, the parties' filings in support of and in
2  opposition to the motion, the relevant portions of the record, and the governing law.
3  Being fully advised, the court GRANTS Plaintiffs' motion for leave to file an amended
4  motion to remand and DENIES their request to set an expedited briefing schedule.

## II.   RELEVANT BACKGROUND

6  Plaintiffs originally filed this proposed class action in King County Superior Court
7  in May 2022.  (*See* Compl. (Dkt. # 1-4) at 53; *see also* 3/17/23 Order (Dkt. # 66) at 2-4
8  (setting forth the general background of this action).)  Providence timely removed the
9  action to this court on June 30, 2022, alleging that removal was proper under the Class
10 Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (*See* Not. of Removal (Dkt. # 1)
11 ¶¶ 4-19.)

12 Plaintiffs filed their original motion to remand on July 28, 2022, and the motion
13 was fully briefed by August 19, 2022.  (MTR (Dkt. # 32); *see* MTR Resp. (Dkt. # 42);
14 MTR Reply (Dkt. # 44).)  On March 17, 2023, the court denied the motion to remand
15 without prejudice because it was unable to evaluate whether any exception to CAFA
16 jurisdiction applied absent information about the citizenship of the members of Plaintiffs'
17 proposed classes.  (3/17/23 Order at 8-12.)  Accordingly, the court ordered the parties to
18 conduct jurisdictional discovery regarding the citizenship of the proposed class members
19 by no later than July 31, 2023; granted Plaintiffs leave to file a renewed motion to
20 remand after jurisdictional discovery was complete; and ordered the parties to brief a plan
21 for ascertaining the citizenship of Plaintiffs' proposed class of patients of non-party

MultiCare Health System ("MultiCare").  (*Id.* at 16; *see* Am. Compl. (Dkt. # 31) ¶¶ 6.2.1-.3) (setting forth Plaintiffs' proposed class definitions).)

After Providence moved for reconsideration of the March 17, 2023 order, the court directed Plaintiffs to respond to the motion and stayed jurisdictional discovery.  (*See* Recons. Mot. (Dkt. # 69); 4/13/23 Order (Dkt. # 71); Recons. Resp. (Dkt. # 75); *see also* Recons. Reply (Dkt. # 77).)  On May 15, 2023, the court granted in part and denied in part Providence's motion for reconsideration; modified its March 17, 2023 order "to ensure jurisdictional discovery complies with [Washington's Uniform Health Care Information Act]"; vacated the deadlines set in the March 17, 2023 order; and ordered the parties to meet and confer regarding a plan for completing jurisdictional discovery.  (*See generally* 5/15/23 Order (Dkt. # 79).)  On June 21, 2023, MultiCare filed a motion to quash (MTQ (Dkt. # 90)), and the parties filed a joint statement regarding their progress on developing a plan for jurisdictional discovery (6/21/23 Joint Stmt. (Dkt. # 92)).

On July 24, 2023, the court granted in part and denied in part MultiCare's motion to quash; set forth a detailed jurisdictional discovery plan based on the parties' joint statement; and ordered the parties to complete jurisdictional discovery by no later than October 20, 2023.  (*See generally* 7/24/23 Order (Dkt. # 103).)  On that deadline, the third-party administrator of the jurisdictional discovery plan filed a declaration in which it disclosed its findings regarding the citizenship of Plaintiffs' proposed classes.  (*See generally* Garr Decl. (Dkt. # 111).)

Plaintiffs did not renew their motion to remand after the third-party administrator filed its declaration.  (*See generally* Dkt.)  Instead, on November 21, 2023, they filed an

ORDER - 3

unopposed motion to amend their complaint in which they noted that "jurisdiction remains unresolved." (MTA (Dkt. # 116) at 8; *see* Stip. Mot. (Dkt. # 126) at 2 (noting Defendants' non-opposition to amendment).) Then, on November 22, 2023, Plaintiffs filed a motion for class certification "despite the lack of a decision yet on jurisdiction" and asked the court to exercise its plenary authority to decide the motion. (MTC (Dkt. # 118) at 3-4.) On December 11, 2023, the court granted Plaintiffs' motion for leave to file their third amended complaint and the parties' stipulated motion to extend the deadline for Defendants to file their response to Plaintiffs' motion for class certification to January 12, 2024. (12/11/23 Order (Dkt. # 127).)

Plaintiffs filed their third amended complaint on December 18, 2023. (3d Am. Compl. (Dkt. # 129).) On December 29, 2023, they filed an amended motion for class certification that reflected the changes in their third amended complaint. (*See generally* Am. MTC (Dkt. # 132).) Plaintiffs again noted in their motion that they were moving for class certification "despite the lack of a decision yet on jurisdiction." (*Id.* at 4.)

On January 12, 2024, Providence filed a combined cross-motion to strike class allegations and response to Plaintiffs' amended motion for class certification, in which it argued that the court should exercise jurisdiction over this action because Plaintiffs did not file a motion to remand after jurisdictional discovery was complete and because the jurisdictional discovery revealed that the CAFA exceptions did not apply. (*See* Cross-Mot. (Dkt. # 136) at 8-9.) In their January 31, 2024 response to Providence's cross-motion, Plaintiffs argued that they did not waive jurisdictional challenges and asserted that they had not yet filed a renewed motion to remand because they believed

that they were subject to futher directions from the court. (Cross-Mot. Resp. (Dkt. # 145) at 15.) Plaintiffs asked the court to "rule that jurisdiction has not been waived" and "grant leave for Plaintiffs to renew their Motion for Remand, and/or make clear whether that leave was granted in the earlier March 17, 2023 order, and/or set a briefing schedule to resolve the same." (*Id.*) Briefing on the parties' cross-motions for class certification and to strike class allegations was complete on February 20, 2024. (*See* Resp. to Surreply (Dkt. # 153).)

