UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLINE ANGULO, et al., | CASE NO. C22-0915JLR |
| Plaintiffs, | ORDER |
| v. | |
| PROVIDENCE HEALTH AND SERVICES - WASHINGTON, et al., | |
| Defendants. | |

Before the court is Plaintiffs'[1] amended motion to remand. (Mot. (Dkt. # 163); Reply (Dkt. # 167); *see* 3/25/24 Order (Dkt. # 160) (granting Plaintiffs' motion for leave to file an amended motion to remand).) Defendants Providence Health & Services – Washington ("Providence"), Dr. Jason Dreyer, DO, Jane Doe Dreyer, Dr. Daniel Elskens, DO, and Jane Doe Elskens (collectively, "Defendants") oppose Plaintiffs' motion. (Resp.

---

[1] Plaintiffs are Caroline Angulo, Eric Keller, Eben Nesje, Kirk Summers, Christine Bash, Raymond Sumerlin Jr., MaryAnn Sumerlin, Martin Whitney, and Sherryl Whitney. (3d Am. Compl. (Dkt. # 129) ¶¶ 2.2-2.8.)

ORDER - 1

(Dkt. # 164); *see* Dreyer Joinder (Dkt. # 165) (joining in Providence's opposition); Elskens Joinder (Dkt. # 166) (same).) For the reasons set forth below, the court ORDERS Providence to submit supplemental briefing.

Plaintiffs move the court to remand this matter to King County Superior Court under the discretionary home-state exception to jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(3). (*See generally* Mot.[2]) To qualify for that exception, Plaintiffs bear the burden to establish by a preponderance of the evidence that "greater than one-third but less than two-thirds of the members of all proposed classes in the aggregate *and the primary defendants*" are citizens of Washington. 28 U.S.C. § 1332(d)(3) (emphasis added).

In its opposition to Plaintiffs' motion, Providence argues—for the first time in this litigation—that the discretionary home-state exception is unavailable to Plaintiffs because Dr. Elskens is a primary defendant but is not a citizen of Washington. (Resp. at 9-10 (citing Am. Elskens Answer (Dkt. # 134) ¶ 2.15 ("Dr. Elskens is not currently a resident of Washington.")).) In reply, Plaintiffs urge the court to find that Providence waived its right to raise this argument now because it failed to raise it in its response to Plaintiffs' original motion to remand. (Reply at 6-8.) Indeed, Plaintiffs argued in their original motion that they met the "primary defendants" requirement because all three Defendants were alleged to be citizens of Washington and Providence "certainly qualifies

---

[2] Plaintiffs concede that they do not qualify for the two mandatory exceptions to CAFA jurisdiction based on the results of jurisdictional discovery. (*See* Mot. at 10); 28 U.S.C. § 1332(d)(4).

as a primary defendant."  (1st MTR (Dkt. # 32) at 9.)  In response, Providence did not even mention the term "primary defendant," let alone argue that the home-state exceptions could not apply because Dr. Elskens was a primary defendant who was not a citizen of Washington.  (*See generally* 1st MTR Resp. (Dkt. # 42).)  Providence did, however, address Plaintiffs' argument that the 28 U.S.C. § 1332(d)(3)(A)-(F) factors favored remand under the discretionary home-state exception.  (1st MTR Resp. at 11-12; *see* 1st MTR at 10-12.)

Because Plaintiffs raised their waiver argument in their reply, Providence did not have an opportunity to respond to it.  *See* Local Rules W.D. Wash. LCR 7(g) (authorizing surreplies only for the purpose of moving to strike material contained in or attached to a reply brief).  Therefore, the court ORDERS Providence to show cause, by no later than **Friday, May 24, 2024**, why the court should not find that it waived its argument that Dr. Elskens is a primary defendant who is not a Washington citizen by failing to assert it earlier in this litigation.  Providence's response shall be limited to 2,100 words in length.  Plaintiffs may file an optional reply, limited to 1,050 words in length, by no later than **Friday, May 31, 2024**.  The Clerk is DIRECTED to renote Plaintiffs' amended motion to remand (Dkt. # 163), Plaintiffs' motion for class certification (Dkt. # 132); and Providence's cross-motion to strike class allegations (Dkt. # 136) for May 31, 2024.

Dated this 16th day of May, 2024.

JAMES L. ROBART
United States District Judge