UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLINE ANGULO, et al., | CASE NO. C22-0915JLR |
| Plaintiffs, | ORDER |
| v. | |
| PROVIDENCE HEALTH & SERVICES – WASHINGTON, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is Plaintiffs Caroline Angulo, Eric Keller, Christine Bash, Raymond Sumerlin, Jr., Maryann Sumerlin, Martin Whitney, and Sherryl Whitney's (collectively, "Plaintiffs") motion for sanctions. (Mot. (Dkt. # 174); Reply (Dkt. # 181).) Defendants Providence Health & Services – Washington ("Providence"), Dr. Jason A. Dreyer, D.O., and Jane Doe Dreyer, oppose Plaintiffs' motion. (Providence Resp. (Dkt. # 177); Dreyer Resp. (Dkt. # 179).) Counsel for Defendants Dr. Daniel Elskens, D.O.

ORDER - 1

and Jane Doe Elskens filed a declaration opposing the motion.  (Van Wert Decl. (Dkt. # 180).)  The court has carefully considered the motion, the parties' submissions, the relevant portions of the record, and the applicable law.  Being fully advised,[1] the court DENIES Plaintiffs' motion for sanctions.

## II.   BACKGROUND

In its opposition to Plaintiffs' amended motion to remand, Providence argued, for the first time since this litigation began in 2022, that remand based on the discretionary home-state exception to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(3), was foreclosed because Dr. Elskens is a primary defendant but is not a citizen of Washington.  (*See* 5/16/24 Order (Dkt. # 169) at 2; *see also* Am. Remand Mot. (Dkt. # 163); Am. Remand Resp. (Dkt. # 164) at 9-10.)  The court ordered Providence to show cause why the court should not find that it waived its primary defendant argument by failing to assert it earlier in this litigation.  (5/16/24 Order at 3.)  In its response, Providence argued that it did not waive the argument because Plaintiffs bore the burden to prove that the exception applied.  (OSC Resp. (Dkt. # 170) at 2-3, 5.)

After briefing was complete on the show cause order, the court denied Plaintiffs' amended motion to remand.  (6/5/24 Order (Dkt. # 173).)  Noting its frustration with Providence and Dr. Elskens' failure to raise the primary defendant argument earlier in the litigation, the court observed that if Defendants had raised the issue in response to

---

[1] Plaintiffs request oral argument (*see* Mot. at 1), but the court determines that oral argument would not be helpful to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

Plaintiffs' original motion to remand, the scope of jurisdictional discovery would have been limited to determining whether remand was appropriate under the local controversy exception to CAFA jurisdiction. (*See id.* at 8-9 (citing 28 U.S.C. § 1332(d)(4)(A)).) Thus, Plaintiffs' motion for leave to file an amended motion to remand would have been unnecessary because jurisdictional discovery revealed that fewer than two-thirds of the class members in the aggregate are citizens of Washington. (*See id.* at 9 (citing 28 U.S.C. § 1332(d)(4)(A)); *see also* Mot. for Leave (Dkt. # 154).) Furthermore, if Providence and Dr. Elskens had raised the primary defendant argument in opposition to Plaintiffs' motion for leave to file an amended motion to remand, the parties could have avoided briefing the amended motion to remand. (6/5/24 Order at 9.) The court admonished Defendants that their "failure to raise the primary defendant issue in response to Plaintiffs' original motion to remand has wasted the court's time and resources; delayed the progress of this litigation; and caused the parties to incur costs and attorneys' fees that they otherwise would not have faced." (*Id.*)

Despite its frustration, the court concluded that Providence did not waive the primary defendant argument. (*Id.* at 9-10.) Because Plaintiffs failed to show that all of the primary defendants in this action are citizens of Washington as required to satisfy the discretionary home-state exception, the court denied the motion to remand. (*Id.* at 10-13.) Plaintiffs' motion for sanctions soon followed. (*See generally* Mot.)

### III.    ARGUMENT

Plaintiffs assert that sanctions are appropriate under the court's inherent authority and 28 U.S.C. § 1927 because Defendants—and Providence in particular—have engaged

in "misuse of judicial process," resulting in nearly two years of delay. (*Id.* at 2.) They argue that Defendants' failure to raise the primary defendant argument earlier in the litigation is part of a pattern of delay that includes such conduct as "repeatedly invok[ing]" Federal Rule of Civil Procedure 26(d)(1) "to justify [Defendants'] refusal to provide merits discovery to Plaintiffs while delaying a resolution of the remand issues." (*Id.* at 6); *see* Fed. R. Civ. P. 26(d)(1) (providing that, with some exceptions, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)"). Plaintiffs ask the court to (1) award them attorney's fees and costs reasonably related to the delay allegedly caused by Defendants, including costs incurred in completing jurisdictional discovery; (2) "address the issue of class certification expeditiously"; and (3) grant them leave to "initiate expedited discovery immediately and unilaterally over the next ninety days, without regard to . . . Rule 26(d)(1)." (*Id.* at 2, 11.)

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). To impose sanctions pursuant to its inherent powers, "a district court must find either: (1) a willful violation of a court order; or (2) bad faith." *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021). A finding of willfulness "does not require proof of mental intent . . . but rather, it is enough that a party acted deliberately." *Id.* Bad faith "sets a high threshold,"

ORDER - 4

*Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997), and "requires proof of bad intent or improper purpose," *Rousseau*, 985 F.3d at 1090.

The court also has statutory authority to require "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "The key term in the statute is 'vexatiously'; carelessly, negligently, or unreasonably multiplying the proceedings is not enough." *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010). Thus, "[c]ourts wishing to impose sanctions under § 1927 must make a finding that the attorney to be sanctioned acted with 'subjective bad faith.'" *Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1153 (9th Cir. 2024) (quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989)).

The court declines to sanction Defendants under either its inherent power or § 1927. Although it expressed frustration that Defendants failed to raise the primary defendant argument earlier in this litigation, the court cannot find that Defendants' conduct was willful, in bad faith, or done for the purpose of unreasonably and vexatiously multiplying the proceedings in this matter. Rather, the court concludes that Defendants' failure to timely argue that Dr. Elskens was a primary defendant but not a Washington resident was, at most, careless or negligent.

The court disagrees with Plaintiffs' assertion that Providence has engaged in a sanctionable pattern of delay. Although Plaintiffs now accuse Providence of intentionally delaying this matter, Providence has, in the past, accused *Plaintiffs* of unreasonably

delaying proceedings by failing to promptly move for remand after jurisdictional discovery.  (*See, e.g.*, Cert. Mot. Resp. (Dkt. # 136) at 9 (noting that Plaintiffs had not filed a motion to remand nearly three months after the completion of jurisdictional discovery); Mot. for Leave Resp. (Dkt. # 157) at 1 (arguing that Plaintiffs had "no excuse for waiting months after completion of jurisdictional discovery" to seek leave to renew their motion to remand).)  The court itself has twice delayed the beginning of formal discovery in the interest of case management.  (*See* 8/30/22 Min. Entry (delaying entry of an initial scheduling order until after the court decided the motion to remand); 3/17/23 Order (Dkt. # 66) at 16 (denying Plaintiffs' motion for leave to conduct discovery without prejudice).)  Thus, having reviewed the record before it, the court denies Plaintiffs' motion for sanctions.

## IV.   CONCLUSION

For the foregoing reasons, the court DENIES Plaintiffs' motion for sanctions (Dkt. # 174).

Dated this 9th day of July, 2024.

_____
JAMES L. ROBART
United States District Judge