UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLINE ANGULO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE HEALTH AND SERVICES - WASHINGTON, et al.,<br><br>Defendants. | CASE NO. C22-0915JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Plaintiffs' motion for reconsideration of the court's August 9, 2024 order, in which the court denied Plaintiffs' motion for class certification, granted Defendant Providence Health and Services – Washington's ("Providence") motion to strike class allegations, and granted Plaintiffs leave to file a fourth amended complaint. (MFR (Dkt. # 186); *see* 8/9/24 Order (Dkt. # 184).) Plaintiffs ask the court to modify its order to (1) defer ruling on the motion for class certification rather than deny it; and

ORDER - 1

1 | (2) clarify that the court did not intend to end equitable tolling pursuant to *American Pipe*
2 | *& Construction Company v. Utah*, 414 U.S. 538 (1974).[1]  (*See generally* MFR; *see also*
3 | Prop. Order (Dkt. # 186-1).)  They "do not ask the [c]ourt to revisit the substantive merits
4 | of any matters on which it has already ruled." (MFR at 2.)  The court ordered Defendants
5 | Providence, Dr. Jason A. Dreyer, D.O., Jane Doe Dreyer, Dr. Daniel Elskens, D.O., and
6 | Jane Doe Elskens (together with Providence, "Defendants") to respond to Plaintiffs'
7 | motion and granted Plaintiffs leave to file an optional reply.  (8/23/23 Order (Dkt.
8 | # 188)); Local Rules W.D. Wash. LCR 7(h)(3) (providing that "[n]o response to a motion
9 | for reconsideration shall be filed unless requested by the court" and "[n]o motion for
10 | reconsideration will be granted without such a request").  Briefing is now complete. (*See*
11 | MFR Resp. (Dkt. # 190); Dreyer Joinder (Dkt. # 191); Elskens Joinder (Dkt. # 192);
12 | MFR Reply (Dkt. # 195).)  The court has considered the parties' submissions, the
13 | relevant portions of the record, and the governing law.  Being fully advised, the court
14 | GRANTS Plaintiffs' motion for reconsideration in part and CLARIFIES that it did not
15 | intend its prior order to affect the tolling of the statutes of limitations for the claims of
16 | Plaintiffs and absent class members.
17 | //
18 | //
19 |
20 | [1] Plaintiffs also asked the court, "to the extent that Plaintiffs [did] not file a fourth amended complaint by August 30, 2024, . . . [to] toll[] the statute of limitations under *American Pipe* until Thursday, October 31, 2024, to allow unnamed class members an opportunity to bring individual cases and [order] that notice to those individuals be sent." (Prop. Order (Dkt. # 186-1) at 3.)  Because Plaintiffs filed a timely fourth amended complaint, the court considers this request moot. (*See* 4th Am. Compl. (Dkt. # 189).)

ORDER - 2

## II.     ANALYSIS

Plaintiffs ask the court to reconsider the language in its August 9, 2024 order denying their motion for class certification and granting Providence's motion to strike class allegations.  (MFR at 1.)  They ask the court to modify its order so that it instead "'defers' ruling [on the motions] pending Plaintiffs' filing of the[ir] Fourth Amended Complaint." (*Id.*)  They seek to "avoid an unintended consequence of disrupting the tolling of the statute of limitations under *American Pipe* pending the filing of a Fourth Amended Complaint." (*Id.* at 2.)  Plaintiffs assert it is necessary to clarify that the court did not intend to end the tolling of any statutes of limitations because "there is a split in the circuits as to whether a denial of a class certification motion results in the lifting of the tolling of the statute of limitations implemented in *American Pipe*." (*Id.* at 3.)

"Motions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."  Local Rules W.D. Wash. LCR 7(h)(1); *see also id.* LCR 7(h)(2) (requiring the motion to "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court" and "any new matters being brought to the court's attention for the first time").  "Reconsideration is an extraordinary remedy," and the moving party bears a "heavy burden." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

The court declines to modify the language of its August 9, 2024 order.  Plaintiffs have not met their burden to show manifest error and have not identified new facts or

legal authority that they could not have brought to the court earlier. Indeed, Plaintiffs do not seek reconsideration of the court's substantive rulings, and although Plaintiffs presumably could have raised their concerns about *American Pipe* tolling in their briefing on the motions for class certification and to strike class allegations, they did not do so.

Nevertheless, the court clarifies that it did not intend by its August 9, 2024 order to abrogate any tolling that might be available under applicable tolling principles. The court further clarifies its intent to deny the motion for class certification without prejudice and grant Plaintiffs leave to file a fourth amended complaint to allow them an opportunity to address the issues identified in the August 9, 2024 order. (*See, e.g.*, 8/9/24 Order at 16-17 (granting leave to amend, "to allege, if possible, proposed class definitions that are not fail safe" and proceeding to consider Rules 23(a) and (b) "to provide Plaintiffs guidance as they redefine their proposed classes").) In so clarifying, the court takes no position on whether *American Pipe* tolling in fact applies to toll the statutes of limitations for the claims of Plaintiffs and the absent class members.

## III. CONCLUSION

For the foregoing reasons, the court GRANTS IN PART Plaintiffs' motion for reconsideration (Dkt. # 186) and clarifies that it did not intend its August 9, 2024 order to

//

//

//

//

//

abrogate any tolling that might be available to Plaintiffs under applicable tolling principles.

Dated this 9th day of September, 2024.

_____
JAMES L. ROBART
United States District Judge