Plaintiffs filed the instant motion for leave to file an amended motion to remand on March 7, 2024. (Mot.) Defendants timely responded on March 18, 2024, and Plaintiffs filed a timely reply on March 22, 2024. (Resp.; Reply.) The motion is now ripe for decision.

### III. ANALYSIS

Plaintiffs move the court for leave to file an amended motion to remand that incorporates the results of jurisdictional discovery. (Mot. at 1, 4-5.) They assert that they did not file an amended motion for remand after the completion of jurisdictional discovery because they believed that the court would provide the parties further direction about resolving the outstanding jurisdictional issues. (*Id.* at 3-5.) Providence counters that Plaintiffs waived their right to raise the CAFA exceptions by unreasonably delaying filing a renewed motion to remand or by engaging in "affirmative conduct" in this court. (Resp. at 3-6.)

1    "A plaintiff may waive the right to remand by (1) failing to file a timely motion to
2    remand on a non-jurisdictional defect, *see* 28 U.S.C. § 1447(c), or (2) engaging in
3    affirmative conduct suggesting a waiver of the right to remand." *SWC Inc. v. Elite*
4    *Promo Inc.*, 234 F. Supp. 3d 1018, 1023 (N.D. Cal. 2017) (citing *Owens v. Gen.*
5    *Dynamics Corp.*, 686 F. Supp. 827, 830 (S.D. Cal. 1988)). Courts find waiver through
6    failure to file a timely remand motion when the plaintiff fails to file the motion "in a
7    reasonable time" after removal. *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d
8    906, 915 (N.D. Cal. 2016) (citing *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 142 (2d Cir.
9    2013); and *Graphic Commc'ns Loc. 1B Health & Welfare Fund A v. CVS Caremark*
10   *Corp.*, 636 F.3d 971, 975-76 (8th Cir. 2011)).[1] Courts find waiver through conduct when
11   a plaintiff "engage[s] in the type of post-removal conduct that constitutes 'affirmative
12   conduct or unequivocal assent of a sort which would render it offensive to fundamental
13   principles of fairness to remand.'" *SWC Inc.*, 234 F. Supp. 3d at 1023 (quoting *Owens*,
14   686 F. Supp. at 830, and compiling cases)).

15   The court concludes that Plaintiffs have not waived their right to renew their
16   motion to remand. As noted, Providence removed this case on June 30, 2022. (*See*
17   *generally* Not. of Removal.) Plaintiffs first raised the CAFA exceptions in their timely
18   July 2022 motion to remand—a fact that sets this matter apart from the cases Providence
19   cites in its brief. (*See* Resp. at 4-5 (citing *Gold*, 730 F.3d at 142-43 (affirming district
20   court's finding that a three-year delay in moving to dismiss based on a CAFA exception

---

[1] The Ninth Circuit has not yet considered this issue. *See Garza*, 178 F. Supp. 3d at 915 (so noting).

was not unreasonable in light of the discovery schedule and course of litigation in that case); *Garza*, 178 F. Supp. 3d at 915 (holding plaintiffs' motion to remand filed 173 days after removal was not untimely); *Duran v. Sephora USA, Inc.*, No. 17-cv-01261-WHO, 2017 WL 3453362, at *4 (N.D. Cal. Aug. 11, 2017) (holding that a 107-day delay in moving to dismiss based on a CAFA exception was not unreasonable); *Yem, Inc. v. Gilbarco, Inc.*, No. CV 11-2496 PA (AJWx), 2011 WL 13220409, at *3 (C.D. Cal. Nov. 15, 2011) (holding that a four-month delay in raising the applicability of a CAFA exception after removal was unreasonable)).) It was not until March 2023 that the court denied Plaintiffs' motion to remand without prejudice and with leave to renew the motion after jurisdictional discovery. The plan for conducting jurisdictional discovery was not in place until July 2023, and discovery was not complete until late October 2023. In November 2023, just over a month after the end of jurisdictional discovery, Plaintiffs flagged that jurisdiction remained unresolved in their motion to amend and original motion to certify. They again noted that jurisdiction remained unresolved in their amended motion to certify and in their briefing on the parties' cross-motions; indeed, on January 31, 2024, Plaintiffs asked the court—albeit not in a separate motion[2]—for leave to file a renewed motion to remand. This course of conduct, in the court's view, reflects neither an unreasonable delay in seeking remand nor affirmative conduct amounting to

---

[2] Plaintiffs are reminded that "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). Except for motions to strike material contained in motions or briefs, the court will not consider requests for affirmative relief made for the first time in a response or reply brief. *See* Local Rules W.D. Wash. LCR 7(g).

waiver. Therefore, the court GRANTS Plaintiffs' motion for leave to file an amended motion for remand.

### IV. CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' motion for leave to file an amended motion for remand (Dkt. # 154) but DENIES their request to set an expedited briefing schedule. Plaintiffs shall file their amended motion to remand by no later than April 4, 2024, and shall note it in accordance with this District's local rules. *See* Local Rules W.D. Wash. LCR 7(d)(3) (setting the default briefing schedule for motions to remand).[3] The Clerk is DIRECTED to renote Plaintiffs' amended motion for class certification (Dkt. #132) and Defendants' cross-motion to strike class allegations and opposition to Plaintiffs' motion for class certification (Dkt. # 136) for April 26, 2024.

Dated this 25th day of March, 2024.

JAMES L. ROBART
United States District Judge

---

[3] This order does not prohibit the parties from filing a stipulation and proposed order setting an agreed briefing schedule for Plaintiffs' amended motion to remand.